1 | GAIL C. TRABISH, ESQ. (#103482)
HEATHER A. GLADSTONE, ESQ. (#238517)
2 | BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
3 | 555 12th Street, Suite 1800
P. O. Box 12925
4 | Oakland, CA  94604-2925
Telephone: (510) 834-4350
5 | Facsimile: (510) 839-1897

6 | Attorneys for Defendant
TARGET STORES, a division
7 | of Target Corporation

8

9 | UNITED STATES DISTRICT COURT

    NORTHERN DISTRICT OF CALIFORNIA

10

11 | DYLAN LAMM, a minor by and through his )   Case No.:
    guardian ad litem MARY CATHERINE )
12 | DOHERTY; and KEVIN LAMM, )   [Sonoma County Case No.:  SCV 241318]
    )
13 |           Plaintiffs, )   **PETITION FOR REMOVAL OF**
    )   **ACTION PURSUANT TO 28 U.S.C.**
14 | vs. )   **§1441(b) [DIVERSITY]**
    )
15 | BUMBO, BUMBO LIMITED, BUMBO )
    (PTY) LTD.; TARGET CORPORATION; )
16 | and DOES 1 to 20, )   Complaint Filed:      August 16, 2007
    )
17 |           Defendants. )
    )
18 | _____ )

19 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20 |          PLEASE TAKE NOTICE that defendant TARGET STORES, a division of Target

21 | Corporation (hereinafter "TARGET"), hereby removes to this Court the state court action

22 | described below.

23 | **JURISDICTION**

24 |          1.      Defendant TARGET is informed and believes that plaintiffs Dylan Lamm, a minor

25 | by and through his guardian ad litem Mary Catherine Doherty and Kevin Lamm are citizens of the

26 | State of California, and were at the time of the filing of the Complaint and this Notice of Removal.

27 |          2.      Defendant TARGET is a Minnesota Corporation, whose principal place of business

28 | is Roseville, Minnesota.

-1-

1    3.    Target is informed and believes that Bumbo, Bumbo Limited and Bumbo (PTY)

2  Ltd. is a corporation whose principal place of business is in South Africa.

3    4.    TARGET is a publicly held corporation whose chairman and chief executive officer

4  is Bob Ulrich.

5    5.    Defendant TARGET is not a citizen of the state in which this action is pending.

6    6.    The matter in controversy exceeds the sum of $75,000.00, exclusive of interest,

7  attorneys' fees and costs.

8    7.    This court has jurisdiction by virtue of 28 U.S.C. §1332 and 28 U.S.C. §1441(b).

9                              **GROUNDS FOR REMOVAL**

10    8.    On August 16, 2007, a civil action was commenced in the Sonoma County Superior

11  Court, Unlimited Jurisdiction, of the State of California, entitled *Dylan Lamm, a minor by and*

12  *through his guardian ad litem Mary Catherine Doherty; and Kevin Lamm v. Bumbo, Bumbo*

13  *Limited, Bumbo (Pty) Ltd.; Target Corporation; and Does 1 to 20,* Action No. SCV 241318.  A

14  true and correct copy of the Complaint is attached hereto and marked as **Exhibit A**.  In said action,

15  it is generally alleged that plaintiffs sustained injuries while using a Bumbo baby sitter.

16    9.    Defendant TARGET has not yet filed an answer to plaintiff's unverified complaint.

17    10.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, and

18  the complaint is one which may be removed to this Court by defendant TARGET pursuant to the

19  provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states, and

20  the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

PETITION FOR REMOVAL – [Sonoma County Case No.:  SCV 241318]

1    Based on the foregoing, defendant TARGET respectfully requests that this Court accept

2 removal of this action.

3

DATED:  September 18, 2007

4

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

5

6

By: _____

7

GAIL C. TRABISH, ESQ.
Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

8

9 GCT01\414500

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**EXHIBIT  A**

ENDORSED
FILED

AUG 1 6 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1 | Donald S. Edgar, Esq. (State Bar No. 139324)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
2 | Rex Grady, Esq. (State Bar No. 232236)
*EDGAR LAW FIRM*
3 | 408 College Avenue
Santa Rosa, CA  95401
4 | Telephone: (707) 545-3200
Facsimile:   (707) 578-3040

5

Attorneys for Plaintiffs

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SONOMA**

10

11 | DYLAN LAMM, a minor by and through his ) | CASE NO.: SON 241318
guardian ad litem MARY CATHERINE )
12 | DOHERTY; and KEVIN LAMM, )
) | **COMPLAINT FOR DAMAGES**
13 |             Plaintiffs, )
)
14 |     v. )
)
15 | )
BUMBO, BUMBO LIMITED, BUMBO ) | **DEMAND FOR JURY TRIAL**
16 | (PTY) LTD.; TARGET CORPORATION; )
and DOES 1 to 20, )
17 | )
            Defendants. )
18 | )
)
19 | )

20 |     Plaintiffs  DYLAN  LAMM  (through  his  guardian  ad  litem  MARY  CATHERINE

21 | DOHERTY) and KEVIN LAMM,  hereby submit their Complaint against Defendants, and allege

22 | as follows:

23 |                          **PARTIES TO THE ACTION**

24 |     1.     Plaintiff DYLAN LAMM (hereinafter "Plaintiff" or collectively with other Plaintiffs

25 | as "Plaintiffs"), is a minor child, who resides now, and at all times relevant to this Complaint, in the

26 | County of Sonoma, State of California. For purposes of this action, he is represented by his mother,

27 | MARY CATHERINE DOHERTY, who resides now, and at all times relevant to this Complaint, in

28 | the County of Sonoma, State of California.

1

# EXHIBIT A

)                                    )

1    2.    Plaintiff KEVIN LAMM (hereinafter "Plaintiff" or collectively with other Plaintiffs

2    as "Plaintiffs") is an adult, who is also the father of Plaintiff DYLAN LAMM, and who resides now,

3    and at all times relevant to this Complaint, in the County of Sonoma, State of California, with his

4    wife MARY CATHERINE DOHERTY, and their son DYLAN LAMM.

5    3.    Plaintiffs are informed and believe, and upon such information and belief allege that

6    Defendants BUMBO, BUMBO LIMITED, and BUMBO (PTY) LTD. (hereinafter collectively

7    referred to as "BUMBO") are now, and at all times herein mentioned were, companies existing under

8    the laws of the nation of South Africa, and are domiciled in the nation of South Africa, though doing

9    business in the State of California.

10    4.    Plaintiffs are informed and believe, and upon such information and belief allege, that

11    Defendant TARGET CORPORATION (hereinafter TARGET, or collectively with other Defendants

12    as "Defendants") is now, and at all times herein mentioned, was a corporation existing under the

13    laws of the State of Minnesota, and is domiciled in that State, though doing business in the State of

14    California, including the operation of stores in Sonoma County.

15    5.    The true names and capacities of Defendants sued as DOES 1 through 20, inclusive,

16    are presently unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that each

17    such Defendant is in some way responsible and liable for the events or happenings alleged in this

18    Complaint. Plaintiffs will amend this Complaint to allege their true names and capacities when

19    ascertained.

20    6.    Plaintiffs are informed and believe and thereon allege that at all times material herein

21    each fictitiously named Defendant, was either the true defendant or the agent and employee of each

22    other Defendant and in doing the things alleged herein, was acting within the scope and purpose of

23    such employment and/or agency and with the permission and consent of, and their actions were

24    ratified by, the other Defendants.

25                        **JURISDICTION AND VENUE**

26    7.    Venue in and jurisdiction by the Superior Court of Sonoma County over all causes

27    of action asserted in this Complaint is appropriate because Plaintiffs became injured within this

28    County and the product causing injury was sold within this County.

COMPLAINT                                          2

1    8.    This Court has jurisdiction over each Defendant named in this Complaint because

2  each Defendant is an individual having sufficient minimum contacts with California and the County

3  of Sonoma so as to render the exercise of jurisdiction by this Court permissible under traditional

4  notions of fair play and substantial justice.  Each one of the Defendants does business within the

5  State of California, including in the County of Sonoma.

6                                    **GENERAL ALLEGATIONS**

7    9.    The Defendant BUMBO, and DOES 1 through 10, are the manufacturer of a product

8  called the Bumbo Baby Sitter.  The Bumbo Baby Sitter is a product designed for use by infants.

9  Defendant BUMBO describes the product as "a revolutionary new concept...uniquely designed

10  according to the baby's posture to seat babies independently in an upright sitting position, from as

11  young as 3 months up to an age of approximately 14 months...thereby providing a snug and cozy

12  environment for your baby."

13    10.    In order to market its product, the South African based BUMBO entered into an

14  agency or licensing agreement with Defendant TARGET and DOES 11 through 10.  Pursuant to its

15  agreement with BUMBO, TARGET, and DOES 11 through 20, distribute the Bumbo Baby Sitter

16  to its retail stores throughout California and the United States.  The individual stores owned and

17  operated by TARGET then sell the Bumbo Baby Sitter to consumers through these retail stores.

18    11.    In May of 2007, Plaintiff KEVIN LAMM and his wife, Mary Catherine Doherty

19  received the Bumbo Baby Sitter as a gift.  This particular Bumbo Baby Sitter had been purchased

20  by a friend at a TARGET Store in Sonoma County.

21    12.    On May 23, 2007, Plaintiff KEVIN LAMM placed his six month old infant son,

22  DYLAN LAM, into the Bumbo Baby Sitter.  While seated in the Bumbo Baby Sitter, DYLAN

23  LAMM fell over and out of the Bumbo Baby Sitter, striking his head and other parts of his body on

24  the ground, and thereby sustaining severe, permanent, and nearly life-terminating injuries.

25                                    **FIRST CAUSE OF ACTION**

26                                **FOR STRICT PRODUCT LIABILITY**

27    13.    Plaintiffs incorporate the allegations asserted in paragraphs 1 through 12 of this

28  Complaint as though fully set forth in this First Cause of Action.

COMPLAINT                                                                3

)                                                    )

1    14.    At all times relevant to this complaint, Defendants BUMBO, TARGET, and DOES

2    1 through 20, inclusive, were in the business of designing, manufacturing, fabricating, marketing,

3    distributing, and selling the Bumbo Baby Sitter.

4    15.    Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, intended that

5    the Bumbo Baby Sitter would be used by members of the public, including Plaintiffs DYLAN

6    LAMM and KEVIN LAMM, and knew, or should have known, that members of the public,

7    including said Plaintiffs, would use the Bumbo Baby Sitter with the expectation and belief that it was

8    safe for its intended use and purpose and without inspecting it for defects.

9    16.    At the time that it was used by Plaintiff DYLAN LAMM, the Bumbo Baby Sitter

10    and/or its component parts were defective, unsafe and unreasonably dangerous for their intended use

11    and purpose in that, *inter alia*:

12    (i)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

13    fabricated, marketed, and/or sold, failed to incorporate material or other devices to

14    make the product more stable;

15    (ii)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

16    fabricated, marketed, and sold, did not incorporate or permanently attach a devise or

17    extension to make the product less prone to tipping, and less likely to permit an infant

18    such as Plaintiff DYLAN LAMM from falling out of it;

19    (iii)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

20    fabricated, marketed, and sold, did not provide adequate warnings of the dangers

21    associated with their use;

22    (iv)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

23    fabricated, marketed, and/or sold, was defective in its warnings;

24    (v)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

25    fabricated, marketed, and/or sold, not only failed to include adequate warnings that

26    it could tip or cause a baby to fall from it, but actually promoted its use in ways that

27    increased the dangers of injuries to babies caused by falling;

28    17.    As a direct and proximate result of the defects alleged herein, Plaintiff DYLAN

COMPLAINT                                                4

1  LAMM was hurt in his health, strength and activity, suffered severe injury to his body, including

2  significant brain trauma and cognitive impairment, all of which have caused, and continue to cause,

3  Plaintiff great mental, physical and nervous pain and suffering.  Plaintiff is informed and believes

4  and thereon alleges these injures will result in significant future and permanent disability.

5       18.    As a direct and proximate result of the defects alleged herein, Plaintiff KEVIN

6  LAMM suffered severe emotional distress.  More specifically, KEVIN LAMM suffered severe

7  emotional distress upon witnessing his son, DYLAN LAMM, fall out of the Bumbo Baby Sitter and

8  strike, head first, on the ground.  His emotional distress was compounded afterward upon learning

9  of the severity of his son's injuries, and caring for his son in his efforts to assist him in overcoming

10  the immediate effects of the injury his son sustained.

11      19.    By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through

12  20, inclusive, and each of them, are liable for, and Plaintiffs DYLAN LAMM and KEVIN LAMM

13  are entitled to recover of them, their general, special, actual and compensatory damages, including,

14  but not limited to, his necessary medical and related expenses, past, present and future lost earnings,

15  loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as

16  proven at time of trial.  The total amount of Plaintiffs' damages are presently unknown but is

17  reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

18                    **SECOND CAUSE OF ACTION**

19                       **FOR NEGLIGENCE**

20      20.    Plaintiffs incorporate the allegations asserted in paragraphs 1 through 19 of this

21  Complaint as though fully set forth in this Second Cause of Action.

22      21.    The Legislature of this State first declared in 1871 that "everyone is responsible, not

23  only for the result of his or her willful acts, but also for an injury occasioned to another by his or her

24  want of ordinary care or skill in the management of his or her property or person." Ordinary care,

25  in this State, is synonymous with reasonable care.  This standard, found in *Civil Code* § 1714,

26  continues to be the standard of care applicable to all persons living and doing business in California.

27      22.    Defendants BUMBO, TARGET, and DOES 1 through 20, were each bound to uphold

28  this duty of ordinary care in the design, manufacture, fabrication, marketing, and selling of the

1 | Bumbo Baby Sitter.

2 |     23.    Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, failed to exercise

3 | reasonable care in its design, manufacture, fabrication, marketing, and selling of the Bumbo Baby

4 | Sitter, such that they were dangerous and defective as alleged herein.

5 |     24.    As a direct and proximate result of the defects alleged herein, Plaintiff DYLAN

6 | LAMM suffered severe injury to his body, including significant brain trauma and cognitive

7 | impairment, which has caused, and continues to cause, Plaintiff great mental, physical and nervous

8 | pain and suffering. Plaintiff is informed and believes and thereon alleges these injures will result

9 | in significant future and permanent disability.

10 |     25.    As a direct and proximate result of the defects alleged herein, Plaintiff KEVIN

11 | LAMM suffered severe emotional distress. More specifically, KEVIN LAMM suffered severe

12 | emotional distress upon witnessing his son, DYLAN LAMM, fall out of the Bumbo Baby Sitter and

13 | strick, head first, on the ground. His emotional distress was compounded afterward upon learning

14 | of the severity of his son's injuries, and caring for his son in his efforts to assist him in overcoming

15 | the immediate effects of the injury his son sustained.

16 |     26.    By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through

17 | 20, inclusive, and each of them individually, are liable for, and Plaintiff DYLAN LAMM and

18 | KEVIN LAMM are entitled to recover from them, Plaintiffs' general, special, actual and

19 | compensatory damages, including, but not limited to, their necessary medical and related expenses,

20 | past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional

21 | and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs' damages

22 | are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit

23 | of this Court.

24 | **THIRD CAUSE OF ACTION**

25 | **FOR WRONGFUL INFLICTION OF EMOTIONAL DISTRESS**

26 |     27.    Plaintiffs incorporate the allegations asserted in paragraphs 1 through 26 of this

27 | Complaint as though fully set forth in this Third Cause of Action.

28 |     28.    At the time of the incident, Plaintiff KEVIN LAMM (the father of Plaintiff DYLAN

1   LAMM) was in close proximity to the injury-producing event at the time it occurred, and in fact

2   witnessed that event, and was then aware that the event caused injury to his son DYLAN LAMM.

3        29.    As a direct and proximate result thereof, and of Defendants BUMBO, TARGET, and

4   DOES 1 through 20, inclusive's acts and omissions, as previously alleged, Plaintiff KEVIN LAMM

5   has suffered, and continue to suffer, great emotional disturbance and shock which caused him

6   substantial physical and mental pain and suffering.

7        30.    The injury sustained by Plaintiff KEVIN LAMM was of such a nature as to be entirely

8   foreseeable to the Defendants BUMBO, TARGET, and DOES 1 through 20, should the Bumbo Baby

9   Sitter be designed, manufactured, marketed and/or sold in a defective manner (which, Plaintiffs

10  allege, it was).

11       31.    By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through

12  20, inclusive, and each of them, are liable for, and Plaintiff KEVIN LAMM is entitled to recover

13  from them, Plaintiff's general, special, actual and compensatory damages, including, but not limited

14  to, his necessary medical and related expenses, past, present and future lost earnings, loss of future

15  earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of

16  trial.  The total amount of Plaintiff KEVIN LAMM's damages are presently unknown but is

17  reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

18                                 **FOURTH CAUSE OF ACTION FOR**

19              **INJUNCTIVE RELIEF UNDER BUSINESS & PROFESSIONS**

20                                   **CODE SEC. 17200**

21       32.    Plaintiffs incorporate the allegations asserted in paragraphs 1 through 31 of this

22  Complaint as though fully set forth in this Fourth Cause of Action.

23       33.    The Legislature of California has prohibited any unlawful, unfair or fraudulent

24  business act or practice and unfair, deceptive, untrue or misleading advertizing.

25       34.    Unlawful acts or practices include those acts or practices that violate express statutes

26  or regulations or common law principals.

27       35.    Unfair acts or practices are those the utility of which is outweighed by the harm to

28  the alleged victim.

COMPLAINT          7

)                                                        )

1    36.    When an unlawful or an unfair act or practice is established, the Legislature of

2  California permits the issuing by a Court of competent jurisdiction of an injunction, to prohibit the

3  further commission of such act or practice.

4    37.    As alleged in the Plaintiffs First, Second and Third Causes of Action, the Defendants

5  have, through their various acts and omissions in connection with the design, manufacture, assembly,

6  marketing and sale of the Bumbo Baby Sitter, breached a standard of care that exists in the law of

7  this State, and which is affirmed in *Civil Code* § 1714, which is that all persons in this state owe a

8  duty of ordinary care to all other persons in this State not to cause them injury.  Violation of this

9  legal duty, with resultant injury, constitutes an unlawful act.

10    38.    As alleged in the Plaintiffs' First, Second and Third Causes of Action, the

11  Defendants, have through their various acts and omissions in connection with the design,

12  manufacture, marketing and sale of the Bumbo Baby Sitter, enriched themselves unfairly.  They have

13  sought the money of consumers in California in exchange for a product the use of which gives rise,

14  forseeably, to injury.  Any utility to such a product is far outweighed by the harm it poses, both

15  potential and real, to those in this State who would use it.

16    39.    Plaintiff DYLAN LAMM and KEVIN LAMM both suffered injuries that proximately

17  resulted from the acts and omissions of the Defendants in violation of *Business & Professions Code*

18  § 17200 et seq.

19    40.    Plaintiff seeks the issuance of an injunction to prohibit the Defendants from

20  continuing to distribute, market and sell the Bumbo Baby Sitter within the bounds of the State of

21  California, as permitted by *Business and Profession Code* § 17203.

22    41.    In the alternative, Plaintiff seeks the issuance of an injunction to prohibit the

23  Defendants from continuing to distribute, market and sell the Bumbo Baby Sitter within the bounds

24  of the State of California, as permitted by *Business and Profession Code* § 17203, without the

25  placement of greater, and explicit warnings concerning its use.

26    42.    Furthermore, because the enjoining of this unlawful and unfair business practice of

27  distributing, marketing and selling the Bumbo Baby Sitter would serve the best interests of the

28  public, and thus would represent the conferring of a public benefit, and the establishing of a policy

COMPLAINT                                              8

1  of protecting the public from a dangerous product, the Plaintiff is entitled to, and does seek, the

2  award of reasonable attorney fees, as permitted by the common law of California, and *California*

3  *Code of Civil Procedure* § 1021.5.

4

5                                          **PRAYER FOR RELIEF**

6          **WHEREFORE**, Plaintiff DYLAN LAMM demands judgment against Defendants as follows:

7

8      4.      For an award of his general, special, actual and compensatory damages as proven at

9              time of trial, with interest thereon according to law;

10     2.      For lost earnings and earning capacity, past and future, according to proof;

11     3.      For permanent injunctive relief prohibiting the Defendants from manufacturing,

12             marketing and selling the defective and dangerous Bumbo Baby Sitter (or in the

13             alternative  permanent  injunctive  relief  prohibiting  the  Defendants  from

14             manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter

15             without greater and more explicit warnings concerning its appropriate use;

16     4.      For an award of attorneys' fees and costs incurred by him in maintaining this action;

17     5.      For such other and further relief which this Court deems just and proper.

18

19         **WHEREFORE**, Plaintiff KEVIN LAMM demands judgment against Defendants as follows:

20

21     6.      For an award of his general, special, actual and compensatory damages as proven at

22             time of trial, with interest thereon according to law;

23     7.      For permanent injunctive relief prohibiting the Defendants from manufacturing,

24             marketing and selling the defective and dangerous Bumbo Baby Sitter (or in the

25             alternative  permanent  injunctive  relief  prohibiting  the  Defendants  from

26             manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter

27             without greater and more explicit warnings concerning its appropriate use;

28     8.      For an award of attorneys' fees and costs incurred by him in maintaining this action;

                                              COMPLAINT                                          9

1     9.    For such other and further relief which this Court deems just and proper.

2

3  Dated: August 16, 2007          **EDGAR LAW FIRM**

4           By: _____

5           Donald S. Edgar, Esq.

         Jeremy Fietz, Esq.,

6           Rex Grady, Esq.

         Attorneys for Plaintiffs

7

8           **DEMAND FOR JURY TRIAL**

9

10  Plaintiffs hereby demand trial by jury on all causes of action triable so by jury.

11

12  Dated: August 16, 2007          **EDGAR LAW FIRM**

13

14           By: _____

15           Donald S. Edgar, Esq.

         Jeremy Fietz, Esq.,

         Rex Grady, Esq.

16           Attorneys for Plaintiffs

17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT         10

**CERTIFICATE OF SERVICE**
(28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b) [DIVERSITY]; CIVIL CASE COVER SHEET**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Donald S. Edgar, Esq.            **Attorneys for Plaintiffs**
Jeremy R. Fietz, Esq.
Rex Grady, Esq.
Edgar LawFirm
408 College Avenue
Santa Rosa, CA 95401
(707) 545-3200 Phone
(707) 578-3040 Fax

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California on September 18, 2007.

_____
ALEXINE BRAUN

GCT01\414500

-4-

PETITION FOR REMOVAL – [Sonoma County Case No.: SCV 241318]