```
 1  GAIL C. TRABISH, ESQ. (#103482)
    HEATHER A. GLADSTONE, ESQ. (#238517)
 2  BOORNAZIAN, JENSEN & GARTHE
    A Professional Corporation
 3  555 12th Street, Suite 1800
    P. O. Box 12925
 4  Oakland, CA  94604-2925
    Telephone: (510) 834-4350
 5  Facsimile: (510) 839-1897

 6  Attorneys for Defendant
    TARGET STORES, a division
 7  of Target Corporation
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>             Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>             Defendants. | Case No.:<br><br>[Sonoma County Case No.: SCV 241318]<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed:     August 16, 2007 |

COMES NOW Defendant TARGET STORES, a division of Target Corporation, and for its answer to the complaint of plaintiff DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVLIN LAMM, on file herein, admits, denies, alleges and states the following:

**GENERAL ALLEGATIONS**

1.    Answering paragraph 1, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

2.    Answering paragraph 2, this answering defendant lacks knowledge or information

-1-

upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

3. Answering paragraph 3, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

4. Answering paragraph 4, this answering defendant admits that Target Stores, a division of Target Corporation, is a corporation existing under the laws of the State of Minnesota, and has stores in the State of California, including Sonoma County.

5. Answering paragraph 5, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

6. Answering paragraph 6, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

7. Answering paragraph 7, this answering defendant denies that the Superior Court of Sonoma County is the correct venue or jurisdiction for said complaint. The remainder of the allegations in said paragraph is denied.

8. Answering paragraph 8, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

9. Answering the allegation in paragraph 9, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

10. Answering paragraph 10, this answering defendant denies each and every allegation contained therein.

11. Answering paragraph 11, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

12. Answering paragraph 12, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

13. Answering paragraph 13, this answering defendant incorporates its responses to plaintiffs' allegations asserted in paragraphs 1-12 of their complaint.

14. Answering paragraph 14, this answering defendant denies each and every allegation contained therein.

15. Answering paragraph 15, this answering defendant denies each and every allegation contained therein.

16. Answering paragraph 16, this answering defendant denies each and every allegation contained therein.

17. Answering paragraph 17, this answering defendant denies each and every allegation contained therein.

18. Answering paragraph 18, this answering defendant denies each and every allegation contained therein.

19. Answering paragraph 19, this answering defendant denies each and every allegation contained therein.

20. Answering paragraph 20, this answering defendant incorporates its responses to plaintiffs' allegations asserted in paragraphs 1-19 of their complaint.

21. Answering paragraph 21, this answering defendant admits that Civil Code Section 1714 states amongst other things that "everyone is responsible, not only for his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want or ordinary care, brought the injury upon himself or herself."

22. Answering paragraph 22, this answering defendant denies each and every allegation contained therein.

23. Answering paragraph 23, this answering defendant denies each and every allegation contained therein.

24. Answering paragraph 24, this answering defendant denies each and every allegation contained therein.

25. Answering paragraph 25, this answering defendant denies each and every allegation contained therein.

26. Answering paragraph 26, this answering defendant denies each and every allegation contained therein.

27. Answering paragraph 27, this answering defendant incorporates its responses to plaintiffs' allegations asserted in paragraphs 1-26 of their complaint.

28. Answering the allegation in paragraph 28, this answering defendant lacks knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis denies each of the allegations contained therein.

29. Answering paragraph 29, this answering defendant denies each and every allegation contained therein.

30. Answering paragraph 30, this answering defendant denies each and every allegation contained therein.

31. Answering paragraph 31, this answering defendant denies each and every allegation contained therein.

32. Answering paragraph 32, this answering defendant incorporates its responses to plaintiffs' allegations asserted in paragraphs 1-31 of their complaint.

33. Answering paragraph 33, this answering defendant admits that California has enacted Business & Profession Code Section 17001. The remainder of the allegations in said paragraph is denied.

34. Answering paragraph 34, this answering defendant admits that California has enacted Business and Professions Code Section 17200 which sets forth prohibited activities. The remainder of the allegations in said paragraph is denied.

35. Answering paragraph 35, this answering defendant admits that California has enacted Business and Professions Code Section 17200 which sets forth prohibited activities. The remainder of the allegations in said paragraph is denied.

36. Answering paragraph 36, this answering defendant admits that the California has enacted Business and Professions Code Section 17203. The remainder of the allegations in said paragraph is denied.

37. Answering paragraph 37, this answering defendant denies each and every allegation contained therein.

38. Answering paragraph 38, this answering defendant denies each and every allegation contained therein.

39. Answering paragraph 39, this answering defendant denies each and every allegation contained therein.

40. Answering paragraph 40, this answering defendant denies each and every allegation contained therein.

41. Answering paragraph 41, this answering defendant denies each and every allegation contained therein.

42. Answering paragraph 42, this answering defendant denies each and every allegation contained therein.

### DEMAND FOR JURY TRIAL

This answering defendant demands a jury trial.

### AFFIRMATIVE DEFENSES

**COMES NOW,** Defendant TARGET STORES, a division of Target Corporation, and for its answer to the complaint of plaintiff on file herein alleges as follows:

**AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that neither the complaint nor any of its alleged causes of action states facts sufficient to constitute a cause of action against this answering defendant.

**AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

1  **THEREOF**, this answering defendant is informed and believes and thereon alleges that the
2  damages complained of, if any there were, were proximately contributed to or caused by the
3  carelessness, negligence, fault or defects created by the remaining parties in this action, or by other
4  persons, corporations or business entities unknown to this answering defendant at this time, and
5  were not caused in any way by this answering defendant, or by persons for whom this answering
6  defendant is legally liable.

7  Should this answering defendant be found liable to plaintiffs, which liability is expressly
8  denied, said defendant is entitled to have this award against it abated, reduced or eliminated to the
9  extent that the negligence, carelessness, fault or defects created by the remaining parties in this
10 action, or by said other persons, corporations or business entities, contributed to plaintiffs'
11 damages, if any.

12 **AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**
13 **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**
14 **THEREOF**, this answering defendant is informed and believes and thereon alleges that the
15 guardian ad litem and/or parents of the minor plaintiff negligently and carelessly supervised the
16 activity of the minor plaintiff.

17 **AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**
18 **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**
19 **THEREOF**, this answering defendant is informed and believes and thereon alleges that plaintiffs
20 failed to mitigate their alleged damages as required by law.

21 **AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**
22 **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**
23 **THEREOF**, this answering defendant is informed and believes and thereon alleges that plaintiffs
24 knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in
25 the undertaking in which they were engaged, but nevertheless and knowing these things, did freely
26 and voluntarily consent to assume all the risks and hazards involved in the undertaking.

27 **AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**
28 **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

THEREOF, this answering defendant is informed and believes and thereon alleges that prior to and at the time of the loss and damage complained of, plaintiffs failed to use the product referred to in their complaint, in the manner in which it was intended to be used; that such misuse proximately contributed to the happening of the damage and loss complained of, if any, and bars plaintiffs' recovery herein.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that the product referred to in the complaint was abused in a manner which was not reasonably foreseeable and that such abuse proximately contributed to the happening of the accident/incident and to the injuries, loss and damage complained of, if any there were.

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that, prior to and at the time of the loss and damage complained of, the product referred to in the complaint was altered and/or abused in a manner that was not reasonably foreseeable; that such alteration and/or abuse proximately contributed to the loss and damage complained of, if any, and bars plaintiffs' recovery herein.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that plaintiffs were comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, and defendant prays that any and all damages sustained by said plaintiffs be reduced by the percentage of their negligence.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, this answering defendant is informed and believes and thereon alleges that plaintiffs were implicitly and expressly required to notify defendant of any defects in its product within a

reasonable period of time; that plaintiffs failed to so notify defendant to give it an opportunity to make an inspection and effectuate the repairs, if any were necessary, and said plaintiffs have waived their right to have said repairs made and/or are estopped to assert a claim for damages based on the failure to make repairs when defendant never had an opportunity to do so.

**WHEREFORE**, this answering defendant prays as follows:

1. That plaintiffs take nothing by their complaint and that this answering defendant be dismissed hence;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems fit and proper.

DATED: September 20, 2007

                                        BOORNAZIAN, JENSEN & GARTHE
                                        A Professional Corporation

                                        By: _____
                                                GAIL C. TRABISH, ESQ.
                                                Attorneys for Defendant
                                                TARGET STORES, a division
                                                of Target Corporation

GCT01\414737

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **ANSWER TO COMPLAINT**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

| | |
|---|---|
| Donald S. Edgar, Esq.<br>Jeremy R. Fietz, Esq.<br>Rex Grady, Esq.<br>Edgar LawFirm<br>408 College Avenue<br>Santa Rosa, CA 95401<br>(707) 545-3200 Phone<br>(707) 578-3040 Fax | **Attorneys for Plaintiffs** |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California on September 20, 2007.

_____
ALEXINE BRAUN

GCT01\414737