DONALD S. EDGAR (State Bar No. 139324)
JEREMY R. FIETZ (State Bar No. 200396)
Email: jeremy@classattorneys.com
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, California 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

Attorneys for Plaintiffs


GAIL C. TRABISH, ESQ. (#103482)
HEATHER A. GLADSTONE, ESQ. (#238517)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | CASE NO. 07-04807 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**DATE:** January 7, 2007<br>**TIME:** 4:00 p.m.<br>**DEPT:** Ctrm. 15, 18th Floor<br>**JUDGE:** Hon. Marilyn Hall Patel |

(1) <u>Jurisdiction and Service:</u>

This Court has diversity jurisdiction because the Plaintiffs are from different states than each of the Defendants. Jurisdiction is not contested. Defendant, Target Stores, Inc. ("Target") has been served. As of this date, Target has not filed a counterclaim against the manufacturer as its tender of defense is still pending. Bumbo, and its related entities are primarily located in South Africa and have been avoiding service as a result. Counsel for the Bumbo entities has contacted Plaintiffs and Target, but appear unwilling to appear in the case or cooperate regarding service. Plaintiffs are continuing to take steps to serve Bumbo.

(2) <u>A Brief Description Of The Events Underlying The Action:</u>

The Bumbo defendants, are the manufacturer of a product called the Bumbo Baby Sitter. The Bumbo Baby Sitter is a product designed for use by infants. In order to market its product, plaintiff alleges the South African based Bumbo entered into an agency or licensing agreement with Defendant Target. Defendant Target denies any agency or licensing agreement. Target distributed the Bumbo Baby Sitter to its retail stores throughout California and the United States.

The case is essentially one of product liability surrounding the safety of the Bumbo Baby Sitter – a foam seat designed to hold infants before they are strong enough to sit up on their own.

In May of 2007, Plaintiff Kevin Lamm and his wife, Mary Catherine Doherty received the Bumbo Baby Sitter as a gift by a friend who had selected the Bumbo off of the Target Gift Registry that the Lamm/Doughertys had registered for. This particular Bumbo Baby Sitter had been purchased by a friend at a Target Store in Sonoma County.

On May 23, 2007, Plaintiff Kevin Lamm placed his six month old infant son, Dylan Lamm, into the Bumbo Baby Sitter on a table. While seated in the Bumbo Baby

Sitter, Dylan fell over and out of the Bumbo Baby Sitter on to the floor, striking his head and other parts of his body, and claims severe, permanent, and nearly life-terminating injuries. Plaintiffs seek damages and injunctive relief alleging that the Bumbo Baby Sitter is defective for its intended use and, in the alternative, its warnings were inadequate to warn of the falling/tipping danger.

The defendant, Target posits that the box in which the Bumbo Seat is packaged and sold includes warnings in nine languages, including English. The warnings state "WARNING: Do not use on a raised or uneven surface, as a car seat, in a bath or in other water. Bumbo is happiest on the floor. Do not use until your baby is fully able to support its head. Depending on the physical development and age of the child, some babies will be able to move out of the Bumbo, so never leave your child unattended." Defendant Target also posits that the Bumbo Seat also includes a warning label, affixed directly to it, stating: "WARNING. NEVER USE ON A RAISED SURFACE. NEVER USE AS A CAR SEAT OR BATH SEAT. DESIGNED FOR FLOOR LEVEL USE ONLY. NEVER LEAVE YOUR BABY UNATTENDED AS THE SEAT IS NOT DESIGNED TO BE TOTALLY RESTRICTIVE AND MAY NOT PREVENT RELEASE OF YOUR BABY IN THE EVENT OF VIGOROUS MOVEMENT."

The Plaintiffs posit that the warning on the seat itself is in barely legible font size (much smaller than that contained on this paper), was not noticed by them, and was not reasonably noticeable to the users of the seat. Moreover, the Bumbo box itself contains a very large photograph of three babies sitting in their Bumbo positioned on a table top around a birthday cake. Advertising for the Bumbo also contained numerous photographs of the Bumbo being used on tables and the package insert indicated that it may be used on "ANY LEVEL SURFACE". The advertising also suggested that the

Bumbo was ideal for "eye level feeding".

Since the filing of the within lawsuit, the Consumer Product Safety Commission has issued a recall of the item for the placement of greater warnings regarding its use (particularly that the Bumbo is not to be used on a table).

(3)     <u>The Principal Factual Issues Which The Parties Dispute:</u>

(a)     Whether the Bumbo Baby Sitter is a defective product.

(b)     Whether the warnings concerning safe use of the Bumbo Baby Sitter were adequate to warn of its dangers.

(c)     The extent of damages caused by the injuries to the infant, Dylan Lamm as a result of a fall from the Bumbo Baby Sitter.

(d)     Whether the product was misused, abused or altered.

(e)     Whether the Plaintiff Kevin Lamm negligently supervised Dylan Lamm.

The Principal Legal Issues Which The Parties Dispute:

(a)     What are the legal standards applicable to Plaintiffs' allegation that Defendant sold a defective product?

(b)     What are the legal standards applicable to Plaintiffs' allegation that Defendant sold a product with insufficient warning?

(c)     What are the available damages under each of Plaintiffs' claims.

(d)     What are the legal standards applicable to Plaintiffs' claims for injunctive relief?

(4)     <u>Motions</u>:

Plaintiff will shortly file an administrative motion to relate this case to the case of *Wendy Whitson v. Bumbo, et al.*, Case No. C 07-04012, which is presently pending before Judge Wilkins. Defendant Target has not determined its position on the propriety of relating the cases.

-4-

| | |
|---|---|
| 1 | While the Parties are not in a position to anticipate every possible pre-trial motion as they are still in a very preliminary stage in the litigation, they anticipate motions relating to discovery issues, especially as they relate to documents maintained by the unanswered Bumbo defendants. |

(5)  Amendment of Pleadings:

Neither Party anticipates amendment at this time. Should circumstances give rise to either party desiring amendment, the parties will meet and confer

(6)  Evidence Preservation:

Plaintiffs have requested that Defendant Target preserve their data regarding their gift registry, as the Bumbo product in question was purchased at a Target store as a result of the Plaintiffs' participation in the Target gift registry.

(7)  Disclosures:

The Parties have exchanged initial disclosures under Rule 26, Fed. R. Civ. Pro..

(8)  Discovery:

The Parties are just embarking upon the discovery process. Defendant Target would like to postpone discovery in this case until the Bumbo defendants have appeared in the case.

(9)  Related Cases:

The Plaintiff will shortly file an administrative motion to relate the case of *Wendy Whitson v. Bumbo, et al.*, Case No. C 07-04012, which is presently pending before Judge Wilkins. The instant case is the first filed so, if related, both cases would be adjudicated before the Honorable Judge Patel. Defendant Target has not yet determined its position regarding the propriety of relating the two cases.

(10)  Relief:

Plaintiffs seek personal injury damages (economic and non-economic) as well as injunctive relief.

Defendant seeks dismissal of the action and its costs of suit.

-4-

-5-

     (11)  <u>Settlement and ADR</u>:

Plaintiffs and Target have agreed to mediation.

     (12)  <u>Consent To Magistrate Judge For All Purposes</u>:

Plaintiff does not so consent.

     (13)  <u>Other References</u>:

The Parties propose no other references at this time.

     (14)  <u>Narrowing of Issues</u>:

The Parties are committed to narrowing the issues as much as possible, and will meet and confer regarding same.

     (15)  <u>Expedited Schedule</u>:

Given the difficulty with service of the Bumbo defendants the parties do not believe expedited scheduling is appropriate.

     (16)  <u>Scheduling</u>:

The parties request that scheduling of discovery and pretrial deadlines should be postponed to further CMC.

     (17)  <u>Trial</u>:

Plaintiffs and Target have requested a jury trial. The Parties estimate a 12-15 day jury trial.

///
///
///
///
///
///
///
///

(18)  Disclosure Of Non-Party Interested Entities Or Persons:

**There are no non-party interested persons known to the Plaintiffs or Target**

DATED: December 28, 2007                    Respectfully submitted,

EDGAR LAW FIRM

By: _____/s/_____
DONALD S. EDGAR
JEREMY R. FIETZ

Attorneys for Plaintiffs

DATED: December 28, 2007                    Respectfully submitted,

By: _____[signature]_____
GAIL C. TRABISH

Attorneys for Defendant Target

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Donald S. Edgar, Esq.　　　　　　　　　　**Attorneys for Plaintiffs**
Jeremy R. Fietz, Esq.
Rex Grady, Esq.
Edgar LawFirm
408 College Avenue
Santa Rosa, CA 95401
(707) 545-3200  Phone
(707) 578-3040  Fax

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California on December 28, 2007.

_____
Alexine Braun

25131\421521