GAIL C. TRABISH, ESQ. (#103482) *gtrabish@bjg.com*
HEATHER A. GLADSTONE, ESQ. (#238517) *hgladstone@bjg.com*
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No.: CV 07-04807 MHP<br><br>**DEFENDANT TARGET STORES' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Complaint Filed:   August 16, 2007 |

Defendant TARGET STORES, a division of Target Corporation, hereby submits this opposition to Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related pursuant to United States District Court, Northern District of California, Civil LR 3-12:

**ARGUMENT**

The United States District Court, Northern District of California, Civil LR 3-12(a) defines a related case as follows:

> An action is related to another when:
>
> (1) The actions concern substantially the same parties, property, transaction or event; and

-1-

>(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Contrary to plaintiffs' assertions, the cases at issue are not sufficiently related to warrant consideration. As discussed in further detail below, the plaintiffs in the two allegedly related actions are different, the allegations of each complaint are different, and the parties to each action seek different remedies.

**1.    The Parties to Each Litigation Are Not Similar**

The case herein, *Lamm v. Bumbo, et al.*, USDC Case No. CV 07-04807 MHP, is a personal injury action **brought by the user** of the Bumbo Baby Seat, a minor child, by and through his guardian at litem. Plaintiffs claim that the minor child struck his head and other parts of his body on the ground when he fell over and out of the Bumbo Baby Sitter. (Declaration of Heather A. Gladstone, Esq., hereinafter "Gladstone Decl.," ¶3, **Ex. A**). The *Lamm* plaintiffs did not even purchase the Baby Sitter; it was received as a gift.

Alternatively, the claimed "related" case, *Whitson v. Bumbo, et al.*, USDC Case No. C 07-05597 CW, is **brought by a purchaser** of the defendant's product. The plaintiff in the *Whitson* case has not alleged any specific damages related to use of the product, let alone personal injuries associated with the Bumbo Baby Sitter.[1] Instead, the plaintiff in *Whitson* seeks certification of a nationwide class action on behalf of all purchasers of the defendant's product across the United States within a four-year time period. (Gladstone Decl., ¶4, **Ex. B**).

Accordingly, there is no similarity between the plaintiff parties giving rise to the complaints, other than their retention of similar counsel.

With respect to plaintiffs' mention of the similarity in defendants, there is a high probability that the *Whitson* class-action complaint will later be amended to add additional corporate defendants since Target Stores is not the only retailer in the country that sells the allegedly defective product. In fact, paragraph 13 of the *Whitson* complaint states: "The true names and capacities of other Defendants are presently unknown to Plaintiff. Plaintiff will amend

---

[1] In fact, the issues of damages and whether Whitson actually has standing to pursue this matter are further muddied by the fact, not mentioned anywhere in either the *Lamm* or *Whitson* complaints, that Defendant Target has offered refunds to purchasers of the Baby Sitter.

-2-

this Complaint to allege their true names and capacities when ascertained." (Gladstone Decl., ¶4, **Ex. B**, page 4, ¶13).

As Plaintiffs cannot show that the parties are substantially similar as required by Civil LR 3-12(a), this motion must fail.

**2.    The Actions Do Not Concern the Same Transaction or Event**

Furthermore, the two actions do not involve the same transaction or event, as demonstrated by the underlying facts of each complaint. Again, the *Lamm* complaint concerns personal injuries arising out of the plaintiff child's alleged use of the Bumbo Baby Sitter. The event at issue in the *Lamm* complaint is the child's alleged fall while using the defendant's product, which purportedly caused him severe injury. (Gladstone Decl., ¶3, **Ex. A**).

The event at issue in the *Whitson* case, however, is Ms. Whitson's purchase of the product. Unlike *Lamm,* no personal injury or bodily harm is plead in the *Whitson* complaint other than by reference to a website where *other* consumers complained of incidents involving the product. Plaintiff's only alleged "injury" is her purchase of the product and, based on that transaction, Whitson's complaint aims to certify a class of purchasers, not injured parties. (Gladstone Decl., ¶4, **Ex. B**).

Plaintiffs have raised the issue that the product in the *Lamm* and *Whitson* complaints are the same; Ms. Whitson purchased the product as a gift for plaintiff Dylan Lamm's mother. This slight overlap does not warrant a relation of the two cases. The *Whitson* complaint goes beyond the one product that she purchased; Whitson is attempting to represent a nationwide class of purchasers, and thereby involves a large number of Bumbo Baby Sitters, not just the one at issue in the *Lamm* complaint. The fact that the Bumbo Baby Sitter product is the same in *Lamm* and *Whitson* is inconsequential when the *Whitson* complaint is not limited to that product alone.

**4.    There Will Be No Unduly Burdensome Duplication of Labor or Expense Because the Requirements of Proof for Each Complaint Substantially Differ**

Plaintiffs' moving papers claim that the liability issues in the cases are "practically identical" but the complaints show otherwise. The two cases differ substantially in issues of law. As noted above, the plaintiff in the *Whitson* seeks to certify a nationwide class of ***those persons***

-3-

Opposition to Plaintiffs' Admin. Motion to Consider Whether Cases Are Related – Case No.: C-07-04807 MHP

*who purchased* the Bumbo Baby Sitter, *not those allegedly injured* by the Bumbo Baby Sitter, such as Dylan Lamm. In that vein, the allegations in the *Whitson* complaint are directed at pleading and proving the pre-requisites for certification of a nationwide class, not damages related to personal use of the Bumbo Baby Sitter, as in *Lamm*. On behalf of that nationwide class of purchasers, the *Whitson* plaintiff alleges Violation of Nationwide State Consumer Laws, Breach of Nationwide State Express Warranties, Breach of Nationwide State Implied Warranties, and Violation of Nationwide State Unjust Enrichment Common Laws. Violations limited to California law are pled only as an alternative to the nationwide class certification. (Gladstone Decl., ¶4, **Ex. B**). Thus, the Court in *Whitson* is being asked to assess liability in every one of the 50 states.

The *Lamm* action, however, centers on proof of liability for personal injury under California law only. Specifically, the complaint alleges Negligence, Wrongful Infliction of Emotional Distress, Strict Products Liability, and Injunctive Relief for Unfair Business Practices. **<u>The two cases share no commonality in allegations of liability.</u>** Therefore, proof of liability alleged in the *Lamm* complaint will require different experts, different discovery, and different damage assessments than what is required for proof of liability in the *Whitson* complaint. As a result, there will be no unduly burdensome duplication of labor or expense to litigate the cases separately. Due to plaintiffs' inability to meet the requirements of Civil L.R. 3-12, defendant respectfully requests that the Court deny this motion to consider the two cases related.

## CONCLUSION

Based on the above, Defendant Target respectfully requests that this Court deny plaintiffs' Administrative Motion to Consider Whether Cases Should be Related pursuant to United States District Court, Northern District of California, Civil LR 3-12.

///
///
///
///
///
///

-5-

DATED: January 8, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: *Heather Gladstone*
GAIL C. TRABISH, ESQ.
HEATHER A. GLADSTONE, ESQ.
Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

25231\422408

-5-

Opposition to Plaintiffs' Admin. Motion to Consider Whether Cases Are Related -- Case No.: C-07-04807 MHP