# EXHIBIT B



1  Donald S. Edgar, Esq. (State Bar No. 139324)
   Jeremy R. Fietz, Esq. (State Bar No. 200396)
2  Rex Grady, Esq. (State Bar No. 232236)
   *THE EDGAR LAW FIRM*
3  408 College Avenue
   Santa Rosa, CA 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiff
6  WENDY D. WHITSON, individually
   and on behalf of all others similarly
7  situated

**ORIGINAL FILED**
07 NOV -2 PM 3: 05
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  WENDY D. WHITSON, individually and on )   **CV 07    5597**
    behalf of all others similarly situated,  )
13                                            )   "Unlimited Civil"
                                              )
14              Plaintiff,                    )
                                              )   **COMPLAINT FOR BREACH OF EXPRESS
15                                            )   WARRANTY, BREACH OF IMPLIED
    v.                                        )   WARRANTY, BREACH OF IMPLIED
16                                            )   COVENANT OF GOOD FAITH AND FAIR
                                              )   DEALING; UNFAIR BUSINESS
17  BUMBO, BUMBO LIMITED, BUMBO  )   PRACTICES, CONSTRUCTIVE TRUST AND
    (PTY) LTD., and TARGET        )   VARIOUS STATUTORY VIOLATIONS**
18  CORPORATION,                          )
                                              )
19                                            )
               Defendants.                    )   **DEMAND FOR JURY TRIAL**
20                                            )
                                              )
21                                            )
                                              )
22                                            )
23
24
25
26
27
28

## CLASS ACTION COMPLAINT

Plaintiff WENDY D. WHITSON brings this Class Action Complaint on behalf of herself and all others similarly situated, upon personal knowledge as to facts pertaining to herself and, upon information and belief as to all other matters based on the investigation of her counsel, against Defendants BUMBO, BUMBO LIMITED, BUMBO (PYT) LMT, and TARGET CORPORATION ("Defendants"), and states as follows:

## I. NATURE OF ACTION

1.    This consumer Class Action arises from Defendants' deceptive and unlawful conduct in designing, manufacturing, marketing, distributing and selling the defectively designed Bumbo Baby Sitter. Specifically, Plaintiff brings this Class Action on behalf of a nationwide Class of consumers who purchased Defendants' defective Bumbo Baby Sitter for consumer use.  As a result of Defendants' defectively designed product, these Bumbo Baby Sitters failed to perform as intended and warranted during normal usage, rendering the Bumbo Baby Sitter dangerous to use, and violating state consumer protection statutes, breaching express and implied warranties that accompanied the Bumbo Baby Sitter, and causing Plaintiff and members of her Class to incur loss of use and monetary damages caused by that defective design.  Plaintiff and members of her Class did not receive the benefit of their bargain, and would not have purchased Bumbo Seats had they known the truth about the product.

2.    Although Defendants knew that there were problems with the design of the Bumbo Baby Sitter, Defendants long resisted recalling the defectively designed product that had either been sold to Class members or which were still awaiting sale to other consumers. Instead, Defendants have permitted Class members to purchase the defectively designed Bumbo Baby Sitters and have enriched themselves at the expense of the Class members by accepting money for a product that is rendered worthless because of its innate defects.

3.    On behalf of herself and all others similarly situated, Plaintiff seeks relief, including: (a) an order certifying the action to be maintained as a Class action and ordering Plaintiffs and their counsel to represent the Class; (b) restitution, including restitutionary disgorgement into a fluid

1  recovery fund; (c) compensatory and consequential damages; (d) attorneys' fees; (f) costs of this suit;

2  (g) pre- and post-judgment interest; and (h) such other and further relief as this Court may deem

3  necessary or proper.

## II. JURISDICTION AND VENUE

5      4.      This Court has subject matter jurisdiction over this nationwide Class Action pursuant

6  to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in

7  controversy exceeds $ 5,000,000.00, exclusive of interest and costs, and is a Class Action in which

8  some members of the Class are citizens of states different than Defendants. (*See* 28 U.S.C. §§

9  1332(d)(2)(A)).

10     5.      This Court also has personal jurisdiction over Defendants because they are authorized

11 to do business, and in fact does business, in this State, and because Defendants have sufficient

12 minimum contacts with this State, and/or otherwise intentionally avail themselves of the markets in

13 this State through the promotion, marketing and sale of its products therein, so as to render the

14 exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial

15 justice.

16     6.      The Court also has subject matter jurisdiction pursuant to 28 U.S. § 1332 (a) because

17 this action involves parties who are citizens of different States and the value of the matter in

18 controversy exceeds $ 75,000, exclusive of interests and costs.

19     7.      Venue is proper under 28 U.S.C. § 1391 (a) because this action involves parties who

20 are citizens of different States and the acts or omissions giving rise to the Plaintiff's claims occurred

21 in this Judicial District.

22     8.      Venue is also proper under 28 U.S.C. § 1391 (b) because the Court's jurisdiction is

23 not founded primarily on diversity of citizenship and a substantial part of the events or omissions

24 giving rise to the Plaintiff's claim occurred in this Judicial District.

25     9.      Venue is also proper under 28 U.S.C. § 1391 (c) because the Defendants are

26 corporations that were subject to the personal jurisdiction of this Court at the time this action

27 commenced, and because the Defendants have contacts sufficient to subject them to the Court's

28

1  personal jurisdiction if this Court's District were a separate State.

2  **III. PARTIES**

3      10.    Plaintiff WENDY D. WHITSON is a resident of Sonoma County, California, who in

4  or around February of 2007 purchased a Bumbo Baby Sitter from a Target Store located in Rohnert

5  Park, Sonoma County, California, for approximately forty dollars ($ 40.00).

6      11.    Plaintiff is informed and believes, and upon such information and belief alleges that

7  Defendants BUMBO,  BUMBO LIMITED, and BUMBO (PTY) LTD. (hereinafter collectively

8  referred to as "BUMBO") are now, and at all times herein mentioned, were companies existing under

9  the laws of the nation of South Africa and are domiciled in the nation of South Africa, though doing

10  business in the State of California, as well as in all other States.

11      12.    Plaintiff is informed and believes, and upon such information and belief alleges, that

12  Defendant TARGET CORPORATION (hereinafter referred to as "TARGET," or collectively with

13  other Defendants as "Defendants") is now, and at all times herein mentioned, was a corporation

14  existing under the laws of the State of Minnesota, and is domiciled in that State, though doing

15  business in the State of California, as well as in all other States.

16      13.    The true names and capacities of other Defendants are presently unknown to Plaintiff.

17  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

18      14.    Plaintiff is informed and believes and thereon alleges that at all times material herein

19  each Defendant, was the agent of each other Defendant, and in doing the things alleged herein was

20  acting within the scope and purpose of such agency with the permission and consent of, and their

21  actions were ratified by, the other Defendants.

22  **IV. GENERAL ALLEGATIONS**

23      15.    The Defendant BUMBO is the manufacturer of a product called the Bumbo Baby

24  Sitter. The Bumbo Baby Sitter is a product designed for use by infants. The Bumbo Baby Sitter is

25  a soft foam chair that is supposed to allow infants to sit upright without the aid of straps. It is

26  designed with the seat lower than the leg openings so that children will remain secure. The bottom

27  of the Bumbo Baby Sitter is round and flat and about 15 inches in diameter. The Bumbo Baby Sitter

28

1  is made of a single piece of molded foam, and comes in the colors of yellow, blue, purple, aqua, and
2  lime. On the front of the seat in raised lettering is the word "Bumbo" with the cartoon image of a
3  happy elephant.

4      16.    Defendant BUMBO describes the product as "a revolutionary new concept...uniquely
5  designed according to the baby's posture to seat babies independently in an upright sitting position,
6  from as young as 3 months up to an age of approximately 14 months...thereby providing a snug and
7  cozy environment for your baby."

8      17.    In order to market its product, the South Africa based BUMBO entered into an agency
9  or licensing agreement with Defendant TARGET. Pursuant to its agreement with BUMBO,
10  TARGET distributes the Bumbo Baby Sitter to its retail stores throughout California and all other
11  States of the United States. The individual stores owned and operated by TARGET then sell the
12  Bumbo Baby Sitter to consumers. TARGET also maintained a website where consumers could view
13  product information and make purchases on-line.

14      18.    The box in which the Bumbo Baby Sitter is packaged and sold includes warnings in
15  nine languages, including English. The warnings state "WARNING: Do not use on a raised or
16  uneven surface, as a car seat, in a bath or in other water. Bumbo is happiest on the floor. Do not use
17  until your baby is fully able to support its head. Depending on the physical development and age of
18  the child, some babies will be able to move out of the Bumbo, so never leave your child unattended."
19  The font size is so minuscule as to render the warning extremely difficult to read or even notice, and
20  it is not accompanied by an exclamation point inserted within a yellow triable, which is a standard
21  feature of product warning labels.

22      19.    The Bumbo Baby Sitter also include a warning label, affixed directly to it, stating:
23  "WARNING.  NEVER USE ON A RAISED SURFACE.  NEVER USE AS A CAR SEAT OR BATH SEAT.
24  DESIGNED FOR FLOOR LEVEL USE ONLY.  NEVER LEAVE YOUR BABY UNATTENDED AS THE SEAT IS
25  NOT DESIGNED TO BE TOTALLY RESTRICTIVE AND MAY NOT PREVENT RELEASE OF YOUR BABY IN
26  THE EVENT OF VIGOROUS MOVEMENT." The font size of this warning is less than eight-point, and,
27  as with the warning discussed in the previous paragraph of this Complaint, it is not accompanied by
28

COMPLAINT

-5-

1    the standard exclamation point inserted within a yellow triangle.

2        20.    Despite the fact that these warnings appear on the packaging and on the Bumbo Baby

3    Sitter itself, Bumbo's packaging and marketing website also include images demonstrating use of the

4    Bumbo in manners inconsistent with the small-fonted warnings. Specifically, on the box in which

5    the Bumbo Baby Sitter is sold there appears a photographic image of three babies seated in Bumbo

6    Baby Sitters which are placed atop a table. Additionally, the website maintained by or on behalf of

7    Defendants include numerous photographic images of babies seated in Bumbo Baby Sitters *not on*

8    *the floor*, but on tables, chairs and stools. One image even portrays a baby in a Bumbo Baby Sitter

9    atop a stool seemingly playing a piano. The images all comprise parts of the Defendants' efforts to

10   market its product, but in doing so they send a potent message to consumers regarding proper use of

11   the Bumbo Baby Sitter that contradict the aforementioned small-fonted printed warnings.

12       21.    An additional web site, maintained by Defendant TARGET, includes numerous

13   comments posted by persons who purchased the Bumbo Baby Sitter. Many of the posts report

14   incidents involving the failure of the Bumbo Baby Sitter to contain a baby even when the Bumbo was

15   placed on the floor. Many of the posts also report injury of babies who fell out of the Bumbo.

16   Among those injured were children who fell out of Bumbo Baby Sitters that had been used in

17   manners consistent with the photographic images appear on Defendants' packaging and websites.

18       22.    In or around February of 2007, Plaintiff WENDY D. WHITSON purchased a Bumbo

19   Baby Sitter at a Target Store located in the County of Sonoma.

20       23.    Following February of 2007, lawsuits were filed in Kansas, California and elsewhere

21   in the United States for damages arising from severe physical injuries caused to babies who fell out

22   of Bumbo Baby Sitters.

23       24.    In October of 2007, the Consumer Products Safety Commission recalled the Bumbo

24   Baby Sitter pursuant to authority granted to it by Congress via the Consumer Product Safety Act. The

25   product was recalled because of serious head injuries, and other types of injuries, sustained by infants

26   who had fallen out of Bumbo Baby Sitters. (*See* CPSC Release No. 08-046, published on October

27   25, 2007, available on-line at www.cpsc.gov).

28

## V. CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Class defined as follows:

> **All those persons who purchased a Bumbo Baby Sitter in the United States during the four year period preceding the date of the filing of this Complaint.**

26.     Additionally, and/or in the alternative, Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) of the *Federal Rules of Civil Procedure, California Code of Civil Procedure* § 382, *California Civil Code* § 1750 et seq., *Vasquez v. Superior Court of San Joaquin County* (1971) 4 Cal.3d 800, 94 Cal.Rptr. 796, and other relevant California Common Law on behalf of herself and a Class defined as follows

> **All those persons who purchased a Bumbo Baby Sitter in the State of California during the four year period preceding the date of the filing of this Complaint.**

27.     The definitions of the Class appearing in the two previous paragraphs are unambiguous. Plaintiff is a member of each Class that she seeks to represent. Members of each Class can be identified using Defendants' records of retail sales and other information that is kept by Defendants in the usual course of business and/or in Defendants' control.  Records kept by Defendants identify the Class members who purchased Bumbo Baby Sitters in retail transactions. Class members can be notified of the Class Action through publication and direct mailings to address lists maintained in the usual course of business by Defendants.

28.     Class members are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but it is clear that the number greatly

1    exceeds the number to make joinder impossible.

2        29.    Common questions of law and fact predominate over the questions affecting only

3    individual Class members. Some of the common legal and factual questions include, but are not

4    limited to:

5        (a)    Whether Defendants' Bumbo Baby Sitter was defectively designed in that it failed to

6    contain babies placed within it during normal usage, thereby rendering the Bumbo Baby Sitter

7    dangerous to use;

8        (b)    Whether Defendants knew or should have known that the Bumbo Baby Sitter was

9    defectively designed;

10        (c)    Whether Defendants knowingly concealed the defective design of the Bumbo Baby

11    Sitter;

12        (d)    Whether Defendants engaged in unlawful business practices by failing to recall or

13    sufficiently repair the defective Bumbo Baby Sitter without causing the Class members to incur out-

14    of-pocket costs;

15        (e)    Whether Defendants refused to recall the defectively designed Bumbo Baby Sitter in

16    order to increase the future sales of its product;

17        (f)    Whether Defendants misrepresented the durability and usefulness of the Bumbo Baby

18    Sitter;

19        (g)    Whether Defendants violated consumer protection statutes and/or false advertising

20    statutes and/or state deceptive business practices statutes;

21        (h)    Whether Defendants violated express and implied warranty statutes;

22        (i)    Whether Defendant violated the principle of unjust enrichment; and

23        (j)    The nature and extent of damages and other remedies to which the conduct of

24    Defendants entitles the Class members.

25        30.    Defendants engaged in a common course of conduct giving rise to the legal rights

26    sought to be enforced by the Class members. Similar or identical defective designs, statutory and

27    common law violations, deceptive business practices, and defective products are involved. Individual

28

1    questions, if any, pale by comparison to the numerous common questions that dominate.

2        31.    The injuries sustained by the Class members flow, in each instance, from a common

3    nucleus of operative facts. In each case Defendants designed, manufactured, marketed, supplied, and

4    sold the defective Bumbo Baby Sitter.

5        32.    The Class members have been damaged by Defendants' misconduct. The Class

6    members have purchased defectively designed Bumbo Baby Sitters. The Class members would not

7    have purchased the Bumbo Baby Sitter had they known the truth about the product.

8        33.    Plaintiff's claims are typical of the claims of the other Class members. Plaintiff

9    purchased a Bumbo Baby Sitter, manufactured by Defendants, that was prone to permit babies seated

10   in it to fall out during normal and foreseeable use. This tendency on the part of the Bumbo Baby

11   Sitter represented a defect that limited the products use and rendered it worthless.

12       34.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is

13   familiar with the basic facts that form the bases of the Class members' claims. Plaintiff's interests do

14   not conflict with the interests of the other Class members that she seeks to represent. Plaintiff has

15   retained counsel competent and experienced in Class Action litigation and intends to prosecute this

16   action vigorously. Plaintiff's counsel has successfully prosecuted complex Class Actions, including

17   consumer protection Class actions.

18       35.    The Class Action device is superior to other available means for the fair and efficient

19   adjudication of the claims of Plaintiff and the Class members. The relief sought per individual

20   member of the Class is small given the burden and expense of individual prosecution of the

21   potentially extensive litigation necessitated by the conduct of Defendants. Furthermore, it would be

22   virtually impossible for the Class members to seek redress on an individual basis. Even if the Class

23   members themselves could afford such individual litigation, the court system could not.

24       36.    Individual litigation of the legal and factual issues raised by the conduct of Defendants

25   would increase delay and expense to all parties and to the court system. The Class action device

26   presents far fewer management difficulties and provides the benefits of a single, uniform adjudication,

27   economies of scale and comprehensive supervision by a single court. Given the similar nature of the

28

1  Class members' claims and the absence of material differences in the state statutes and common laws

2  upon which the Class members' claims are based, a nationwide Class will be easily managed by the

3  Court and the parties.

4  ### VI. CAUSES OF ACTION

5  ### COUNT I

6  ### Violation of State Consumer Protection Laws

7      37.    The preceding paragraphs of this Class Action Complaint are realleged and

8  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

9      38.    Plaintiff and the members of the Class are consumers who purchased Bumbo Baby

10  Sitters from Defendants for personal, family, or household purposes.

11      39.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices

12  in the manufacture, promotion, and sale of Bumbo Baby Sitters to Plaintiff and the proposed Class

13  members.

14      40.    Defendants violated this duty by misrepresenting the characteristics, uses, benefits,

15  quality, durability and usefulness of the Bumbo Baby Sitter and omitting to disclose the Bumbo Baby

16  Sitter's susceptibility to collapse, tipping and spillage of babies.

17      41.    Plaintiff and members of the Class were directly and proximately injured by

18  Defendants' conduct and would not have purchased Bumbo Baby Sitters had they known the true

19  nature of the product.

20      42.    Defendants' deceptive representations and material omissions to Plaintiff and the

21  proposed Class Members were, and are, unfair and deceptive acts and practices.

22      43.    Defendants engaged in wrongful conduct while at the same time obtaining, under false

23  pretenses, significant sums of money from Plaintiff and the proposed Class members.

24      44.    Plaintiff and the Class members were deceived by Defendants' misrepresentations.

25      45.    As a proximate result of Defendants' misrepresentations, Plaintiff and the proposed

26  Class members have suffered an ascertainable loss and are entitled to relief, in an amount to be

27  determined at trial.

28

1    46.    Defendants' actions, as complained of herein, constitute unfair competition or unfair,

2  unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer

3  protection statutes listed below:

4    (a)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

5  in violation of Ala. Code §§ 8-19-1, *et seq.;*

6    (b)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

7  in violation of Alaska Stat. Code §§ 40.50.471, *et seq.;*

8    (c)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

9  in violation of Ariz. Rev. Stat. §§ 44-1522, *et seq.;*

10    (d)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

11  in violation of Ark. Code §§ 4-88-101, *et seq.;*

12    (f)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

13  in violation of Colo. Rev. Stat. §§ 6-1-105, *et seq.;*

14    (g)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

15  in violation of Conn. Gen. Stat. §§ 42-110b, *et seq.;*

16    (h)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

17  in violation of 6 Del. Code §§ 2511, *et seq.;*

18    (i)    Defendants have engaged in unfair competition or unfair or deceptive acts or, practices

19  in violation of D.C. Code §§ 28-3901, *et seq.;*

20    (j)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

21  in violation of Fla. Stat. §§ 501.201, *et seq.;*

22    (k)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

23  in violation of Ga. Stat. §§ 10-1-392, *et seq.;*

24    (l)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

25  in violation of Haw. Rev. Stat. §§ 480, *et seq.;*

26    (m)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

27  in violation of Idaho Code §§ 48-601, *et seq.;*

28

1    (n)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

2  in violation of 815 Ill. Comp. Stat. §§ 505/1, *et seq.;*

3    (o)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

4  in violation of Ind. Code Ann. §§ 24-5-0.5.1, *et seq.;*

5    (p)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

6  in violation of Iowa Code §§ 714.1b, *et seq.;*

7    (q)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

8  in violation of Kan. Stat. §§ 50-623, *et seq.;*

9    (r)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

10  in violation of KY. Rev. Stat. § 367.110, *et seq.;*

11    (s)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

12  in violation of La. Rev. Stat. §§ 51:1401, *et seq.;*

13    (t)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

14  in violation of 5 Me. Rev. Stat. §§ 207, *et seq.;*

15    (u)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

16  in violation of Md. Com. Law Code §§ 13-101, *et seq.;*

17    (v)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

18  in violation of Mass. Gen. L. Ch. 93A, *et seq.;*

19    (w)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

20  in violation of Mich. Stat. §§ 445.901, *et seq.;*

21    (x)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

22  in violation of Mimi. Stat. §§ 325F.67, *et seq.;*

23    (y)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

24  in violation of Miss. Code Ann. §§ 75-24-1, *et seq.;*

25    (z)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

26  in violation of Vernon's Mo. Rev. Stat. §§ 407.010, *et seq.;*

27    (aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

28

1  in violation of Mont. Code §§ 30-14-101, *et seq.*;

2       (bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

3  in violation of Neb. Rev. Stat. §§ 59-1601, *et seq.*;

4       (cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

5  in violation of Nev. Rev. Stat. §§ 598.0903, *et seq.*;

6       (dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

7  in violation of N.H. Rev. Stat, §§ 358-A:1, *et seq.*;

8       (ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

9  in violation of N.J. Stat. Ann. §§ 56:8-1, *et seq.*;

10       (ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

11  in violation of N.M. Stat. Ann. §§ 57-12-1, *et seq.*;

12       (gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

13  in violation of N.Y. Gen. Bus. Law §§ 349, *et seq.*;

14       (hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

15  in violation of N.C. Gen. Stat. §§ 75-1.1, *et seq.*;

16       (ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

17  in violation of N.D. Cent. Code §§ 51-15-01, *et seq.*;

18       (jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

19  in violation of Ohio Rev. Stat, §§ 1345.01, *et seq.*;

20       (kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

21  or made representations in violation of Okla. Stat. tit. 15 §§ 751, *et seq.*;

22       (ll)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

23  in violation of Or. Rev. Stat. §§ 646.605, *et seq.*;

24       (mm)  Defendants have engaged in unfair competition or unfair or deceptive acts or practices

25  in violation of 73 Pa. Stat. §§ 201-1, *et seq.*;

26       (nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

27  in violation of R.I. Gen. Laws. §§ 6-13.1-1, *et seq.*;

28

1    (oo)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

2  in violation of S.C. Code Laws §§ 39-5-10, *et seq.;*

3    (pp)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

4  in violation of S.D. Code Laws §§ 37-24-1, *et seq.;*

5    (qq)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

6  in violation of Tenn. Code §§ 47-18-101, *et seq.;*

7    (rr)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

8  in violation of Tex. Bus. & Com. Code §§ 17.41, *et seq.;*

9    (ss)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

10  in violation of Utah Code Ann. § 13-1 1-1, *et seq.;*

11    (tt)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

12  in violation of Vt. Stat. Ann. tit. 9, §§ 245 1, *et seq.;*

13    (uu)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

14  in violation of Va. Code §§ 59.1-196, *et seq.;*

15    (vv)    Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent

16  acts or practices in violation of Wash. Rev. Code §§ 19.86.010, *et seq.;*

17    (ww)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices

18  in violation of W, Va. Code §§ 46A-6-101, *et seq.;*

19    (xx)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

20  in violation of Wis. Stat. §§ 100.20, *et seq.;* and

21    (yy)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices

22  in violation of Wyo. Stat. §§ 40-12-100, et seq.

23    47.    Plaintiff and members of the Class were injured by Defendants' conduct, which

24  created artificial demand for Bumbo Baby Sitters and at an artificially inflated price. As a direct and

25  proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or

26  practices, Plaintiff and the Class have suffered actual economic loss because they did not receive the

27  benefit of their bargain. Plaintiff and Class Members are entitled to damages, restitution,

28

1 disgorgement, and/or such orders or judgments as may be necessary to restore to any person in

2 interest, any money which may have been acquired by means of such unfair practices and to the relief

3 set forth below.

### COUNT II

### Breach of State Express Warranties

6     48.    The preceding paragraphs of this Class Action Complaint are realleged and

7 incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

8     49.    Defendants expressly represented and warranted to Plaintiff and members of the Class,

9 by and through statements, descriptions, and affirmations of fact made by Defendants or their

10 authorized agents or sales representatives, orally and in writing and in product advertisements and

11 marketing materials and other written or electronic materials intended for the general public, that the

12 Bumbo Baby Sitter was safe, fit and proper for its intended use. The aforementioned documents and

13 others containing express warranties regarding the Bumbo Baby Sitter and its usage were created by

14 and at the direction of Defendants.

15     50.    In reliance upon said warranties, Plaintiff and the Class members purchased said product.

16     51.    At the time they made such express warranties, Defendants knew the purpose for

17 which the Bumbo Baby Sitter was intended to be used and warranted the Bumbo Baby Sitter as

18 effective and proper for such purpose.

19     52.    Defendants knew and had reason to know that the Bumbo Baby Sitter did not conform

20 to these express representations because the Bumbo Baby Sitter is not usable as Defendants represented.

21     53.    The Bumbo Baby Sitter did not conform to Defendants' promises, descriptions or

22 affirmations of fact, nor were they fit for the ordinary purpose for which they were sold and used.

23 Nevertheless, Defendants continued to market the Bumbo Baby Sitter by means of false and

24 misleading information without regard to their actual safety and usability.

25     54.    As explained above, the Bumbo Baby Sitter was defective "in materials and

26 workmanship" because, as manufactured, the Bumbo Baby Sitter can collapse and tip and permit a

27 baby seated within it to slip out, flip out or fall out and suffer physical injury during normal and

28

1  foreseeable usage. Additionally, the design of the Bumbo Baby Sitter breached Defendants' express

2  warranty in that the Bumbo Baby Sitter was defective in workmanship.

3       55.   The Class members have been damaged by Defendants' breach of express warranties

4  to the Class members.

5       56.   Defendants' actions, as complained of herein, violate various state statutes listed

6  below:

7       (a)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

8  express warranty in violation of Ala. Code §§ 7-2-313.

9       (b)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

10  express warranty in violation of Ak. St. §§ 45.02.313.

11      (c)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

12  express warranty in violation of Ariz. Rev. Stat. Ann, §§ 47-2313.

13      (d)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

14  express warranty in violation of Ark. Code Ann. §§ 4-2-313.

15      (e)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

16  express warranty in violation of Co. Rev. St. §§ 4-2-313.

17      (f)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

18  express warranty in violation of Conn. Gen. Stat. Ann. §§ 42a-2-313.

19      (g)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

20  express warranty in violation of 6 Del. C. §§ 2-313.

21      (h)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

22  express warranty in violation of D.C. Stat. §§ 28:2-313.

23      (i)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

24  express warranty in violation of Fla. Stat. Ann. §§ 672.313.

25      (j)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

26  express warranty in violation of Ga. Code Ann. §§ 11-2-313.

27      (k)   Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

28

1 | express warranty in violation of Haw. Rev. Stat. §§ 490:2-313.

2 |      (l)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

3 | express warranty in violation of Id. Stat. §§ 28-2-313,

4 |      (m)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

5 | express warranty in violation of 810 Ill. Comp. Stat. 512-313.

6 |      (n)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

7 | express warranty in violation of Ind. Code §§ 26-1-2-313.

8 |      (o)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

9 | express warranty in violation of Iowa Code Ann. §§ 554,2313.

10 |      (p)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

11 | express warranty in violation of Kansas Stat. Ann. §§ 84-2-313.

12 |      (q)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

13 | express warranty in violation of Ken. Rev. Slat, §§ 355.2-313.

14 |      (r)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

15 | express warranty in violation of La. Civ, Code Ann. art. 2520.

16 |      (s)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

17 | express warranty in violation of 11 Maine Rev. Stat. Ann. §§ 2-313.

18 |      (t)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

19 | express warranty in violation of Md. Cora, Law Code Ann. §§ 2-313.

20 |      (u)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

21 | express warranty in violation of Mass. Gen. Laws Ann, 106 §§ 2-313,

22 |      (v)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

23 | express warranty in violation of Mich. Comp. Laws Ann. 440.2313b.

24 |      (w)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

25 | express warranty in violation of Minn. Stat. Ann. §§ 336.2-313.

26 |      (x)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

27 | express warranty in violation of Miss. Code Ann. §§ 75-2-313.

28

1    (y)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

2  express warranty in violation of Missouri Ann. Stat. 400.2-313.

3    (z)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

4  express warranty in violation of Mont. Code Ann. 30-2-313.

5    (aa)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

6  express warranty in violation of Neb. Rev. Stat. §§ 2-313.

7    (bb)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

8  express warranty in violation of Nev. Rev. Stat. 104.2313.

9    (cc)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

10  express warranty in violation of N.H. Rev. Stat. §§ 382-A:2-313.

11    (dd)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

12  express warranty in violation of N.J. Stat. ATM. 12A:2-313.

13    (ee)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

14  express warranty in violation of N.M. Stat. Ann. §§ 55-2-313.

15    (ff)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

16  express warranty in violation of N.Y. U.C.C. Law §§ 2-313.

17    (gg)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

18  express warranty in violation of N.C. Gen. Stat. Ann. §§ 25-2-313.

19    (hh)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

20  express warranty in violation of N.D. Stat 41-02-30.

21    (ii)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

22  express warranty in violation of Ohio Rev. Code Ann. §§ 1302.26.

23    (jj)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

24  express warranty in violation of Okla. Stat. Ann. tit. 12A, §§ 2-313.

25    (kk)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

26  express warranty in violation of Or. Rev. Stat. §§ 72.3130.

27    (ll)    Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

28

1  express warranty in violation of Pa. Stat. Aim. tit. 13, §§ 2313.

2      (mm)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

3  express warranty in violation of R.I. Stat. §§ 6A-2-313.

4      (nn)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

5  express warranty in violation of S.C. §§ 36-2-313.

6      (oo)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

7  express warranty in violation of S.D. Cod. Laws. §§ 57A-2-313.

8      (pp)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

9  express warranty in violation of Tenn. Code Ann. §§ 47-2-313.

10      (qq)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

11  express warranty in violation of Tex. Bus. & Com, Code Ann. §§ 2313.

12      (rr)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

13  express warranty in violation of lit. Code Ann. §§ 70A-2-313.

14      (ss)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

15  express warranty in violation of Vt. Stat. Ann, §§ 2-313.

16      (tt)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

17  express warranty in violation of Va. Code Ann. §§ 8.2-313.

18      (uu)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

19  express warranty in violation of Wa. Ann. 62A.2-313.

20      (vv)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

21  express warranty in violation of W. Va. Code §§ 46-2-313.

22      (ww)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

23  express warranty in violation of Wis. Stat. Ann. 402.313.

24      (xx)  Defendants' sale and promotion of the Bumbo Baby Sitter constitutes a breach of

25  express warranty in violation of Wyo. Stat. 34.1-2-313.

26      57.  Defendants' conduct injured Plaintiff and members of the Class by breaching their

27  express warranties, thereby causing Plaintiff and Class members to pay a premium price for a product

28

1  that should not have been on the market.

2      58.    Plaintiff and the Class members have incurred damages as described herein as a direct

3  and proximate result of the breach and failure of Defendants to honor their express warranties, in that

4  Plaintiff and the Class members would not have purchased the Bumbo Baby Sitter had they known

5  the truth about the product.

6                              **COUNT III**

7                   **Breach of State Implied Warranties**

8      59.    The preceding paragraphs of this Class Action Complaint are realleged and

9  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

10      60.    Defendants sold and promoted the Bumbo Baby Sitter, which they placed into the

11  stream of commerce.  Defendants knew or had reason to know of the specific use for which the

12  Bumbo Baby Sitters were purchased, and they impliedly warranted that Bumbo Baby Sitters were of

13  merchantable quality and fit for such use.  This implied warranty included, among other things (i) a

14  warranty that the Bumbo Baby Sitter manufactured, supplied, distributed and/or sold by Defendants

15  were safe for use by babies; and (ii) a warranty that the Bumbo Baby Sitter would be fit for its

16  intended use and would not be subject to collapse, tipping and spilling of babies when used in a

17  foreseeable and intended manner.

18      61.    Plaintiff and members of the Class reasonably relied upon the expertise, skill,

19  judgment and knowledge of Defendants and upon their implied warranty that Bumbo Baby Sitters

20  were of merchantable quality and fit for their intended use.

21      62.    Through the conduct alleged herein, Defendants have breached the implied warranty

22  of fitness for a particular purpose.  The defectively designed Bumbo Baby Sitter was not fit for the

23  particular purpose for which it was purchased by the Class members to perform. The Class members

24  purchased the Bumbo Baby Sitter for the particular purpose of holding babies. Defendants knew that

25  the Class members were purchasing the Bumbo Baby Sitter for this particular purpose.  Indeed,

26  Defendants marketed the Bumbo Baby Sitter as being fit for this particular purpose.

27      63.    Plaintiff and members of the Class relied on Defendants' misrepresentations by

28

1  purchasing Bumbo Baby Sitters.

2       64.    Defendants knew or had reason to know that Plaintiff and members of the Class were

3  influenced to purchase Bumbo Baby Sitters through Defendants' expertise, skill, judgment and

4  knowledge in furnishing Bumbo Baby Sitters for their intended use.

5       65.    Bumbo Baby Sitters were not of merchantable quality and were not fit for their

6  intended use because they are susceptible to collapse, tipping, and spilling of, or failure to contain,

7  babies, which renders the Bumbo Baby Sitter unsafe to use.

8       66.    Defendants' actions, as complained of herein, violate various state statutes listed

9  below:

10      (a)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

11 merchantable quality and fit for such use in violation of Ala. Code §§ 7-2-314.

12      (b)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

13 merchantable quality and fit for such use in violation of Alaska Stat. §§ 45.02.314.

14      (c)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

15 merchantable quality and fit for such use in violation of Ak. St. §§ 45.02314.

16      (d)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

17 merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. §§ 47-2314.

18      (e)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

19 merchantable quality and fit for such use in violation of Co. Rev. St. §§ 4-2-314.

20      (f)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

21 merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. §§ 42a-2-314.

22      (g)    Defendants breached their implied warranty that GL1800s were of merchantable

23 quality and fit for such use in violation of 6 Del. C. §§ 2-314.

24      (h)    Defendants breached their implied warranty that GL1800s were of merchantable

25 quality and fit for such use in violation of D.C. Stat. §§ 28:2-314.

26      (i)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

27 merchantable quality and fit for such use in violation of Fla. Stat. Ann. §§ 672.314.

28

COMPLAINT

1   (j)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

2 merchantable quality and fit for such use in violation of Ga. Code Ann. §§ 11-20-314.

3   (k)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

4 merchantable quality and fit for such use in violation of Haw. Rev. Stat. §§ 490:2-314.

5   (l)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

6 merchantable quality and fit for such use in violation of Id. Stat. §§ 28-2-314.

7   (m)  Defendants breathed their implied warranty that Bumbo Baby Sitters were of

8 merchantable quality and fit for such use in violation of 810 ILCS 512-314.

9   (n)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

10 merchantable quality and fit for such use in violation of Ind. Code §§ 26-1-2-314.

11   (o)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

12 merchantable quality and fit for such use in violation of Iowa Code Ann. §§ 554.2314.

13   (p)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

14 merchantable quality and fit for such use in violation of Kansas Stat. Ann. §§ 84-2-314.

15   (q)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

16 merchantable quality and fit for such use in violation of Ken. Rev. Stat. §§ 355.2-314.

17   (r)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

18 merchantable quality and fit for such use in violation of La. Civ. Code Arm. art. 2520.

19   (s)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

20 merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. §§ 2-314.

21   (t)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

22 merchantable quality and fit for such use in violation of Md. Com. Law Code Ann. §§ 2-314.

23   (u)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

24 merchantable quality and fit for such use in violation of Mass, Gen. Laws Ann. 106 §§ 2-314.

25   (v)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

26 merchantable quality and fit for such use in violation of Mich, Comp. Laws Ann. 440.2314.

27   (w)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

28

1  merchantable quality and fit for such use in violation of Minn. Stat, Aim. §§ 336.2-314.

2       (x)     Defendants breached their implied warranty that Bumbo Baby Sitters were of

3  merchantable quality and fit for such use in violation of Miss. Code Ann. §§ 75-2-314.

4       (y)     Defendants breached their implied  warranty that Bumbo Baby Sitters were of

5  merchantable quality and fit for such use in violation of Missouri Ann. Stat. 400.2-314.

6       (z)     Defendants breached their implied warranty that Bumbo Baby Sitters were of

7  merchantable quality and fit for such use in violation of Mont. Code Ann. 30-2-314.

8       (aa)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

9  merchantable quality and fit for such use in violation of Neb. Rev. State. §§ 2-314.

10      (bb)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

11  merchantable quality and fit for such use in violation of Nev. Rev. Stat. 104.2314.

12      (cc)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

13  merchantable quality and fit for such use in violation of N.H. Rev. Stat. §§ 382-A:2-314.

14      (dd)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

15  merchantable quality and fit for such use in violation of N.J. Stat, Ann. 12A:2-314.

16      (ee)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

17  merchantable quality and fit for such use in violation of N.M. Stat. Ann. §§ 55-2-314.

18      (ff)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

19  merchantable quality and fit for such use in violation of N.Y. U.C.C. Law §§ 2-314.

20      (gg)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

21  merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. §§ 25-2-314.

22      (hh)    Defendants breached its implied warranty that GL1800s were of merchantable quality

23  and fit for such use in violation of N.D. Stat 41-02-31.

24      (ii)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

25  merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. §§ 1302.267.

26      (jj)    Defendants breached their implied warranty that Bumbo Baby Sitters were of

27  merchantable quality and fit for such use in violation of Okla. Stat. Ann. tit. 12A, §§ 2-314.

28

1     (kk)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

2 merchantable quality and fit for such use in violation of Or. Rev. Stat. §§ 72.3140.

3     (ll)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

4 merchantable quality and fit for such use in violation of Pa. Stat. Ann. tit. 13, §§ 2314.

5     (mm)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

6 merchantable quality and fit for such use in violation of RI Stat. §§ 6A-2-314.

7     (nn)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

8 merchantable quality and fit for such use in violation of S.C. §§ 36-2-314.

9     (oo)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

10 merchantable quality and fit for such use in violation of S.D. Cod. Laws. §§ 57A-2-314.

11     (pp)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

12 merchantable quality and fit for such use in violation of Tenn. Code Ann. §§ 47-2-314.

13     (qq)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

14 merchantable quality and fit for such use in violation of Tex. Bus. & Com. Code Ann. §§ 2.314.

15     (rr)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

16 merchantable quality and fit for such use in violation of Ut. Code Ann. §§ 70A-2-314.

17     (ss)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

18 merchantable quality and fit for such use in violation of Vt. Stat. Ann. §§ 2-314.

19     (tt)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

20 merchantable quality and fit for such use in violation of Va. Code Ann. §§ 8.2-314.

21     (uu)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

22 merchantable quality and fit for such use in violation of Wa. Ann. 62A.2-314.

23     (vv)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

24 merchantable quality and fit for such use in violation of W. Va. Code §§ 46-2-314.

25     (ww)  Defendants breached their implied warranty that Bumbo Baby Sitters were of

26 merchantable quality and fit for such use in violation of Wis. Stat. Ann. 402.314.

27     (xx)   Defendants breached their implied warranty that Bumbo Baby Sitters were of

28

1  merchantable quality and fit for such use in violation of Wyo. Stat. 34.1-2-314.

2      67.    Plaintiff and the Class members have incurred damages as described herein as a direct

3  and proximate result of the breach and failure of Defendants to honor their implied warranty in that

4  Plaintiff and the Class members would not have purchased and/or paid as much for their Bumbo Baby

5  Sitters had they known the truth about the product.

6  **COUNT IV**

7  **Violation of State Unjust Enrichment Common Laws**

8      68.    The preceding paragraphs of this Class Action Complaint are realleged and

9  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

10      69.    To the detriment of Plaintiff and members of the Class, Defendants have been, and

11  continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of payments

12  for Bumbo Baby Sitters.

13      70.    Defendants have unjustly benefitted through the unlawful and/or wrongful collection

14  of payments for Bumbo Baby Sitters and continue to so benefit to the detriment and at the expense

15  of Plaintiff and members of the Class.

16      71.    Accordingly, Plaintiff and members of the Class seek full restitution of Defendants'

17  enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct

18  alleged herein.

19  **VII.  ADDITIONAL OR ALTERNATIVE CAUSES OF ACTION**

20      72.    Additionally, or in the alternative, Plaintiff asserts the following causes of action on

21  a state-wide basis.

22  **ALTERNATIVE COUNT I**

23  **Violations Of Unfair Competition Law**

24  **(California Business And Professions Code §§§§ 17200, et seq.)**

25      73.    The preceding paragraphs of this Class Action Complaint are realleged and

26  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

27      74.    Defendants' actions, as complained of herein, constitute unfair, deceptive and unlawful

28

COMPLAINT -25-

1   practices committed in violation of California's Unfair Competition Law, *Business & Professions*

2   *Code* §§§§ 17200 *et seq.*

3       75.    Defendants violated the "fraudulent" prong of §§ 17200, the "unfair" prong of §§

4   17200, and the "unlawful" prong of §§ 17200 by the conduct alleged herein.

5       76.    The conduct alleged herein occurred in the course of Defendants' business.

6   Defendants' wrongful conduct was part of a pattern or generalized course of conduct repeated on

7   many occasions daily.

## ALTERNATIVE COUNT II

### Untrue And Misleading Advertising

### (California Business And Professions Code §§§§ 17500, *et seq.*)

11      77.    The preceding paragraphs of this Class Action Complaint are realleged and

12  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

13      78.    *Business & Professions Code* §§ 17500 provides that "[i]t is unlawful for any ...

14  corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any

15  obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this

16  state before the public in any state, in any newspaper or other publication, or any advertising device,

17  or by public outcry or proclamation, or in any other manner or means whatever, including over the

18  Internet, any statement which is untrue or misleading, and which is known, or which by the exercise

19  of reasonable care should be known, to be untrue or misleading...."

20      79.    Defendants' use of various forms of advertising media to advertise, call attention to

21  or give publicity to the sale of its goods and services, and other practices, as set forth above, which

22  are not as advertised or as otherwise represented, constitutes unfair competition, unfair, deceptive,

23  untrue or misleading advertising, under *Business & Professions Code* § 17500 *et seq.* These

24  advertisements and practices have deceived, and are likely to deceive, the consuming public, in

25  violation of those sections.

26      80.    Defendants' business acts and practices, as alleged herein, have caused injury to

27  Plaintiff, the Class, and the public.

28

1    81.    Plaintiff and the Class are entitled to restitution and injunctive relief enjoining
2  Defendants to cease and desist from engaging in the practices described herein.

3                          ALTERNATIVE COUNT III

4                  Violations of Consumers Legal Remedies Act

5                    (California Civil Code §§ 1750, et seq.)

6    82.    The preceding paragraphs of this Class Action Complaint are realleged and
7  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

8    83.    The Consumers Legal Remedies Act, California Civil Code § 1750 et seq. (hereinafter
9  "CLRA") was designed and enacted to protect consumers from unfair and deceptive business
10  practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil
11  Code § 1770.

12    84.    The CLRA applied to Defendants' actions and conduct described herein because it
13  extends to the sale of goods or services for personal, family or household use.

14    85.    At all relevant times, Plaintiff and members of the Class were "consumers" as that term
15  is defined in Civil Code § 1761(d).

16    86.    The transactions from which this action arises include transactions involving the sale
17  or lease of goods or services for personal, family or household purposes within the meaning of Civil
18  Code § 1761.

19    87.    Defendants' practices in connection with the marketing and sale of the Bumbo Baby
20  Sitter violate the CLRA in at least the following respects:

21    (a)    In violation of § 1770(0(5), Defendants knowingly misrepresented the character, uses
22  and benefits of the Bumbo Baby Sitter;

23    (b)    In violation of § 1770(a)(7), Defendants knowingly misrepresented the standard and
24  quality of the Bumbo Baby Sitter;

25    (c)    In violation of § 1770(a)(9), Defendants have knowingly advertised the Bumbo Baby
26  Sitter with the intent not to sell them as advertised; and

27    (d)    In violation of § 1770(14), Defendants knowingly misrepresented the legal rights,

28

1  obligation, or remedies involved in the purchase and sale of the Bumbo Baby Sitter.

2      88.    Defendants' failure to disclose and knowing concealment of the Bumbo Baby Sitter's

3  defects are omissions and concealments of material fact that constitute unfair and/or deceptive

4  business practices in violation of *California Civil Code* Section § 1770(a).

5      89.    Defendants' violations of *Civil Code* § 1770 present a continuing threat to members

6  of the public in that Defendants are continuing to engage in the practices alleged herein, and will not

7  cease until an injunction is issued by this Court.

8                              **ALTERNATIVE COUNT IV**

9                           **Breach of Express Warranties**

10                        **(California Commercial Code § 2313)**

11      90.    The preceding paragraphs of this Class Action Complaint are realleged and

12  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

13      91.    Defendants expressly represented and warranted to Plaintiff and members of the Class,

14  by and through statements, descriptions, and affirmations of fact made by Defendants or their

15  authorized agents or sales representatives, orally and in writing and in product advertisements and

16  marketing materials and other written materials intended for the general public, that the Bumbo Baby

17  Sitter was safe, and fit and proper for its intended use.

18      92.    In reliance upon said warranties, Plaintiff and the Class members purchased said product.

19      93.    At the time it made such express warranties, Defendants knew the purpose for which

20  the Bumbo Baby Sitter was intended to be used and warranted the Bumbo Baby Sitter as effective and

21  proper for such purpose.

22      94.    Defendants knew and had reason to know that the Bumbo Baby Sitter did not conform

23  to these express representations because Bumbo Baby Sitters are neither as safe nor useable as

24  Defendants represented.

25      95.    Bumbo Baby Sitters did not conform to Defendants' promises, descriptions or

26  affirmations of fact, nor were they fit for the ordinary purpose for which they were sold and used.

27  Nevertheless, Defendants continued to market the Bumbo Baby Sitter by means of false and

28

1    misleading information without regard to the product's actual safety and usability.

2        96.    Defendants' actions, as complained of herein, constitutes a breach of express warranty

3    in violation of *California Commercial Code* § 2313.

4        97.    Plaintiff and the Class members have incurred damages as described herein as a direct

5    and proximate result of the breach and failure of Defendants to honor its express warranties, in that

6    Plaintiffs and the Class members would not have purchased their Bumbo Baby Sitters had they known

7    the truth about the product.  Instead Defendants' conduct caused them to pay a premium price for a

8    product that should not have been on the market.

9                          **ALTERNATIVE COUNT V**

10                        **Breach Of Implied Warranties**

11                   **(California Commercial Code § 2314)**

12       98.    The preceding paragraphs of this Class Action Complaint are realleged and

13    incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

14       99.    Defendants had direct dealings with Plaintiff and the Class through their vast

15    marketing efforts.  As a result of their direct dealings with Defendants, Plaintiff and the Class

16    purchased Bumbo Baby Sitters from Defendants and Defendants' authorized retailers.  Plaintiff and

17    the Class relied on Defendants' superior skill and judgment to manufacture and sell products suitable

18    for the purpose for which they are intended.

19       100.   Defendants sold and promoted the Bumbo Baby Sitter, which they placed into the

20    stream of commerce.  Defendants knew or had reason to know of the specific use for which the

21    Bumbo Baby Sitter was purchased, and Defendants impliedly warranted that the Bumbo Baby Sitter

22    was of merchantable quality and fit for such use. This implied warranty included, among other things

23    (i) a warranty that the Bumbo Baby Sitter manufactured, supplied, distributed and/or sold by

24    Defendant were safe for use by babies; and (ii) a warranty that the Bumbo Baby Sitter would be fit

25    for its intended use and would not be subject to collapse and the spilling of babies when used in a

26    foreseeable and intended manner.

27       101.   Plaintiff and members of the Class reasonably relied upon the expertise, skill,

28

1   judgment and knowledge of Defendants and upon their implied warranty that Bumbo Baby Seats were

2   of merchantable quality and fit for their intended use.

3       102.    Through the conduct alleged herein, Defendants have breached the implied warranty

4   of fitness for a particular purpose. The defectively designed Bumbo Baby Sitter was not fit for the

5   particular purpose for which it was purchased by the Class members to perform. The Class members

6   purchased the Bumbo Baby Sitters for the particular purpose of placing babies in them. Defendants

7   knew that the Class members were purchasing the Bumbo Baby Sitter for this particular purpose.

8   Indeed, Defendants marketed the Bumbo Baby Sitter as being fit for this particular purpose.

9       103.    Defendants knew or had reason to know that Plaintiff and members of the Class were

10  influenced to purchase the Bumbo Baby Sitter through Defendants' expertise, skill, judgment and

11  knowledge in furnishing the Bumbo Baby Sitter for its intended use.

12      104.    Defendants' actions, as complained of herein, breached their implied warranty that the

13  Bumbo Baby Sitter was of merchantable quality and fit for such use in violation of *Cal. Comm. Code*

14  § 2314.

15      105.    Plaintiff and the Class members have incurred damages as described herein as a direct

16  and proximate result of the breach and failure of Defendants to honor their implied warranty in that

17  Plaintiff and the Class members would not have purchased the Bumbo Baby Sitters had they known

18  the truth about the product.

19                          **ALTERNATIVE COUNT VI**

20                      **Common Law Unjust Enrichment**

21      106.    The preceding paragraphs of this Class Action Complaint are realleged and

22  incorporated by reference and asserted by Plaintiff on behalf of herself and members of the Class.

23      107.    To the detriment of Plaintiff and members of the Class, Defendants have been, and

24  continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of payments

25  for the Bumbo Baby Sitter. Defendants have unjustly benefitted through the unlawful and/or wrongful

26  collection of payments for Bumbo Baby Sitters and continue to so benefit to the detriment and at the

27  expense of Plaintiff and members of the Class.

28

108.    As between the parties, it would be unjust for Defendants to retain the benefits attained by their actions.  Accordingly, Plaintiff and members of the Class seek fun restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class members request that the Court enter an order or judgment against Defendants including the following:

1.    Certification of the action as a Class Action pursuant to Rule 23(b)(2) of the *Federal Rules of Civil Procedure* with respect to Plaintiffs' claims for injunctive relief, and Rule 23(b)(3) of the *Federal Rules of Civil Procedure* with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

2.    Damages in the amount of monies paid for Bumbo Baby Sitters;

3.    Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

4.    Pre-judgment and post-judgment interest on such monetary relief;

5.    Equitable relief in the form of restitution, including restitutionary disgorgement into a fluid recovery fund, to restore monies received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged in herein;

6.    Other appropriate injunctive relief; and

7.    The costs of bringing this suit, including reasonable attorneys' fees.

Dated: 2 November 2007

THE EDGAR LAW FIRM

Donald S. Edgar, Esq.
Jeremy R. Fietz, Esq.
Rex Grady, Esq.
Attorneys for Plaintiff

COMPLAINT                                                              -31-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, of all issues so triable.