Donald S. Edgar, Esq. (State Bar No. 139324)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
Rex Grady, Esq. (State Bar No. 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM, <br><br> Plaintiffs, <br><br> v. <br><br> BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20, <br><br> Defendants. | CASE NO.:CV 07-04807 MHP <br><br> **REPLY BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; SUPPLEMENTAL DECLARATION OF JEREMY R. FIETZ IN SUPPORT** <br><br><br> Complaint Filed: August 16, 2007 |

## I. Introduction

Plaintiffs wish to reiterate to the Court the issues discussed at the recent CMC – particularly that the two cases under consideration (Lamm and Whitson) arise out of the purchase and use of the same exact product. The Plaintiff in the Whitson matter, was the purchaser of the Bumbo Baby Sitter product that is in issue in this case. Ms. Whitson purchased it from the Target Gift Registry that the Lamm plaintiffs had registered for. The Lamm Plaintiffs were then gifted the Bumbo Baby Sitter from Plaintiff Whitson as a baby

1

1  shower gift for their infant son.  The infant, Dylan Lamm, was then injured when using that

2  same Bumbo Baby Sitter purchased by Whitson.  The Whitson plaintiff seeks class-based

3  damages for purchasers of the defective product, while the Lamm plaintiffs seek recovery

4  of their personal injury damages.  Both cases seek injunctive relief.  One element of that

5  injunctive relief sought (greater warnings) has already been the subject of a nationwide

6  recall by the Consumer Product Safety Commission since the Lamm case was filed.  As

7  discussed in more detail below, both cases arise out of the same product, whose

8  defectiveness and/or lack of adequate warnings is at the heart of liability in both matters.

9      Defendant Target opposes the relation of these cases, citing three arguments: 1)

10  that the parties to each litigation are not similar, 2) that the actions do not concern the

11  same transaction or event, and, 3) the requirements of proof for each complaint

12  substantially differ.  They are wrong on each issue.

13  ## II.  The Parties To The Litigation Are Similar

14      The entire panoply of Defendants in the two cases are not just similar, they are

15  identical.  Also, Defendants are represented by the same counsel in both cases.  Plaintiffs

16  are also represented by the same counsel in both cases.  The only difference between the

17  parties, is that the Plaintiff in the Whitson case is a close friend of the Lamm Plaintiffs and

18  was the purchaser of the identical product that is in issue in both cases, that was used by

19  the Lamm Plaintiffs.

20  ## III.  The Actions Do Concern The Same Transaction Or Event

21      If Whitson had not purchased the Bumbo Baby Sitter for the Lamm family, Dylan

22  Lamm would not have been injured.  If Dylan had not been injured, the Lamm family would

23  not have filed suit for personal injury and Ms. Whitson would not have become alerted to

24  the defective nature of the product and filed her own suit.  The actions clearly do concern

25  the same transactions and events.  Even more obviously, the actions concern the same

26  product.  It is interesting to note that conspicuously absent from Defendant's opposition,

27  is a recognition that Civil Local Rule 3-12(a) also refers to relating cases when they

28

concern substantially the same "product". In this case, the actions do not just concern substantially the same product, **but the exact identical product**! In that regard, it is clear that the outcome of each case is dependent upon the exact same liability questions: was the Bumbo Baby Sitter, (purchased by Whitson and used by the Lamm family) a defective product (either because it was defectively designed or because of inadequate warnings). In both cases, the Plaintiffs will have to establish that the product was defective in order to succeed on liability. This brings us to addressing the last of Defendant's arguments.

## IV.  There Will Indeed Be Duplication Of Labor and Expense Because The Requirements Of Proof Are Similar In Both Cases

Despite Defendant's strained arguments to the contrary, it is clear that the cases will require substantially identical elements of proof. Proof of the defective nature of the product is expected to include evidence of other similar incidents, defendants' notice of those incidents, as well as expert testimony. This will be the same evidence in both cases. Motions concerning discovery of relevant facts concerning the product, motions for summary judgment on liability grounds, and motions concerning expert witnesses, are expected and will be substantially similar, if not identical in the two cases.

In short, these cases satisfy not just one, but each and every one of the alternative prongs justifying relation of cases in the Northern District. Plaintiffs respectfully request that the Whitson case (Case No. . 07-05597) be deemed related to the within Lamm case, and transferred to the honorable Marilyn Hall Patel for further judicial management.

DATED: January 11, 2007                    Respectfully submitted,

                                           **EDGAR LAW FIRM**

                                           Jeremy R. Fietz, Esq.

## SUPPLEMENTAL DECLARATION OF JEREMY R. FIETZ, ESQ.

I, Jeremy R. Fietz, declare:

1. I am a partner with the Edgar Law Firm, attorneys of record for Plaintiffs in the above-captioned matter and in *Wendy Whitson v. Bumbo, et al.*, Case No. C 07-05597 CW.

2. I am informed and believe that the Plaintiff in the Whitson matter, was the purchaser of the Bumbo Baby Sitter product that is in issue in this case. Ms. Whitson purchased it from the Target Gift Registry that the Lamm plaintiffs had registered for. The Lamm Plaintiffs in this matter, were then gifted the Bumbo Baby Sitter from Plaintiff Whitson as a baby shower gift for their infant son. The infant, Dylan Lamm, was then injured when using that same Bumbo Baby Sitter purchased by Whitson.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 11th day of January, 2008 at Santa Rosa, California.

JEREMY R. FIETZ, ESQ.

1

**PROOF OF SERVICE**

2      I am employed in the City and County of Santa Rosa, State of California. I am over

3   the age of 18 and not a party to the within action. My business address is 408 College

4   Avenue, Santa Rosa, California 95401. I served the foregoing document(s) described as:

5

**ADMINISTRATIVE MOTION TO RELATE CASES**

6   on the interested parties by placing (  ) the original ( X ) a true and correct copy thereof in

7   a sealed envelope addressed as follows:

8

9
GAIL C. TRABISH, ESQ.                           ROD D. MARGO, ESQ.
10   BOORNAZIAN, JENSEN & GARTHE        CONDON & FORSYTH LLP
555 12th Street, Suite 1800                      1901 Avenue of the Stars, Suite 850
11   P. O. Box 12925                                    Los Angeles, CA 90067-60102925
Oakland, CA 94604-2925                       Telephone: (310) 557-2030
12   Telephone: (510) 834-4350                   Facsimile: (310) 557-1299
Facsimile: (510) 839-1897
13
**Attorneys for Bumbo Defendants**
14   **Attorneys for Target Corporation**

15   
| X |     VIA OVERNIGHT MAIL:
16
BY DELIVERING SUCH DOCUMENTS TO AN OVERNIGHT MAIL SERVICE OR AN
17      AUTHORIZED COURIER IN AN ENVELOPE OR PACKAGE DESIGNATED BY THE EXPRESS
SERVICE COURIER ADDRESSED TO THE PERSON(S) ON WHOM IT IS TO BE SERVED.
18

19   | X |     FEDERAL:

20      I DECLARE THAT I AM EMPLOYED IN THE OFFICE OF A MEMBER OF THE BAR OF THIS
COURT AT WHOSE DIRECTION THE SERVICE WAS MADE.
21

22   I declare under penalty of perjury under the laws of the state of California, and United

23   States of America that the above is true and correct and was executed on January 11,
2008.

24

25

26
JEREMY R. FIETZ, ESQ.
27

28

**ADMINISTRATIVE MOTION TO RELATE CASES**          CASE NO.:CV 07-04807 MHP          5