1   Rod D. Margo (State Bar No.: 097706)
    Jennifer J. Johnston (State Bar No.: 125737)
2   CONDON & FORSYTH LLP
    1901 Avenue of the Stars, Suite 850
3   Los Angeles, California 90067-6010
    Telephone: (310) 557-2030
4   Facsimile: (310) 557-1299
    Email: rmargo@condonlaw.com
5   Email: jjohnston@condonlaw.com

6   Attorneys for *Specially Appearing* Defendant
    BUMBO (PTY) LTD.
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  DYLAN LAMM, a minor by and           )   Case No. C 07-04807 MHP
    through his guardian ad litem, MARY  )
12  CATHERINE DOHERTY; and KEVIN         )   MEMORANDUM OF POINTS AND
    LAMM,                                )   AUTHORITIES IN SUPPORT OF
13                                       )   MOTION TO QUASH SERVICE,
            Plaintiffs,                  )   DISMISS FOR IMPROPER
14                                       )   SERVICE, LACK OF PERSONAL
        vs.                              )   JURISDICTION AND FAILURE TO
15                                       )   SERVE, AND FOR SANCTIONS
    BUMBO, BUMBO LIMITED, BUMBO          )
16  (PTY) LTD.;TARGET                    )   Date:    February 25, 2008
    CORPORATION; and DOES 1 to 20,       )   Time:    2:00 p.m.
17                                       )   Place:   Courtroom of the Hon.
            Defendants.                  )            Marilyn Hall Patel
18  _____ )

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2                                                                                      Page

3    TABLE OF AUTHORITIES ................................................................ii-iii

4    INTRODUCTION .................................................................................2

5    FACTUAL AND PROCEDURAL BACKGROUND ................................3

6    ISSUES TO BE DECIDED ...................................................................7

7    STANDARD.........................................................................................8

8    ARGUMENT .......................................................................................9

9          I.     BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFFS
                  HAVE FAILED TO EFFECT SERVICE OF PROCESS ON
10                DEFENDANT ...........................................................................9

11         II.    THIS COURT CANNOT EXERCISE *IN
                  PERSONAM* JURISDICTION OVER BUMBO-PTY. ......................10
12
                  A.  PLAINTIFFS CANNOT SHOW THAT BUMBO-PTY HAS THE
13                REQUISITE MINIMUM CONTACTS WITH CALIFORNIA TO
                  JUSTIFY GENERAL JURISDICTION ...............................12
14
                  B.  THIS COURT CANNOT ASSERT SPECIFIC JURISDICTION
15                OVER BUMBO-PTY .........................................................13

16         III.   THE COURT SHOULD IMPOSE SANCTIONS
                  BECAUSE PLAINTIFFS' COUNSEL HAS ACTED
17                UNREASONABLY AND VEXATIOUSLY IN FORCING
                  BUMBO-PTY TO EXPEND UNNECESSARY COSTS
18                AND FEES IN SEEKING TO DISMISS THIS ACTION BASED
                  UPON A KNOWINGLY FRAUDULENT PROOF OF SERVICE ..16
19
      CONCLUSION...................................................................................18
20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.,*
    51 F.2d 784, 787 (9th Cir. 1977) ........................................................................11

*Asahi Metal Indust. Co. v. Superior Court of California,*
    80 U.S. 102, 114 (1987) ...................................................................12, 14, 15

*B.M.K. v. Maui Police Dep't,*
    76 F.3d 1091, 1106 (9th Cir. 2002) .................................................................16

*Burger King Corp. v. Rudzewicz,*
    71 U.S. 462, 475 (1985) ....................................................................................11

*Chambers v. NASCO, Inc.,*
    01 U.S. 32, 43 (1991) .......................................................................................16

*Core-Vent Corp. v. Nobel Industries AB,*
    1 F.3d 1482, 1484 (9th Cir. 1993) ...................................................................11

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.,*
    57 F.2d 1280, 1287 (9th Cir. 1977) .................................................................14

*Dean v. Motel 6 Operating L.P.,*
    34 F.3d 1269, 1275-76 (6th Cir. 1998) ............................................................11

*Decker Coal Co. v. Commonwealth Edison Co.,*
    05 F.2d 834, 838 (9th Cir. 1986) .....................................................................11

*Felix v. Bomoro Kommanditgesellschaft,*
    96 Cal. App. 3d 106 (1987) .............................................................................15

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
    66 U.S. 408, 416 (1984) ...................................................................................13

*Jackson v. Hayakawa,*
    82 F.2d 1344, 1347 (9th Cir. 1982) ...................................................................9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-ii-

BUMBO (PTY) LTD.'S MOTION TO QUASH SERVICE,
DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE AND FOR
SANCTIONS
CASE NO. CV07-5597 CW

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Landis Revin Nutraceuticals v. Arthur Andrew Medical, Inc.(Slip Opinion)*
    2007 WL 391744 (E.D. Cal. 2007) ........................................................16, 17

*Marshall v. Warwick,*
    155 F.3d 1027, 1030 (8th Cir. 1998) ...........................................................9

*Montalbano v. Easco Hand Tools, Inc.,*
    766 F.2d 737, 740 (2d Cir. 1985).................................................................8

*Norlock v. City of Garland,*
    768 F.2d 654, 656 (5th Cir. 1985).................................................................8

*Omeluck v. Langsten Slip & Batbygerri A/S,*
    2 F.3d 267, 270 (9th Cir. 1995)...................................................................12

*Pumphrey v. K.W. Thompson Tool Co.,*
    2 F.3d 1128, 1131 (9th Cir. 1995)...............................................................16

*Rano v. Sipa Press, Inc.,*
    87 F.2d 299, 301 (9th Cir. 1993).................................................................14

*Rio Properties, Inc. v. Rio Int'l Interlink,*
    284 F.3d 1007, 1019 (9th Cir. 2002).............................................................8

*Sher v. Johnson,*
    11 F.2d 1357, 1360 (9th Cir. 1990).......................................................10, 11

*VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.,*
    3 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998)..............................................14, 15

*Wood v. Santa Barbara Chamber of Commerce,*
    05 F.2d 1515, 1522 (9th Cir. 1983).............................................................14

*Ziegler v. Indian River County,*
    4 F.3d 470, 473 (9th Cir. 1995)...........................................................12, 13

//
//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**Stautes**

28 U.S.C. 1927 ................................................................................................9, 16, 18

Cal. Code Civ. Proc. 410.10 ...............................................................................11

Fed. R. Civ. Proc. 4(h)(1) ....................................................................................9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## INTRODUCTION

2       On January 7, 2008, an Affidavit of Service ("Affidavit") was filed by

3   plaintiffs' counsel in this action. This Affidavit purported service of process on

4   "Bumbo Limited", a non-existent business entity. As it is unclear whether

5   plaintiffs are purporting to have served defendant Bumbo (Pty) Ltd. ("Bumbo-

6   Pty"), Bumbo-Pty is bringing this motion to set aside default, quash service for

7   lack of personal jurisdiction and failure to serve and for sanctions.

8       "Bumbo Limited," the defendant allegedly served and defaulted in this

9   action, does not exist.[1] Plaintiffs claim that they have successfully served "Bumbo

10  Limited" in Conroe, Texas. The moving defendant, Bumbo-Pty, is the only entity

11  named as a defendant which is an actual legal entity. Plaintiffs have failed to

12  effectively serve Bumbo-Pty, and this Court lacks personal jurisdiction over

13  defendant.

14      Bumbo-Pty is a South African corporation which manufactures a product

15  known as the "Baby Sitter." Bumbo-Pty's office and manufacturing facilities are

16  located in South Africa. Plaintiffs purported to serve "Bumbo Limited" by serving

17  Mark Buchanan ("Buchanan"), who is believed to be an officer of Wartburg

18  Enterprises, Inc. ("Wartburg"), a Florida corporation with its principal place of

19  business in Texas.[2] (See *Affidavit*.)

20      Wartburg is a distributor of the "Baby Sitter". Because neither Buchanan

21  nor Wartburg is an agent for service of Bumbo-Pty and neither are authorized to

22  accept service of process on its behalf, Bumbo-Pty has yet to be properly served,

23

---

24  [1] Plaintiffs have also allegedly sued "Bumbo," another non-existent defendant, but, to moving
    party's knowledge, plaintiffs have yet to attempt to serve "Bumbo" in this action. Plaintiff has,

25  however, purported to serve "Bumbo" in the case of *Whitson v. Bumbo*, et al., Case No. C07-
    05597 CW, also venued in this court in Hon. Claudia Wilken's department. This purported

26  service in the *Whitson* action is also the subject of a motion to quash/motion to dismiss,
    scheduled for hearing on February 21, 2008.

27  [2] In the *Whitson* matter, referenced above, plaintiff purportedly served Dione Buchanan,
    Buchanan's wife as "owner" for Bumbo. In this case, Buchanan himself was purportedly served

28  as owner for "Bumbo Limited."

2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  and its motion to dismiss this action pursuant to Federal Rule of Civil Procedure

2  12(b)(5) should be granted.

3      Further, Bumbo-Pty seeks dismissal of the action based on the absence of

4  personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

5  Bumbo-Pty is not subject to general or specific personal jurisdiction in California.

6      Finally, Bumbo-Pty seeks sanctions against plaintiffs and plaintiffs' counsel

7  for vexatiously and unreasonably multiplying the proceedings in this action and

8  necessitating this motion.

9              <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

10      Plaintiffs, Dylan Lamm, Mary Catherine Doherty, and Kevin Lamm

11  ("Plaintiffs"), all California residents[3], allege that on May 23, 2007, Kevin Lamm

12  placed then six month old Dylan, into the Bumbo Baby Sitter ("Baby Sitter").

13  Plaintiffs further allege that while seated in the Baby Sitter, Dylan "fell over and

14  out of the Bumbo Baby Sitter, striking his head and other parts of his body on the

15  ground, and thereby sustaining severe, permanent, and nearly life-threatening

16  injuries." (See *Plaintiff's Complaint* ("Complaint"), ¶12.)  Plaintiffs contend that

17  the Baby Sitter is "a product designed for use by infants" and further, that

18  "[d]efendant BUMBO describes the product as 'a revolutionary new concept . . .

19  uniquely designed according to the baby's posture to seat babies independently in

20  an upright sitting position, from as young as 3 months up to an age of

21  approximately 14 months … thereby providing a snug and cozy environment for

22  your baby.'"[4]  (*Id.* at ¶9.)  Plaintiffs allege that the Baby Sitter was received as a

23  gift in May 2007 from an unnamed "friend" who purchased the item at a Target

24  Store in Sonoma County, California.  (*Id.* at ¶11.)

25

26  _____

27  [3] Mary Catherine Doherty and Kevin Lamm are the parents of the minor child, Dylan Lamm.
[4] Although this quote is attributed to "Bumbo", there is no reference anywhere in the Complaint
as to where this quote originated.  Nor are there any attachments to the Complaint where this

28  quote may be found.

                                3

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Plaintiffs contend that the Baby Sitter and/or its component parts were

2    "defective, unsafe and unreasonably dangerous for their intended use." (*Id.* at ¶16.)

3    Plaintiffs further contend that they suffered general, special, actual and

4    compensatory damages as a "direct and proximate result" of said defects. (*Id.* at

5    ¶¶18, 19.) There are no references in the Complaint as to what these alleged

6    defects actually are. In addition, there are no references to the amount of damages

7    being sought by plaintiffs, except for a general allegation that the total amount of

8    damages are believed "to be in excess of the minimum jurisdictional limit of this

9    Court."

10    Plaintiffs bring claims under the following causes of action: Strict Product

11    Liability, Negligence, Wrongful Infliction of Emotional Distress and Injunctive

12    Relief Under Business & Professions Code Sec. 17200 against defendants, Bumbo,

13    Bumbo Limited, Bumbo (Pty) Ltd. and Target Corporation.[5]

14    Defendant Target is a corporation domiciled in Minnesota with retail

15    locations in California, as well as in many other states. (*Id.* at ¶4.) Bumbo-Pty is a

16    South African company that manufactures a product known as the "Baby Sitter."

17    (*Id.* at ¶¶3,9.) Bumbo-Pty products are sold through distributors and retailers,

18    world-wide. Target sold the Baby Sitter in California and other states.

19    Target has appeared in this action and has not contested the Court's

20    jurisdiction as to the claims against it and is defending the action on its merits.

21    On December 27, 2007, Plaintiffs purportedly attempted to serve "Bumbo

22    Limited" by serving Mark Buchanan, ostensibly as "owner" of "Bumbo Limited"

23    at 12248 Fm 1485, Conroe, TX 77306. (*See* Affidavit).[6] Mark Buchanan is not an

24

---

25    [5] This motion is brought on behalf of defendant Bumbo (Pty) Ltd. As discussed above, Bumbo
     (Pty) Ltd. has no knowledge, ownership or control of purported business entities "Bumbo" or

26    "Bumbo Limited," and believes that these are nonexistent entities.
     [6] At the risk of appearing repetitious, according to the Affidavit, only a defendant named

27    "Bumbo Limited" was allegedly served. "Bumbo Limited" does not exist. Thus, it is unclear at
     this time whether plaintiffs were even attempting to serve Bumbo-Pty. For the purposes of this

28    motion, moving party assumes this to be the case.

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

1   "owner" of Bumbo-Pty. Mark Buchanan also is not an officer, director, managing

2   agent or employee of Bumbo-Pty. Bumbo-Pty has no office or place of business at

3   12248 FM 1485, Conroe, Texas. Buchanan further is not authorized to accept

4   service on behalf of Bumbo-Pty. (*Declaration of Johan Nicholas Buitendach*

5   ("*Buitendach Decl.*"), ¶27).

6       Bumbo-Pty is a corporation that is domiciled and existing under the laws of

7   South Africa. (See *Complaint*, ¶3; *Buitendach Decl.*, ¶4.) Bumbo-Pty's principal

8   place of business is in Pretoria, South Africa. (*Buitendach Decl.*, ¶4.) Bumbo-

9   Pty does not have an office or employees at the address where service allegedly

10   occurred. (*Id.* at ¶28.) Bumbo-Pty also does not have any corporate offices,

11   warehouses or manufacturing facilities in Texas, California, or any other location

12   in the United States. (*Id.* at ¶9.) Bumbo-Pty is not registered or licensed to do

13   business in Texas, California, or any other location in the United States. (*Id.* at

14   ¶11.)

15       Bumbo-Pty is informed and believes that one of its U.S. distributors,

16   Wartburg, maintains a facility at the address where service was purportedly

17   affected. (*Id.* at ¶25.) Wartburg is not a "Bumbo" entity and is a corporation

18   separate and distinct from Bumbo-Pty. Wartburg is incorporated in the state of

19   Florida with its principal place of business in Texas. Wartburg also is not an agent

20   for service of process for Bumbo-Pty. (*Id.* at. ¶¶ 21-28.) (See also *Exhibit "D"* to

21   *Declaration of Jennifer J. Johnston ("Johnston Decl.").)*

22       In November 2007, Bumbo-Pty learned through Target that a lawsuit had

23   been filed against Target and Bumbo-Pty. (*Johnston Decl.,* ¶2.) Bumbo-Pty

24   initially retained Condon & Forsyth LLP ("C & F") to monitor the court docket.

25   (*Id.* at ¶4.) Bumbo-Pty had no information that it had been served, but it learned

26   through Target that Donald C. Edgar ("Edgar"), plaintiffs' attorney, was claiming

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

5

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 that he had served "Bumbo." *(Id.* at ¶3.) Bumbo-Pty requested C & F to contact

2 plaintiffs' counsel and request information about the purported service. *(Id.* at ¶5.)

3    On November 19, 2007, Jennifer J. Johnston ("Johnston"), a partner at C &

4 F, sent a letter to plaintiff's counsel requesting information regarding the purported

5 service of the summons and complaint. The letter further requested that counsel

6 advise Johnston before a default was requested. *(Id.* at ¶6; See *Exhibit "A"* to

7 *Johnston Decl.)*[7]

8    In response, Johnston received a letter dated November 21, 2007, from

9 Plaintiff's counsel refusing to provide C & F with any information regarding

10 service or to "enter into any agreements" with Johnston regarding the decision of

11 whether Plaintiff would seek default. *(Id.* at ¶7; See *Exhibit "B"* to *Johnston*

12 *Decl.)* Johnston then sent another letter to Plaintiff's counsel advising that C & F

13 had no information regarding any service on Bumbo-Pty and further requesting

14 that counsel "refrain from any attempts to take a default judgment against Bumbo."

15 *(Id.* at ¶8; See *Exhibit "C"* to *Johnston Decl.)*

16    In addition, multiple telephone calls were made from Jessica Viker

17 ("Viker"), a paralegal at C & F, to the office of Plaintiff's counsel during the

18 months of November and December 2007, requesting information on service. (See

19 *Declaration of Jessica Viker ("Viker Decl."),* ¶2.) Viker first spoke to Jeremy R.

20 Fietz, Esq. ("Fietz") who advised that he had no knowledge whatsoever of the case

21 and that Edgar would be the person with whom to speak. *(Id.* at ¶3.) Despite

22 leaving a message for Edgar, Viker never received a return phone call. *(Id.* at ¶4.)

23 Viker then elected to telephone Edgar again who stated that "Bumbo" had been

24

25 ───────────────

26 [7] Some of the correspondence in this action may reference the above-mentioned *Whitson* action
Plaintiffs' counsel has also refused to provide Bumbo-Pty's counsel with any information
regarding service in the *Whitson* action. Thus, much of the communication from C&F to

27 plaintiffs' counsel has been applicable to both actions. As discussed above, a motion to
quash/dismiss has already been filed in the *Whitson* action based upon a similarly defective

28 affidavit of service.

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

6

served "in South Africa," "sometime in October," but refused to give any details regarding when and how the service had been effected, or even the exact date on which service had allegedly been effected. (*Id.* at ¶5.)

On December 19, 2007, C & F was retained to defend Bumbo-Pty in both this matter and the *Whitson* action. After learning that a default based upon a defective affidavit had been entered against Bumbo-Pty in the *Whitson* matter, C & F filed a motion to set aside the default, quash service, dismiss for insufficiency of service of process and lack of personal jurisdiction and for sanctions due to plaintiff's vexatious and unreasonable conduct. This motion was filed on December 28, 2007. (*Id.* at ¶10.)

C & F learned that plaintiffs filed an affidavit of service on January 7, 2008, claiming that they had affected service in the subject action on "Bumbo Limited" by serving "Mark Buchanan" as "owner" in Conroe, Texas. C & F attempted to obtain information about the purported service and learned that the summons and complaint were, again, delivered to Wartburg. (*Id.* at ¶9.)

After learning of the defective Affidavit filed in the *Lamm* case, Johnston sent yet *another* letter to plaintiffs' counsel advising, again, that neither Wartburg nor Buchanan was authorized to accept service of process on behalf of Bumbo-Pty and requesting that counsel immediately withdraw their Affidavit. Plaintiff's counsel has not responded to this letter nor have they withdrawn their Affidavit as of the date of the filing of this motion. (*Johnston Decl.*, ¶12; See *Exhibit "E"* to *Johnston Decl.*) In addition, Bumbo-Pty's counsel has still not received any communication from Plaintiff's counsel regarding any service issue in either this case or the *Whitson* action. (*Id.* at ¶13.)

## ISSUES TO BE DECIDED

1.  Did plaintiffs properly serve process on Bumbo-Pty by personally serving the summons and complaint, on behalf of a non-existent defendant, at the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    address of a Texas facility of a Florida corporation which serves as a

2    distributor for Bumbo-Pty, when said corporation does not serve as officer,

3    director, employee, or agent for service of process of Bumbo-Pty?

4  2.  Are there sufficient contacts between Bumbo-Pty, a South African

5    corporation with no offices, property or employees in the United States and

6    the state of California to satisfy the constitutional requirements for the

7    exercise of personal jurisdiction over Bumbo-Pty in this venue?

8  3.  Did plaintiffs and their counsel engage in sanctionable, bad faith conduct by

9    refusing to provide Bumbo-Pty's counsel with any information regarding

10   service and filing a defective affidavit of service when plaintiffs and counsel

11   had repeatedly been given evidence that said affidavit was defective?

## STANDARD

13   Federal Rule 12(b)(5) permits a challenge to the method of service attempted

14  by plaintiff(s).  If a Rule 12(b)(5) motions is granted, the court may dismiss the

15  action.  *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2$^d$ Cir. 1985).

16  Where the validity of service is contested by a Rule 12 motion, the burden is on

17  plaintiff (the party claiming proper service has been effected) to establish the

18  validity of service.  *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

19   Under Rule 12(b)(2), a defendant may be dismissed from an action if the

20  court determines that it does not have personal jurisdiction over the defendant.

21  Again, although defendant is the moving party on the motion to dismiss, plaintiff is

22  the party who invoked the court's jurisdiction.  Therefore, plaintiff bears the

23  burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of

24  "minimum contacts" between defendant and the forum state.  *Rio Properties, Inc.*

25  *v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

26   Finally, Section 1927 of the United States Code provides that "any attorney

27  or other person admitted to conduct cases in any court of the United States or any

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

8

1    Territory thereof who so multiplies the proceedings in any case unreasonably or

2    vexatious may be required by the court to satisfy personally the excess costs,

3    expenses, and attorneys' fees reasonably incurred because of such conduct." 28

4    U.S.C. §1927.

5                                    ARGUMENT

6    I.    BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFFS HAVE
           FAILED TO EFFECT SERVICE OF PROCESS ON DEFENDANT
7

8            Plaintiffs' attempted service of the summons and complaint on Bumbo-Pty

9    was defective, and Bumbo-Pty should be dismissed pursuant to Federal Rule of

10   Civil Procedure 12(b)(5).

11           An individual defendant, or in some cases, an entire action, may be

12   dismissed when a plaintiff fails to properly serve the summons and complaint.

13   *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

14           The Federal Rules of Civil Procedure pertaining to service upon foreign

15   corporations provide that service shall be made upon a domestic or foreign

16   corporation "by delivering a copy of the summons and of the complaint to an

17   officer, a managing or general agent, or to any other agent authorized by

18   appointment or by law to receive service of process." *Fed. R. Civ. Proc.* 4(h)(1).

19           Unless a plaintiff properly serves a defendant with summons and complaint,

20   the court lacks personal jurisdiction over that defendant. *Jackson v. Hayakawa*,

21   682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice of the complaint, nor

22   simply naming the defendant in the caption, subjects a defendant to personal

23   jurisdiction absent service that complies with Rule 4. *Ibid.*

24           In the case at hand, there are numerous problems with plaintiffs' alleged

25   service of process on Bumbo-Pty. The Affidavit of Service filed with this Court

26   states that "Mark Buchanon" was served as "Owner" for "Bumbo Limited." (See

27   *Affidavit, supra.*) However, as discussed above, Bumbo-Pty has no knowledge,

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

1  ownership or control of a business entity called "Bumbo Limited." In fact, to

2  defendant's knowledge, "Bumbo Limited" does not exist.[8]

3      Further, as discussed above, Mark Buchanan is not an "owner" of Bumbo-

4  Pty. Mark Buchanan also is not an officer, director, managing agent or employee

5  of Bumbo-Pty. Bumbo-Pty has no office or place of business at 12248 FM 1485,

6  Conroe, Texas. Buchanan further is not authorized to accept service on behalf of

7  Bumbo-Pty.

8      Finally, because Wartburg is not an agent for service of process for Bumbo-

9  Pty, service upon Wartburg does not amount to effective service on Bumbo-Pty.

10 Wartburg's only connection to Bumbo-Pty is that Wartburg is one of multiple

11 distributors of the "Baby Sitter." The two companies are incorporated in different

12 countries, run separate operations and exist independently of each other. Each has

13 its own employees and its own independent headquarters.

14     Service of process should be quashed and Bumbo-Pty should be dismissed

15 from this action due to plaintiffs' failure to properly serve the summons and

16 complaint.

17

18 II.   THIS COURT CANNOT EXERCISE *IN PERSONAM* JURISDICTION
       OVER BUMBO-PTY

19

20     There are two limitations on the court's power to exercise personal

21 jurisdiction over a nonresident defendant: (1) the applicable state or federal

22 personal jurisdiction statute and (2) constitutional principles of due process. *Sher*

23 *v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). Where, as is the situation here,

24 there is no applicable federal statute governing personal jurisdiction, the law of the

25 state in which the district sits applies. *Core-Vent Corp. v. Nobel Industries AB*, 11

26

27 [8] Interestingly, in the *Whitson* matter, Mark Buchanon's wife, Dione Buchanan was served as "owner" of "Bumbo", another non-existent business entity. It appears that plaintiffs' counsel have not done their homework and are planning to continue serving Wartburg-related individuals

28 as "owners" of different Bumbo-related names until they somehow effect service by process of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

1  F.3d 1482, 1484 (9th Cir. 1993).  Because California's long-arm statute allows
2  courts to exercise personal jurisdiction to the extent permitted by the Due Process
3  Clause of the United States Constitution, this Court need only determine whether
4  personal jurisdiction in this case would meet the requirements of due process.  *Id.;*
5  see *Cal. Code Civ. Proc.* § 410.10.

6      The Due Process Clause mandates that a nonresident defendant must have
7  sufficient minimum contacts with the forum state such that the exercise of personal
8  jurisdiction does not offend traditional notions of fair play and substantial justice.
9  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986).
10  The defendant's conduct and connection with the forum must be such that the
11  defendant should reasonably anticipate being haled into court there.  *Sher, supra,*
12  911 F.2d at 1361, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,
13  297 (1980).  Defendant is entitled to protection from suits based on "random,
14  fortuitous, or attenuated" contacts with the chosen forum.  *Burger King Corp. v.*
15  *Rudzewicz*, 471 U.S. 462, 475 (1985).

16      The constitutional standard may be satisfied in one of two ways:  through
17  general jurisdiction or specific jurisdiction.  The burden of showing the existence
18  of personal jurisdiction is on the party seeking to invoke the court's jurisdiction.
19  *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).
20  To establish a prima facie face, plaintiff must produce admissible documentary
21  evidence containing facts sufficient to support a finding of personal jurisdiction.
22  *Sher v. Johnson, supra*, 911 F.2d at 1361.

23      A foreign defendant receives deference when determining whether the acts
24  of the defendant have a substantial enough connection with the forum state to make
25  the exercise of jurisdiction over the defendant reasonable due to its status as a
26  foreign company.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275-76 (6th
27
28  elimination.

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Cir. 1998). "The unique burdens placed upon one who must defend oneself in a

2    foreign legal system should have significant weight in assessing the reasonableness

3    of stretching the long arm of personal jurisdiction over national borders." *Asahi*

4    *Metal Indust. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

### A. Plaintiffs Cannot Show That Bumbo-PTY Has the Requisite Minimum Contacts with California to Justify General Jurisdiction

7    General jurisdiction exists if the nonresident's contacts with the forum are

8    continuous and systematic and the exercise of jurisdiction satisfies traditional

9    notions of fair play and substantial justice. *Ziegler v. Indian River County*, 64 F.3d

10   470, 473 (9th Cir. 1995). If general jurisdiction exists, the court has jurisdiction

11   over the defendant even if the cause of action is unrelated to the defendant's forum

12   activities. *Omeluck v. Langsten Slip & Batbygerri A/S*, 52 F.3d 267, 270 (9th Cir.

13   1995).

14   Plaintiffs cannot establish sufficient minimum contacts for general

15   jurisdiction. Bumbo-Pty is a private company which is organized under the laws

16   of South Africa and has its principal place of business in Pretoria, South Africa.

17   (*Buitendach Decl.,* ¶4.) A number of facts indicate this lack of jurisdiction. For

18   example:

19   - Bumbo-Pty does not now have and never has had any office,
20     warehouse or manufacturing facility in California;

21   - Bumbo-Pty does not now have and never has any employees in the
22     state of California;

23   - Bumbo-Pty does not now and never has had a business license in
24     California;

25   - Bumbo-Pty does not now own and never has owned any real or
26     personal property in California;

27   - Bumbo-Pty does not now maintain and never has maintained a bank

28

12

account in California;

- Bumbo-Pty does not now have and never has had a California telephone number;

- Bumbo-Pty does not now have and never has had a mailing address in California;

- Bumbo-Pty has never paid any taxes in California;

- Bumbo-Pty has never conducted any meetings of its board of directors in California;

- Bumbo does not maintain a sales force in California;

- Bumbo-Pty does not now advertise and has never advertised in California;

- Bumbo-Pty does not now have and never has had any agents for service of process in California;

- Bumbo-Pty does not now and never has had any distributors in California authorized to accept service of process on behalf of Bumbo.

(*Buitendach Decl.*)

Based on the above facts, Bumbo-Pty does not have the continuous and systemic contacts courts require when determining whether the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Ziegler, supra*, 64 F.3d at 473. The absence of substantial contacts with California is sufficient for Bumbo-Pty to successfully challenge the exercise of general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

/ / /

/ / /

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**B. This Court Cannot Assert Specific Jurisdiction Over Bumbo-Pty**

The Ninth Circuit applies a three-part test in determining whether it may assert specific jurisdiction over a defendant:

- the defendant must perform an act or consummate a transaction within the forum, purposefully availing itself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

- the claim must arise out of or result from the defendant's forum-related activities; *and*

- the exercise of jurisdiction must be reasonable.

*Rano v. Sipa Press, Inc.*, 987 F.2d 299, 301 (9th Cir. 1993).

The determination of specific jurisdiction is a conjunctive test which "turns on an evaluation of the nature and quality of defendant's contacts in relation to the cause of action." *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). The party asserting jurisdiction has the burden of proof once the issue is raised. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1522 (9th Cir. 1983).

"With respect to goods and services in the international marketplace, the mere placement of a product into the stream of commerce is not necessarily sufficient to establish jurisdiction." *VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.*, 83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998), citing *World-Wide Volkswagen Corp., supra,* 444 U.S. at 297-298. "Defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi Metal Ind. v. Sup. Ct.*, 480 U.S. 102, 112 (1987). "Moreover, indirect or attenuated contacts or the unilateral activity of a third party will not support the exercise of specific jurisdiction since it

14

cannot be said that defendant purposely availed himself of the benefits of the forum." *VCS Samoa Packing Co., supra,* 83 F. Supp. 2d at 1154, citing, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

In the case of *Felix v. Bomoro Kommanditgesellschaft*, 196 Cal. App. 3d 106 (1987), the court found that "the degree to which a foreign corporation interjects itself into the forum state directly affects the fairness of subjecting it to jurisdiction. The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 115. "Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum state, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State ….." *Id.* at 116, quoting, *Asahi Metal Ind., supra,* 480 U.S. at 112.

Applying these principles to the instant case, it would be manifestly unjust to require Bumbo-Pty to defend against plaintiffs' suit in California. Bumbo-Pty is incorporated in South Africa and is not licensed to do business in California. Bumbo-Pty has no office, affiliate, subsidiary, employee, agent, bank accounts or business operations in the state. The only possible contacts that Bumbo-Pty could be said to have with California are by way of the fact that Target, a Minnesota corporation, has retail stores in California that sold the Baby Sitter. The product itself, however, is manufactured in South Africa. It was not designed specifically for the California market. In this case, the finished product was sold and distributed by Target, not Bumbo-Pty. Target is a corporation that has stores located nationwide, not just in California. Bumbo-Pty has not advertised, solicited any business, or otherwise sought to serve any particular market in this state. The extent to which Bumbo-Pty could reasonably anticipate being involved in litigation in California was minimal at best.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

15

/ / /

III.   **THE COURT SHOULD IMPOSE SANCTIONS BECAUSE PLAINTIFFS'**
**COUNSEL HAS ACTED UNREASONABLY AND VEXATIOUSLY IN**
**FORCING BUMBO-PTY TO EXPEND UNECESSARY COSTS AND**
**FEES IN SEEKING TO DISMISS THIS ACTION BASED UPON A**
**KNOWINGLY FRAUDULENT PROOF OF SERVICE**

Section 1927 of the United States Code provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. "Sanctions may be imposed under Section 1927 where an attorney engaged in conduct in bad faith, with improper motive, or a reckless disregard of a duty owed to the court." *Landis Revin Nutraceuticals, supra,* 2007 WL at *5, citing *New Alaska Develop. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

A federal court also has inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation, even if the conduct is sanctionable under other rules such as Federal Rule of Civil Procedure 11 or Section 1927. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Bad faith" conduct includes findings that that a lawyer or party "acted in bad faith, vexatiously, wantonly or for other oppressive reasons." *Id.* at 45-46. Recklessness combined with other factors such as frivolousness, harassment or an improper purpose, may constitute bad faith warranting sanctions under a court's inherent powers." *B.M.K. v. Maui Police Dep't*, 276 F.3d 1091, 1106 (9th Cir. 2002). The Supreme Court has found that sanctions under the court's inherent power are *particularly appropriate* for fraud practiced upon the court. *Chambers, supra*, 501 U.S. at 54. "Fraud on the court" involves an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

16

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    In the *Landis Revin Nutraceuticals* case, the court found that counsel for

2    plaintiff had engaged in "bad faith conduct or, at a minimum, reckless conduct in

3    disregard of his duties owed to the court, which unnecessarily and unreasonably

4    multiplied these proceedings." *Landis Revin Nutraceuticals, supra*, 2007 WL at

5    *5. Similar to the case at hand, in *Landis Revin Nutraceuticals,* defendants

6    asserted that they were never served with the summons and complaint in this

7    action. Plaintiff's counsel alleged that defendants were served by registered mail

8    and filed Requests for Entry of Defaults against all defendants. When contacted by

9    counsel for defendants, plaintiff's counsel then refused to produce copies of the

10   return receipts allegedly signed by defendants, instead contending that his proofs

11   of service alone evidenced service. Counsel also refused to set aside the defaults.

12   Defendants then brought a Motion to Set Aside the Defaults, which was granted.

13   Further, the court ordered plaintiff's counsel to pay sanctions in the amount of

14   $10,716 to defendants for the attorney's fees incurred in setting aside the defaults.

15   *Landis, supra*, 2007 WL 397144.

16   In the case at issue, Plaintiffs' counsel have also acted in bad faith, practiced

17   fraud upon the Court, and have unreasonably multiplied the hearings as well as the

18   costs and fees expended in this action. Plaintiffs' counsel has been aware at least

19   since November 2007 that Bumbo-Pty had retained monitoring counsel in

20   California. Plaintiffs' counsel has received repeated communications from

21   California counsel advising them that Bumbo-Pty had not received service of

22   process. Plaintiffs' counsel has also unabashedly refused to cooperate on this

23   issue in any way with defense counsel.[9] In spite of receiving a letter from C & F

24   advising that, contrary to the assertions made in the Affidavit of Service, "Mark

25

26   [9] Evidence of this fact can be seen most prominently in the letter from Edgar to Johnston dated
     November 21, 2007 (attached as *Exhibit "C"* to *Johnston Decl.)* in which Edgar advises that
27   "you all do whatever you all need to do to represent your clients. At this time, we respectfully
     decline to enter into any agreement(s) set forth in your letter of November 15, 2007."
28

17

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 Buchanon" is not the owner of "Bumbo Limited" and that Wartburg was not

2 authorized to accept service of process on behalf of Bumbo-Pty, Plaintiff's counsel

3 still unreasonably refused to withdraw their affidavit.[10] Thus, Plaintiffs' counsel

4 unreasonably and vexatiously created the need for Bumbo-Pty to bring this

5 motion.[11]

6     Plaintiffs' conduct of filing a affidavit that they *knew* to be defective due to

7 numerous communications from defense counsel, without even the courtesy of

8 notifying opposing counsel is deplorable and has only served to multiply the

9 proceedings in this case.  These actions represent precisely the kind of vexatious

10 conduct contemplated by 28 U.S.C. §1927.  Bumbo-Pty has incurred $11,922.00 in

11 bringing this motion. (*Johnston Decl.*, ¶17.) Therefore, Bumbo-Pty requests that

12 this Court impose sanctions against Dylan Lamm, Mary Catherine Doherty, Kevin

13 Lamm, Donald S. Edgar, Jeremy R. Fietz and Rex Grady in the amount of

14 $11,922.00.

15 CONCLUSION

16     By this motion, Bumbo-Pty seeks two forms of relief:

17-18     • that the claimed service of process, served upon an unrelated corporation be quashed; and

19-20     • that any claim against Bumbo-Pty be dismissed as this Court cannot exercise personal jurisdiction over it.  Further, Bumbo-Pty seeks sanctions against

21 Dylan Lamm, Mary Catherine Doherty, Kevin Lamm, Donald S. Edgar, Jeremy R.

22 Fietz and Rex Grady in the amount of $11,922.00 for their fraudulent and

[10] It should also be noted that a motion to dismiss was filed on December 28, 2007 regarding the extremely similar affidavit filed in the *Whitson* action.

[11] Since Defense counsel has had very few interactive communications with plaintiffs' counsel, it is unclear whether plaintiffs themselves have had any role in the above-referenced decisions regarding the service issues.  Thus, Defense counsel has no choice but to request sanctions against plaintiffs as well as their counsel.

18

1  unreasonable conduct in this action.

2      The facts are clear:  Plaintiffs have served an unrelated entity of behalf of an

3  entity which does not exist.  Bumbo-Pty has not been served in this action, has not

4  appeared in this action and does not have <u>any</u> contacts, let alone constitutionally

5  required minimum contacts, with this forum state.  Further, plaintiffs and their

6  counsel are solely responsible for the costs, expenses and attorneys' fees

7  reasonably incurred due to their unreasonable and unnecessary conduct.

8

9

10  Dated: January 16, 2008              CONDON & FORSYTH LLP

11

12                                      By: s/Jennifer J. Johnson

13                                      ROD D. MARGO
                                        JENNIFER J. JOHNSTON
14

15                                      Attorneys for *Specially Appearing*
                                        Defendant
16                                      BUMBO (PTY) LTD.

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

19

MEMORANDUM OF P&A
CASE NO.: C 07-04807 MHP
2082V.1