Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem, MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No. C 07-04807 MHP<br><br>DECLARATION OF JENNIFER J. JOHNSTON IN SUPPORT OF BUMBO (PTY) LTD.'S MOTION TO QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS<br><br>Date:  February 25, 2008<br>Time:  2:00 p.m.<br>Place:  Courtroom of the Hon. Marilyn Hall Patel |

I, Jennifer J. Johnston, declare:

1. I am a member of the law firm of Condon & Forsyth LLP, attorneys of record for defendant Bumbo (Pty) Ltd. ("Bumbo-Pty"). I have personal knowledge of the facts stated in this declaration, except for those facts stated upon information and belief and, as to those factors, I am informed and believe that they are true and correct. If called as a witness, I could competently testify to these facts. I submit this declaration in support of Bumbo-Pty's Motion to Quash Service, Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve, and For Sanctions.

---

DECLARATION OF JENNIFER J. JOHNSTON IN SUPPORT
OF BUMBO (PTY) LTD.'S MOTION TO QUASH SERVICE,
DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C 07-04807 MHP

2. I am informed and believe that in November 2007, Bumbo-Pty learned through co-defendant, Target Corporation ("Target"), that this lawsuit had been filed.

3. I am informed and believe that Bumbo-Pty had no information that it had been served, but it learned through Target that Donald S. Edgar, plaintiff's attorney, was claiming that he had served "Bumbo."

4. Bumbo-Pty intially retained the law firm of Condon and Forsyth LLP ("C&F") to monitor the docket and ensure that default would not be taken.

5. Bumbo-Pty also requested C&F to contact plaintiff's attorney and request information about the purported service.

6. On November 19, 2007, I sent a letter to plaintiff's counsel requesting information regarding service of the summons and complaint. I further requested that counsel advise C&F before a default was requested. A true and correct copy of this letter is attached hereto as Exhibit "A."

7. I received a letter from plaintiff's counsel, Donald S. Edgar ("Edgar") dated November 21, 2007. Edgar refused to provide me with any information regarding service or to "enter into any agreements" with C&F regarding the decision to seek default. A true and correct copy of this letter is attached hereto as Exhibit "B."

8. I then sent another letter to plaintiff's counsel on November 21, 2007, advising that C&F had no record of any service made on Bumbo-Pty and further requesting counsel provide information and "refrain from any attempts to take a default judgment against Bumbo." No response was received. A true and correct copy of this letter is attached hereto as Exhibit "C."

9. C&F learned that plaintiffs filed a proof of service on January 7, 2008, claiming that they effected service on "Bumbo Limited" by serving "Mark Buchanan" as "owner" in Conroe, Texas. C&F attempted to obtain information about the purported service and learned that the summons and complaint were

1  delivered to Wartburg Enterprises, Inc. ("Wartburg"), a Texas distributor of the
2  Baby Sitter.

3      10. After learning that a default based upon a defective affidavit had been
4  entered against Bumbo-Pty in the *Whitson* matter, C&F filed a motion to set aside
5  the default, quash service, dismiss for insufficiency of service of process and lack
6  of personal jurisdiction and for sanctions due to plaintiff's vexatious and
7  unreasonable conduct  This motion was filed on December 28, 2007.

8      11. Upon information and belief, the address that was served by plaintiff
9  appears to belong to a facility owned by Wartburg. Wartburg acts as a distributor
10 for the "Baby Sitter" but is a separate company incorporated in Florida and not an
11 agent for service of process for defendant. A true and correct copy of Wartburg's
12 Articles of Incorporation is attached hereto as Exhibit "D."

13     12. After learning of the defective Affidavit filed in this action, I sent yet
14 another letter to plaintiffs' counsel advising, again, that neither Wartburg nor
15 Buchanan was authorized to accept service of process on behalf of Bumbo-Pty and
16 requesting that counsel immediately withdraw their Affidavit. Again, C&F
17 received no response to this letter. A true and correct copy of this letter is attached
18 hereto as Exhibit "E."

19     13. As of the date of this motion, I have still not received any
20 communication from plaintiff's counsel regarding any service issue, other than the
21 above-referenced letter of November 21, 2007.

22     14. I have spent 2 hours of time in attempting to set aside the default in
23 this action. This includes my time in preparation of the declarations, review of the
24 Motion and Memorandum of Points and Authorities in Support Thereof,
25 communications with my client, and communications with plaintiff's counsel. My
26 hourly rate is $375.

27     15. Most of the preparation of the Motion and Memorandum of Points
28 and Authorities was completed by Lisa M. Pierce, Esq. ("Pierce"). Pierce spent 10

1  hours on the preparation of this Motion. Pierce's hourly rate is $185.

2      16.    Jessica Viker is a paralegal at C&F ("Viker"). Viker has spent 2 hours in monitoring the court's docket daily as well as in communications with plaintiff's counsel. Viker's hourly rate is $110.

    17.    The total fees expended thus far in C&F's attempt to set aside the default are $2,820. Bumbo-Pty is requesting this amount in sanctions against Dylan Lamm, Mary Catherine Doherty, Kevin Lamm, Donald S. Edgar, Jeremy R. Fietz, and Rex Grady.

    18.    I anticipate that myself, Pierce and Viker will spend additional time in responding to any opposition papers received, preparing for the hearing in this matter and traveling to said hearing. C&F reserves the right to submit further declarations concerning additional expenses incurred.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of January, 2008 at Los Angeles, California.

_____
Jennifer J. Johnston

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030