Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys *Specially Appearing*  for Defendant
BUMBO (PTY) LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM, <br><br> Plaintiffs, <br><br> vs. <br><br> BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20, <br><br> Defendants. | Case No. C-07-04807 MHP <br><br> **AMENDED NOTICE OF MOTION AND MOTION TO QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  March 10, 2008 <br> Time:  2:00 p.m. <br> Place: Courtroom of the Hon. <br>        Marilyn Hall Patel |

PLEASE TAKE NOTICE that on March 10, 2008, at 2:00 p.m., or as soon

thereafter as the matter may be heard, in Courtroom 15, before the Hon. Marilyn

Hall Patel, defendant Bumbo (Pty) Limited shall and hereby does respectfully

move this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and

12(b)(5).  Bumbo (Pty) Limited further requests sanctions in the amount of $2,820

against plaintiffs and their attorneys for bad faith conduct in filing the Affidavit of

Service.  Bumbo (Pty) Limited's motion is based upon this Amended Notice of

-1-

Motion and Motion, the following Memorandum of Points and Authorities, the attached Declarations of Jennifer J. Johnston, Jessica Viker and Johan Nicholas Buitendach, the Complaint, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the hearing on this matter.

Dated: January __, 2008                    CONDON & FORSYTH LLP


By:  s/Jennifer J. Johnston
     ROD D. MARGO
     JENNIFER J. JOHNSTON

     Attorneys *Specially Appearing* for
     Defendant BUMBO (PTY) LIMITED

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-2-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

1

# TABLE OF CONTENTS

2
Page

3  TABLE OF AUTHORITIES ........................................................................ ii-iii

4  MEMORANDUM OF POINTS AND AUTHORITIES........................................... 3

5  INTRODUCTION ................................................................................................ 3

6  FACTUAL AND PROCEDURAL BACKGROUND ............................................. 4

7  ISSUES TO BE DECIDED .................................................................................. 7

8  STANDARD.......................................................................................................... 9

9  ARGUMENT......................................................................................................... 9

10    I.    BUMBO (PTY) LIMITED SHOULD BE DISMISSED AS
            PLAINTIFFS HAVE FAILED TO EFFECT SERVICE OF PROCESS
11          ON BUMBO (PTY) LIMITED. ........................................................... 9

12    II.   THIS COURT CANNOT EXERCISE *IN PERSONAM*
            JURISDICTION OVER BUMBO (PTY) LIMITED. ....................... 11
13
            A.   Plaintiffs Cannot Show That Bumbo (Pty) Limited
14               Has the Requisite Minimum Contacts with California
                 to Justify General Jurisdiction ..................................... 12
15
            B.   This Court Cannot Assert Specific Jurisdiction Over
16               Bumbo (Pty) Limited ..................................................... 14

17    III.  THE COURT SHOULD IMPOSE SANCTIONS
            BECAUSE PLAINTIFFS' ATTORNEYS HAVE ACTED
18          UNREASONABLY AND VEXATIOUSLY IN FORCING
            BUMBO (PTY) LIMITED TO EXPEND UNNECESSARY COSTS
19          AND FEES IN SEEKING TO DISMISS THIS ACTION BASED
            UPON A KNOWINGLY FRAUDULENT PROOF OF SERVICE ... 16
20
      CONCLUSION.................................................................................... 19

21

22

23

24

25

26

27

28

-i-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977).............................................................12

*Asahi Metal Indust. Co. v. Superior Court of California*,
    480 U.S. 102 (1987) ...............................................................12, 15

*B.M.K. v. Maui Police Dep't*,
    276 F.3d 1091 (9th Cir. 2002)..........................................................17

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ..................................................................11

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ...................................................................17

*Core-Vent Corp. v. Nobel Industries AB*,
    11 F.3d 1482 (9th Cir. 1993)..........................................................11

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.*,
    557 F.2d 1280 (9th Cir. 1977).........................................................14

*Dean v. Motel 6 Operating L.P.*,
    134 F.3d 1269 (6th Cir. 1998).........................................................12

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986)..........................................................11

*Felix v. Bomoro Kommanditgesellschaft*,
    196 Cal. App. 3d 106 (1987).........................................................15

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984) ..................................................................14

*Jackson v. Hayakawa*,
    682 F.2d 1344 (9th Cir. 1982)...........................................................9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-ii-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

*Landis Revin Nutraceuticals v. Arthur Andrew Medical, Inc.(Slip Opinions),*
     2007 WL 391744 (E.D. Cal. 2007) ................................................... 16, 17, 18

*Marshall v. Warwick,*
     155 F.3d 1027 (8th Cir. 1998) ........................................................ 9

*Montalbano v. Easco Hand Tools, Inc.,*
     766 F.2d 737 (2d Cir. 1985)............................................................ 8

*Omeluck v. Langsten Slip & Batbygerri A/S,*
     52 F.3d 267 (9th Cir. 1995)............................................................ 12

*Pumphrey v. K.W. Thompson Tool Co.,*
     62 F.3d 1128 (9th Cir. 1995)........................................................... 17

*Rano v. Sipa Press, Inc.,*
     987 F.2d 580 (9th Cir. 1993)........................................................... 14

*Rio Properties, Inc. v. Rio Int'l Interlink,*
     284 F.3d 1007 (9th Cir. 2002)........................................................ 8

*Sher v. Johnson,*
     911 F.2d 1357 (9th Cir. 1990)..................................................... 11, 12

*VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.,*
     83 F. Supp. 2d 1151 (S.D. Cal. 1998) ......................................... 14, 15

*Wood v. Santa Barbara Chamber of Commerce,*
     705 F.2d 1515 (9th Cir. 1983) ....................................................... 14

*Ziegler v. Indian River County,*
     64 F.3d 470 (9th Cir. 1995)......................................................... 12, 14

//
//
//
//
//
//
//

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-iii-

1

**Statutes**

2   28 U.S.C. §1927.................................................................................9, 16, 18

3   Fed. R. Civ. Proc. 4(h)(1) .......................................................................... 9

4   Fed. R. Civ. Proc. 12(b)(2) ..................................................................... 4, 8

5   Fed. R. Civ. Proc. 12(b)(5) ................................................................. 4, 8, 9

6   Cal. Civ. Proc. Code §410.10 ................................................................. 11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-iv-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3   On January 7, 2008, an Affidavit of Service ("Affidavit") was filed by

4   plaintiffs' attorneys in this action.  This Affidavit purported service of process on

5   "Bumbo Limited," a non-existent business entity.  As it is unclear whether

6   plaintiffs are purporting to have served defendant Bumbo (Pty) Limited, Bumbo

7   (Pty) Limited is bringing this motion to quash service for lack of personal

8   jurisdiction and failure to serve and for sanctions.

9   "Bumbo Limited," the defendant allegedly served in this action, does not

10  exist.[1]  Plaintiffs claim that they have successfully served "Bumbo Limited" in

11  Conroe, Texas.  The moving defendant, Bumbo (Pty) Limited, is the only entity

12  named as a defendant which is an actual legal entity.  Plaintiffs have failed to

13  effectively serve Bumbo (Pty) Limited, and this Court lacks personal jurisdiction

14  over Bumbo (Pty) Limited.

15  Bumbo (Pty) Limited is a South African corporation which manufactures a

16  product called the "Baby Sitter."  Bumbo (Pty) Limited's office and manufacturing

17  facilities are located in South Africa.  Plaintiffs purported to serve "Bumbo

18  Limited" by serving Mark Buchanan, who is believed to be an officer of Wartburg

19  Enterprises, Inc., a Florida corporation with its principal place of business in

20  Texas.[2]   (See Affidavit.)

21  Wartburg Enterprises, Inc. is a distributor of the "Baby Sitter."  Because

22  neither Mark Buchanan nor Wartburg Enterprises, Inc. is an agent for service of

23

---

24  [1] Plaintiffs have also allegedly sued "Bumbo," another non-existent defendant, but, to moving party's knowledge, plaintiffs have yet to attempt to serve "Bumbo" in this action.  Plaintiff has,

25  however, purported to serve "Bumbo" in the case of *Whitson v. Bumbo*, et al., Case No. C-07-05597, also venued in this court.  The purported service in the *Whitson* action is also the subject

26  of a motion to quash/motion to dismiss, scheduled for hearing on February 21, 2008.

[2] In the *Whitson* matter, referenced above, plaintiff purportedly served Dione Buchanan, Mark

27  Buchanan's wife, as "owner" of Bumbo.  In this case, Mark Buchanan was purportedly served as owner of "Bumbo Limited."

28

-3-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Bumbo (Pty) Limited and neither are authorized to accept service of process on its

2    behalf, Bumbo (Pty) Limited has yet to be properly served, and its motion to

3    dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) should be

4    granted.

5        Further, Bumbo (Pty) Limited seeks dismissal of the action based on the

6    absence of personal jurisdiction pursuant to Federal Rule of Civil Procedure

7    12(b)(2).  Bumbo (Pty) Limited is not subject to general or specific personal

8    jurisdiction in California.

9        Finally, Bumbo (Pty) Limited seeks sanctions against plaintiffs and

10    plaintiffs' attorneys for vexatiously and unreasonably multiplying the proceedings

11    in this action and necessitating this motion.

12                    **FACTUAL AND PROCEDURAL BACKGROUND**

13        Plaintiffs, Dylan Lamm, Mary Catherine Doherty, and Kevin Lamm, all

14    California residents[3], allege that on May 23, 2007, Kevin Lamm placed then six

15    month old Dylan, into the Bumbo Baby Sitter ("Baby Sitter") on a table top.

16    Plaintiffs further allege that while seated in the Baby Sitter, Dylan fell out of the

17    Baby Sitter and was injured.  Plaintiffs allege that the Baby Sitter was received as a

18    gift in May 2007, from an unnamed "friend," who purchased the item at a Target

19    store in Sonoma County, California.

20        Plaintiffs have sued Bumbo, Bumbo Limited, Bumbo (Pty) Ltd. and Target

21    Corporation to recover damages for the personal injuries Dylan allegedly

22    sustained.[4]

23        Target has appeared in this action and has not contested the Court's

24    jurisdiction as to the claims against it and is defending the action on its merits.

25

26    [3] Mary Catherine Doherty and Kevin Lamm are the parents of the minor child, Dylan Lamm.
      [4] This motion is brought on behalf of defendant Bumbo (Pty) Limited.  As discussed above,
27    Bumbo (Pty) Limited has no knowledge, ownership or control of purported business entities
      "Bumbo" or "Bumbo Limited," and believes that these are nonexistent entities.

28                                                                    -4-
      AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
      FOR IMPROPER SERVICE, LACK OF PERSONAL
      JURISDICTION AND FAILURE TO SERVE, AND FOR
      SANCTIONS
      CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    On December 27, 2007, plaintiffs purportedly attempted to serve "Bumbo

2    Limited" by serving Mark Buchanan, ostensibly as "owner" of "Bumbo Limited"

3    at 12248 Fm 1485, Conroe, TX 77306.  (See Affidavit*).*[5]  Mark Buchanan is not an

4    "owner" of Bumbo (Pty) Limited.  Mark Buchanan also is not an officer, director,

5    managing agent or employee of Bumbo (Pty) Limited.  Bumbo (Pty) Limited has

6    no office or place of business at 12248 FM 1485, Conroe, Texas.  Mark Buchanan

7    further is not authorized to accept service on behalf of Bumbo (Pty) Limited.

8    (Declaration of Johan Nicholas Buitendach ("Buitendach Decl."), ¶27).

9    Bumbo (Pty) Limited is a corporation that is domiciled and existing under

10   the laws of South Africa. (See Complaint, ¶3; Buitendach Decl., ¶4.)  Bumbo (Pty)

11   Limited's principal place of business is in Pretoria, South Africa.  (Buitendach

12   Decl., ¶4.)    Bumbo (Pty) Limited does not have an office or employees at the

13   address where service allegedly occurred.  (*Id.* at ¶28.)   Bumbo (Pty) Limited also

14   does not have any corporate offices, warehouses or manufacturing facilities in

15   Texas, California, or any other location in the United States.  (*Id.* at ¶9.)   Bumbo

16   (Pty) Limited is not registered or licensed to do business in Texas, California, or

17   any other location in the United States.  (*Id.* at ¶11.)

18   Bumbo (Pty) Limited is informed and believes that one of the distributors of

19   the Baby Sitter in the United States, Wartburg Enterprises, Inc., maintains a facility

20   at the address where service was purportedly affected.  (*Id.* at ¶25.)  Wartburg

21   Enterprises, Inc. is not a "Bumbo" entity and is a corporation separate and distinct

22   from Bumbo (Pty) Limited.  Wartburg Enterprises, Inc. is incorporated in the state

23   of Florida with its principal place of business in Texas.  Wartburg Enterprises, Inc.

24   also is not an agent for service of process for Bumbo (Pty) Limited.  (*Id.* at. ¶¶ 21-

25

26   [5] At the risk of appearing repetitious, according to the Affidavit, only a defendant named
     "Bumbo Limited" was allegedly served.  "Bumbo Limited" does not exist. Thus, it is unclear at

27   this time whether plaintiffs were even attempting to serve Bumbo (Pty) Limited.  For the
     purposes of this motion, moving party assumes this to be the case.

28                                                            -5-

1    28.)  (See also Exhibit "D" to Declaration of Jennifer J. Johnston ("Johnston
2    Decl.").)

3         In November 2007, Bumbo (Pty) Limited learned through Target that a
4    lawsuit had been filed against Target and Bumbo (Pty) Limited.  (Johnston Decl.,
5    ¶2.)  Bumbo (Pty) Limited initially retained Condon & Forsyth LLP ("C & F") to
6    monitor the court docket.  *(Id.* at ¶4.)   Bumbo (Pty) Limited had no information
7    that it had been served, but it learned through Target that plaintiffs' attorneys were
8    claiming that they had served "Bumbo."  *(Id.* at ¶3.)  Bumbo (Pty) Limited
9    requested C & F to contact plaintiffs' attorneys and request information about the
10   purported service.  *(Id.* at ¶5.)

11        On November 15, 2007, C & F sent a letter to plaintiffs' attorneys requesting
12   information regarding the purported service of the summons and complaint.  The
13   letter further requested that plaintiffs' attorneys advise C & F before a default was
14   requested.  *(Id.* at ¶6; See Exhibit "A" to Johnston Decl.)

15        In response, C & F received a letter dated November 21, 2007, from
16   plaintiffs' attorneys refusing to provide C & F with any information regarding
17   service or to "enter into any agreements" with C & F.  *(Id.* at ¶7; See Exhibit "B"
18   to Johnston Decl.)  C & F then sent another letter to plaintiffs' attorneys advising
19   that C & F had no information regarding any service on Bumbo (Pty) Limited and
20   further requesting that they "refrain from any attempts to take a default judgment
21   against Bumbo."  *(Id.* at ¶8; See Exhibit "C" to Johnston Decl.)

22        In addition, multiple telephone calls were made from C & F to the office of
23   plaintiffs' attorneys during the months of November and December 2007,
24   requesting information on service.  (See Declaration of Jessica Viker ("Viker
25   Decl."), ¶2.)   C & F first spoke to Jeremy R. Fietz who advised that he had no
26   knowledge of the case and that Mr. Edgar would be the person with whom to
27   speak.  *(Id.* at ¶3.)  Despite leaving a message for Mr. Edgar, C & F never received

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    a return phone call.  (*Id.* at ¶4.)  C & F then elected to telephone Mr. Edgar again

2    who then stated that "Bumbo" had been served "in South Africa," "sometime in

3    October," but refused to give any details regarding when and how the service had

4    been effected, or even the exact date on which service had allegedly been effected.

5    (*Id.* at ¶5.)  C & F confirmed with Bumbo (Pty) Limited that service had not been

6    effected in South Africa in October or at any other time.  (Johnston Decl., ¶3.)

7            On December 19, 2007, C & F was retained to defend Bumbo (Pty) Limited

8    in both this matter and the action entitled, *Wendy D. Whitson v. Bumbo, et al.*, Case

9    No. 07-05597, also pending in this Court.  After learning that a default based upon

10   a defective affidavit had been entered against Bumbo (Pty) Limited in the *Whitson*

11   matter, C & F filed a motion to set aside the default, quash service, dismiss for

12   insufficiency of service of process and lack of personal jurisdiction and for

13   sanctions due to plaintiffs' vexatious and unreasonable conduct.  This motion is set

14   for hearing on February 21, 2008.

15           C & F subsequently learned that in the *Lamm* case, plaintiffs filed an

16   affidavit of service claiming that they had effected service on "Bumbo Limited" by

17   serving "Mark Buchanan" as "owner" in Conroe, Texas on December 27, 2007.

18   C & F attempted to obtain information about the purported service and learned that

19   the summons and complaint were delivered to Wartburg Enterprises, Inc.  (*Id.* at

20   ¶9.)

21           After learning of the defective Affidavit filed in the *Lamm* case, C & F sent

22   yet *another* letter to plaintiffs' attorneys advising that neither Wartburg

23   Enterprises, Inc. nor Mark Buchanan was authorized to accept service of process

24   on behalf of Bumbo (Pty) Limited and requesting that they immediately withdraw

25   their Affidavit.  Plaintiffs' attorneys have not responded to this letter nor have they

26   withdrawn their Affidavit as of the date of the filing of this motion.  (Johnston

27   Decl., ¶12; See Exhibit "E" to Johnston Decl.)

28   
-7-
AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**ISSUES TO BE DECIDED**

1.  Did plaintiffs properly serve process on Bumbo (Pty) Limited by personally serving the summons and complaint, on behalf of a non-existent defendant, at the address of a Texas facility of a Florida corporation which serves as a distributor for the Bumbo Baby Sitter, when said corporation does not serve as officer, director, employee, or agent for service of process of Bumbo (Pty) Limited?

2.  Are there sufficient contacts between Bumbo (Pty) Limited, a South African corporation with no offices, property or employees in the United States and the state of California to satisfy the constitutional requirements for the exercise of personal jurisdiction over Bumbo (Pty) Limited in this venue?

3.  Did plaintiffs and their attorneys engage in sanctionable, bad faith conduct by refusing to provide Bumbo (Pty) Limited's attorneys with any information regarding service and filing a defective affidavit of service when plaintiffs' attorneys had repeatedly been given evidence that said affidavit was defective?

**STANDARD**

Federal Rule 12(b)(5) permits a challenge to the method of service attempted by plaintiffs. If a Rule 12(b)(5) motion is granted, the court may dismiss the action. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2$^{d}$ Cir. 1985).

Under Rule 12(b)(2), a defendant may be dismissed from an action if the court determines that it does not have personal jurisdiction over the defendant. Again, although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of "minimum contacts" between defendant and the forum state. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

-8-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Finally, Section 1927 of the United States Code provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927.

## ARGUMENT

## I.

## BUMBO (PTY) LIMITED SHOULD BE DISMISSED AS PLAINTIFFS HAVE FAILED TO EFFECT SERVICE OF PROCESS ON BUMBO (PTY) LIMITED

Plaintiffs' attempted service of the summons and complaint on Bumbo (Pty) Limited was defective, and Bumbo (Pty) Limited should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

An individual defendant, or in some cases, an entire action, may be dismissed when a plaintiff fails to properly serve the summons and complaint. *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

The Federal Rules of Civil Procedure pertaining to service upon foreign corporations provide that service shall be made upon a domestic or foreign corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." *Fed. R. Civ. Proc.* 4(h)(1).

Unless a plaintiff properly serves a defendant with the summons and complaint, the court lacks personal jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice of the complaint, nor simply naming the defendant in the caption, subjects a defendant to

-9-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    personal jurisdiction absent service that complies with Rule 4.  *Ibid.*

2          In the case at hand, there are numerous problems with plaintiffs' alleged

3    service of process on Bumbo (Pty) Limited.  The Affidavit of Service filed with

4    this Court states that "Mark Buchanan" was served as "Owner" for "Bumbo

5    Limited."  (See Affidavit, *supra.*)  However, as discussed above, Bumbo (Pty)

6    Limited has no knowledge, ownership or control of a business entity called

7    "Bumbo Limited." In fact, to Bumbo (Pty) Limited's knowledge, "Bumbo

8    Limited" does not exist.[6]

9          Further, as discussed above, Mark Buchanan is not an "owner" of Bumbo

10   (Pty) Limited.  Mark Buchanan also is not an officer, director, managing agent or

11   employee of Bumbo (Pty) Limited.  Bumbo (Pty) Limited has no office or place of

12   business at 12248 FM 1485, Conroe, Texas.  Mark Buchanan further is not

13   authorized to accept service on behalf of Bumbo (Pty) Limited.

14         Finally, because Wartburg Enterprises, Inc. is not an agent for service of

15   process for Bumbo (Pty) Limited, service upon Wartburg Enterprises, Inc. does not

16   amount to effective service on Bumbo (Pty) Limited.  Wartburg Enterprises, Inc.'s

17   only connection to Bumbo (Pty) Limited is that Wartburg Enterprises, Inc. is one

18   of multiple distributors of the "Baby Sitter." The two companies are incorporated

19   in different countries, run separate operations and exist independently of each

20   other.  Each has its own employees and its own independent headquarters.

21         Service of process should be quashed and Bumbo (Pty) Limited should be

22   dismissed from this action due to plaintiffs' failure to properly serve the summons

23   and complaint.

24   / /

25   _____

26   [6] Interestingly, in the *Whitson* matter, Mark Buchanan's wife, Dione Buchanan was served as "owner" of "Bumbo", another non-existent business entity.  It appears that plaintiffs' counsel have not done their homework and are planning to continue serving Wartburg-related individuals as "owners" of different Bumbo-related names until they somehow effect service by process of elimination.

27

28
                                                    -10-

# II.

## THIS COURT CANNOT EXERCISE *IN PERSONAM*

## JURISDICTION OVER BUMBO (PTY) LIMITED

There are two limitations on the court's power to exercise personal jurisdiction over a nonresident defendant:  (1) the applicable state or federal personal jurisdiction statute and (2) constitutional principles of due process.  *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  Where, as is the situation here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district sits applies.  *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  Because California's long-arm statute allows courts to exercise personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution, this Court need only determine whether personal jurisdiction in this case would meet the requirements of due process.  *Id.;* see *Cal. Code Civ. Proc.* § 410.10.

The Due Process Clause mandates that a nonresident defendant must have sufficient minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986). The defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there.  *Sher, supra,* 911 F.2d at 1361, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Defendant is entitled to protection from suits based on "random, fortuitous, or attenuated" contacts with the chosen forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The constitutional standard may be satisfied in one of two ways:  through general jurisdiction or specific jurisdiction.  The burden of showing the existence of personal jurisdiction is on the party seeking to invoke the court's jurisdiction.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-11-

1  *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

2  To establish a prima facie case, plaintiff must produce admissible documentary

3  evidence containing facts sufficient to support a finding of personal jurisdiction.

4  *Sher v. Johnson, supra*, 911 F.2d at 1361.

5      A foreign defendant receives deference when determining whether the acts

6  of the defendant have a substantial enough connection with the forum state to make

7  the exercise of jurisdiction over the defendant reasonable due to its status as a

8  foreign company.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275-76 (6th

9  Cir. 1998).  "The unique burdens placed upon one who must defend oneself in a

10  foreign legal system should have significant weight in assessing the reasonableness

11  of stretching the long arm of personal jurisdiction over national borders."  *Asahi*

12  *Metal Indust. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

13  **A.    Plaintiffs Cannot Show That Bumbo (PTY) Limited Has the Requisite**

14          **Minimum Contacts with California to Justify General Jurisdiction**

15      General jurisdiction exists if the nonresident's contacts with the forum are

16  continuous and systematic and the exercise of jurisdiction satisfies traditional

17  notions of fair play and substantial justice.  *Ziegler v. Indian River County*, 64 F.3d

18  470, 473 (9th Cir. 1995).  If general jurisdiction exists, the court has jurisdiction

19  over the defendant even if the cause of action is unrelated to the defendant's forum

20  activities.  *Omeluck v. Langsten Slip & Batbygerri A/S*, 52 F.3d 267, 270 (9th Cir.

21  1995).

22      Plaintiffs cannot establish sufficient minimum contacts for general

23  jurisdiction.  Bumbo (Pty) Limited is a private company which is organized under

24  the laws of South Africa and has its principal place of business in Pretoria, South

25  Africa.  (*Buitendach Decl.,* ¶4.)  A number of facts establish lack of jurisdiction.

26  For example:

27          • Bumbo (Pty) Limited does not now have and never has had any

28  _____
-12-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

office, warehouse or manufacturing facility in California;

- Bumbo (Pty) Limited does not now have and never has any employees in the state of California;

- Bumbo (Pty) Limited does not now and never has had a business license in California;

- Bumbo (Pty) Limited does not now own and never has owned any real or personal property in California;

- Bumbo (Pty) Limited does not now maintain and never has maintained a bank account in California;

- Bumbo (Pty) Limited does not now have and never has had a California telephone number;

- Bumbo (Pty) Limited does not now have and never has had a mailing address in California;

- Bumbo (Pty) Limited has never paid any taxes in California;

- Bumbo (Pty) Limited has never conducted any meetings of its board of directors in California;

- Bumbo does not maintain a sales force in California;

- Bumbo (Pty) Limited does not now advertise and has never advertised in California;

- Bumbo (Pty) Limited does not now have and never has had any agents for service of process in California;

- Bumbo (Pty) Limited does not now and never has had any distributors in California authorized to accept service of process on behalf of Bumbo.

(Buitendach Decl.)

Based on the above facts, Bumbo (Pty) Limited does not have the

-13-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

1   continuous and systemic contacts courts require when determining whether the

2   exercise of jurisdiction satisfies traditional notions of fair play and substantial

3   justice. *Ziegler, supra*, 64 F.3d at 473. The absence of substantial contacts with

4   California is sufficient for Bumbo (Pty) Limited to successfully challenge the

5   exercise of general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v.*

6   *Hall*, 466 U.S. 408, 416 (1984).

7   **B.    This Court Cannot Assert Specific Jurisdiction Over Bumbo (Pty)**

8   **       Limited**

9          The Ninth Circuit applies a three-part test in determining whether it may

10  assert specific jurisdiction over a defendant:

11         • the defendant must perform an act or consummate a transaction within

12            the forum, purposefully availing itself of the privilege of conducting

13            activities in the forum and invoking the benefits and protections of its

14            laws;

15         • the claim must arise out of or result from the defendant's forum-

16            related activities; *and*

17         • the exercise of jurisdiction must be reasonable.

18  *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 301 (9th Cir. 1993).

19         The determination of specific jurisdiction is a conjunctive test which "turns

20  on an evaluation of the nature and quality of defendant's contacts in relation to the

21  cause of action." *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280,

22  1287 (9th Cir. 1977). The party asserting jurisdiction has the burden of proof once

23  the issue is raised. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515,

24  1522 (9th Cir. 1983).

25         "With respect to goods and services in the international marketplace, the

26  mere placement of a product into the stream of commerce is not necessarily

27  sufficient to establish jurisdiction." *VCS Samoa Packing Co. v. Blue Continent*

28                                            -14-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   *Products (PTY) Ltd.*, 83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998), citing *World-*

2   *Wide Volkswagen Corp., supra,* 444 U.S. at 297-298.  "Defendant's awareness that

3   the stream of commerce may or will sweep the product into the forum State does

4   not convert the mere act of placing the product into the stream into an act

5   purposefully directed toward the forum State." *Asahi Metal Ind. v. Sup. Ct.*, 480

6   U.S. 102, 112 (1987).  "Moreover, indirect or attenuated contacts or the unilateral

7   activity of a third party will not support the exercise of specific jurisdiction since it

8   cannot be said that defendant purposely availed himself of the benefits of the

9   forum." *VCS Samoa Packing Co., supra,* 83 F. Supp. 2d at 1154, citing, *Keeton v.*

10  *Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

11       In the case of *Felix v. Bomoro Kommanditgesellschaft*, 196 Cal. App. 3d 106

12  (1987), the court found that "the degree to which a foreign corporation interjects

13  itself into the forum state directly affects the fairness of subjecting it to

14  jurisdiction.  The smaller the element of purposeful interjection, the less is

15  jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 115.

16  "Additional conduct of the defendant may indicate an intent or purpose to serve the

17  market in the forum State, for example, designing the product for the market in the

18  forum state, advertising in the forum State, establishing channels for providing

19  regular advice to customers in the forum State . . . ." *Id.* at 116, quoting, *Asahi*

20  *Metal Ind., supra,* 480 U.S. at 112.

21       Applying these principles to the instant case, it would be manifestly unjust to

22  require Bumbo (Pty) Limited to defend against plaintiffs' suit in California.

23  Bumbo (Pty) Limited is incorporated in South Africa and is not licensed to do

24  business in California.  Bumbo (Pty) Limited has no office, affiliate, subsidiary,

25  employee, agent, bank accounts or business operations in the state.  The only

26  possible contact that Bumbo (Pty) Limited could be said to have with California is

27  by way of the fact that Target, a Minnesota corporation, has retail stores in

28

-15-

AMENDED NOT. OF MOTION/MOT. TO QUASH, DISMISS
FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: C-07-04807 MHP

1  California that sold the Baby Sitter.  The product itself, however, is manufactured

2  in South Africa.  It was not designed specifically for the California market.  In this

3  case, the finished product was sold and distributed by Target, not Bumbo (Pty)

4  Limited.  Target is a corporation that has stores located nationwide, not just in

5  California.  Bumbo (Pty) Limited has not advertised, solicited any business, or

6  otherwise sought to serve any particular market in this state.  The extent to which

7  Bumbo (Pty) Limited could reasonably anticipate being involved in litigation in

8  California was minimal at best.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

### III.

### THE COURT SHOULD IMPOSE SANCTIONS BECAUSE PLAINTIFFS'ATTORNEYS HAVE ACTED UNREASONABLY AND VEXATIOUSLY IN FORCING BUMBO (PTY) LIMITED TO EXPEND UNECESSARY COSTS AND FEES IN SEEKING TO DISMISS THIS ACTION BASED UPON A KNOWINGLY FRAUDULENT PROOF OF SERVICE

16      Section 1927 of the United States Code provides that "any attorney or other

17  person admitted to conduct cases in any court of the United States or any Territory

18  thereof who so multiplies the proceedings in any case unreasonably or vexatiously

19  may be required by the court to satisfy personally the excess costs, expenses, and

20  attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. §1927.

21  "Sanctions may be imposed under Section 1927 where an attorney engaged in

22  conduct in bad faith, with improper motive, or a reckless disregard of a duty owed

23  to the court."  *Landis Revin Nutraceuticals, supra,* 2007 WL at *5, citing *New

24  Alaska Develop. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

25      A federal court also has inherent power to impose sanctions against both

26  attorneys and parties for "bad faith" conduct in litigation, even if the conduct is

27  sanctionable under other rules such as Federal Rule of Civil Procedure 11 or

28                                                              -16-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   Section 1927.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  "Bad faith"

2   conduct includes findings that a lawyer or party "acted in bad faith, vexatiously,

3   wantonly or for other oppressive reasons."  *Id.* at 45-46.  Recklessness combined

4   with other factors such as frivolousness, harassment or an improper purpose, may

5   constitute bad faith, warranting sanctions under a court's inherent powers.  *B.M.K.*

6   *v. Maui Police Dep't*, 276 F.3d 1091, 1106 (9th Cir. 2002).  The Supreme Court has

7   found that sanctions under the court's inherent power are *particularly appropriate*

8   for fraud practiced upon the court.  *Chambers, supra*, 501 U.S. at 54.  "Fraud on

9   the court" involves an "unconscionable plan or scheme which is designed to

10  improperly influence the court in its decision."  *Pumphrey v. K.W. Thompson Tool*

11  *Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).

12          In the *Landis Revin Nutraceuticals* case, the court found that counsel for

13  plaintiff had engaged in "bad faith conduct or, at a minimum, reckless conduct in

14  disregard of his duties owed to the court, which unnecessarily and unreasonably

15  multiplied these proceedings."  *Landis Revin Nutraceuticals, supra*, 2007 WL at

16  *5.  Similar to the case at hand, in *Landis Revin Nutraceuticals,* defendants

17  asserted that they were never served with the summons and complaint.  Plaintiffs'

18  counsel alleged that defendants were served by registered mail and filed Requests

19  for Entry of Defaults against all defendants.  When contacted by counsel for

20  defendants, plaintiffs' counsel then refused to produce copies of the return receipts

21  allegedly signed by defendants, instead contending that his proofs of service alone

22  evidenced service.  Counsel also refused to set aside the defaults.  Defendants then

23  brought a Motion to Set Aside the Defaults, which was granted.  Further, the court

24  ordered plaintiffs' counsel to pay sanctions in the amount of $10,716 to defendants

25  for the attorney's fees incurred in setting aside the defaults.  *Landis, supra*, 2007

26  WL 397144.

27          In the case at issue, plaintiffs' attorneys have also acted in bad faith,

28
                                          -17-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    practiced fraud upon the Court, and have unreasonably multiplied the hearings as

2    well as the costs and fees expended in this action.  Plaintiffs' attorneys have been

3    aware at least since November 2007 that Bumbo (Pty) Limited had retained

4    monitoring counsel in California.  Plaintiffs' attorneys have received repeated

5    communications from California attorneys advising them that Bumbo (Pty)

6    Limited had not received service of process.  Plaintiffs' attorneys have also

7    unabashedly refused to cooperate on this issue in any way with defense attorneys.[7]

8    In spite of receiving a letter from C & F advising that, contrary to the assertions

9    made in the Affidavit of Service, "Mark Buchanan" is not the owner of "Bumbo

10   Limited" and that Wartburg Enterprises, Inc. was not authorized to accept service

11   of process on behalf of Bumbo (Pty) Limited, plaintiffs' attorneys still

12   unreasonably refused to withdraw their Affidavit.[8]  Thus, plaintiffs' attorneys

13   unreasonably and vexatiously created the need for Bumbo (Pty) Limited to bring

14   this motion.[9]

15          Plaintiffs' conduct of filing an affidavit that they *knew* to be defective due to

16   numerous communications from defense counsel, without even the courtesy of

17   notifying opposing counsel, is highly questionable and has only served to multiply

18   the proceedings in this case.  These actions represent precisely the kind of

19   vexatious conduct contemplated by 28 U.S.C. §1927.  Bumbo (Pty) Limited has

20   incurred $2,820 in bringing this motion.  (*Johnston Decl.*, ¶17.)  Therefore, Bumbo

21   (Pty) Limited requests that this Court impose sanctions against plaintiffs and their

22

23   [7] Evidence of this fact can be seen most prominently in the letter from Mr. Edgar to C & F dated
     November 21, 2007 (attached as *Exhibit "C"* to *Johnston Decl.)* in which Edgar advises that
24   "you all do whatever you all need to do to represent your clients.  At this time, we respectfully
     decline to enter into any agreement(s) set forth in your letter of November 15, 2007."
25   [8] It should also be noted that a motion to dismiss was filed on December 28, 2007 regarding the
     extremely similar affidavit filed in the *Whitson* action.
26   [9] Since defense counsel has had very few interactive communications with plaintiffs' counsel, it
     is unclear whether plaintiffs themselves have had any role in the above-referenced decisions
27   regarding the service issues.  Thus, defense counsel has no choice but to request sanctions
     against plaintiffs as well as their counsel.
28                                                                          -18-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  attorneys in the amount of $2,820.

2  ## CONCLUSION

3  By this motion, Bumbo (Pty) Limited seeks two forms of relief:

4  • that the claimed service of process, served upon an unrelated

5  corporation, be quashed; and

6  • that any claim against Bumbo (Pty) Limited be dismissed as this

7  Court cannot exercise personal jurisdiction over it.

8  Further, Bumbo (Pty) Limited seeks sanctions against plaintiffs and their

9  attorneys in the amount of $2,820 for their fraudulent and unreasonable conduct in

10  this action.

11  The facts are clear:  Plaintiffs have served an unrelated entity of behalf of an

12  entity which does not exist.  Bumbo (Pty) Limited has not been served in this

13  action, has not appeared in this action and does not have <u>any</u> contacts, let alone

14  constitutionally required minimum contacts, with this forum state.  Further,

15  plaintiffs and their attorneys are solely responsible for the costs, expenses and

16  attorneys' fees reasonably incurred due to their unreasonable and unnecessary

17  conduct.

18

19  Dated: January __, 2008           CONDON & FORSYTH LLP

20

21

22  By:  <u>s/Jennifer J. Johnston</u>
23       ROD D. MARGO
         JENNIFER J. JOHNSTON

24       Attorneys for *Specially Appearing*
         Defendant
25       BUMBO (PTY) LIMITED

26

27

28  _____
-19-