**EXHIBT E**

## CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

January 10, 2007

**VIA FACSIMILE AND U.S. MAIL**

Donald S. Edgar, Esq.
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, California 95401

Re:    Dylan Lamm, etc., et al. v. Bumbo, et al.
         United States District Court – Northern District
         Case No. CV07-04807 MHP
         C & F File No.: 1720.63140

Dear Mr. Edgar:

As we have previously advised your firm, we are attorneys for Bumbo (Pty) Ltd. We have noted that on January 7, 2007, you filed an affidavit of service showing purported service on "Bumbo Limited" through Mark Buchanan in Conroe, Texas.

We are writing to advise that our client does not have any offices, officers, or employees in Texas. Further, contrary to the statements in the affidavit of service, Mark Buchanan is not an owner of "Bumbo Limited." In fact, to our knowledge, there is no such entity known as such. Additionally, the address at which the summons and complaint were purportedly served is an address for Wartburg Enterprises, Inc. Wartburg Enterprises, Inc. is not authorized to accept service of process on behalf of any Bumbo entity. Accordingly, any attempt at service on Bumbo (Pty.) Ltd. by delivering the summons and complaint to Wartburg Enterprises is not effective service.

We find it puzzling that your firm filed said affidavit after being advised repeatedly that service on Wartburg Enterprises does not constitute effective service on Bumbo. On December 11, 2007, you filed an affidavit showing purported service on "Bumbo," another non-existent entity, at the same above-referenced address in Conroe, Texas in *Whitson v. Bumbo, et al.*, Case No. CV07-5597 CW, a case which your firm is seeking to relate to the *Lamm* action. In spite of numerous attempts to communicate with your firm requesting any information on service and repeated requests to not seek a default without first contacting our firm, your firm then filed a request to enter default against "Bumbo" on December 20, 2007. *See* letters of November 15, 2007 and November 21, 2007, attached hereto. On December 21, 2007, we sent you a letter advising that Wartburg was not authorized to accept service for Bumbo and requesting that you immediately withdraw your request to enter default. *See* December 21, 2007 letter attached hereto. The request was not withdrawn and default was entered against Bumbo on December 27,

CONDON & FORSYTH LLP

Donald S. Edgar, Esq.
January 10, 2008
Page 2

2007. On December 28, 2007, Bumbo (Pty) Ltd. filed a motion to set aside default, quash service, dismiss and for sanctions due to your fraudulent and unreasonable conduct in this matter.

In spite of what we think is an abundance of clarification on this issue, you have once again purported to serve our client in the exact same manner which is the subject of said motion. If you do not immediately withdraw this affidavit, we shall be forced to, once again, file a motion to quash service and dismiss due to inadequate service. We shall also have no other choice than to request sanctions in this matter.

Further, we have reviewed your case management statement in this case which makes reference to our client's attempts to "evade service," as well as our firm's failure to cooperate. We take exception to these statements. Bumbo (Pty) Ltd. is not evading service; it simply is not present in the United States, and therefore, cannot be served in this country. Further, we believe that it is you who have not cooperated with us. As you know, we have telephoned and written to your office requesting information on purported service. However, your office has refused to provide us with any information and chose, instead, to file a defective and improper request to enter default.

We thank you in advance for your anticipated cooperation in this matter.

Very truly yours,

*[signature]*
Jennifer J. Johnston

JJJ:cj

cc:     Gail Trabish, Esq.
        (via email GTrabish@bjg.com)