Donald S. Edgar, Esq. (State Bar No. 139324)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
Rex Grady, Esq. (State Bar No. 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA  95401
Telephone: (707) 545-3200
Facsimile:  (707) 578-3040

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM, <br><br> Plaintiffs, <br><br> v. <br><br> BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20, <br><br> Defendants. | CASE NO.:CV 07-04807 MHP <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S MOTION TO QUASH AND MOTION TO DISMISS** <br><br> **Date:**   **March 10, 2008** <br><br> **Time**   **2:00 p.m.** <br><br> **Place:**   **Courtroom of the Honorable Marilyn Hall Patel** |

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   BUMBO (PTY) LTD  HAS NO STANDING TO QUASH SERVICE OF BUMBO

LIMITED   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  BUMBO-PTY'S FACTUAL MISREPRESENTATIONS  . . . . . . . . . . . . . . . . . . . . . . . 3

      A.   Bumbo-Pty Misrepresents Their Awareness Of This Litigation  . . . . . . . . . . . . . 3

      B.   Bumbo-Pty Is Playing Games and Misrepresenting The Role Of

           The Texas Entity  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   BUMBO-PTY IS SUBJECT TO PERSONAL JURISDICTION  . . . . . . . . . . . . . . . . . 6

      A.   First Prong:  Purposeful Availment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.   Second Prong:  Arising Out Of  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      C.   Third Prong: Reasonableness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.    BUMBO-PTY OUGHT BE SANCTIONED FOR THE PROVEN

MISREPRESENTATIONS MADE TO THE COURT AND FOR THEIR UNJUSTIFIED

ATTACKS UPON PLAINTIFFS AND THEIR COUNSEL . . . . . . . . . . . . . . . . . . . . . . 11

VI.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1

## TABLE OF AUTHORITIES

2

### Federal Case Law

3

4

*Asahi Metal Industries Co. v. Superior Court of California*

5

480 U.S. 102 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

7

8

*Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.*

9

1991 WL 279273, *7 (N.D.Cal.) (N.D.Cal.,1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 11

10

11

12

*Shute v. Carnival Cruise Lines*

13

897 F.2d 377, 381 (9th Cir.1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14

15

16

*World-Wide Volkswagen Corp. v. Woodson*

17

444 U.S. 286, 297  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiffs herein oppose the "specially appearing" defendant, Bumbo (Pty) Ltd.'s, motion to quash service, motion to dismiss and for sanctions. Defendant's motion to quash suffers from a faulty premise and lack of standing. Defendant's moving papers contain several blatant misrepresentations to the Court and thinly veiled attempts to prejudice the Court towards granting it an improper dismissal. More relevant is Defendant's failure to properly analyze the jurisdictional issues in this case. Finally, it is the moving Defendant that ought be sanctioned, not the Plaintiffs.

The simple and most obvious flaws in defendant's motion to quash are the fact that the service papers in issue address service of a separately named defendant (that may not even exist) and a lack of standing.   The moving party is defendant Bumbo (Pty) Ltd. (hereafter referred to as "Bumbo-Pty").   The Affidavit of Service in issue does not claim service of Bumbo-Pty. The defendant Bumbo-Pty has no standing to request that service on another named defendant be quashed. Similarly, Bumbo-Pty has no standing to claim that it should be released from the within lawsuit because "Bumbo Limited" was improperly served. If "Bumbo Limited" does not exist, the service upon such entity may be a legal nullity, but that does not give Bumbo-Pty a right to quash service or request ultimate dismissal from the lawsuit. **The motion does not address the service of Bumbo-Pty, the moving defendant.**

Even if Bumbo-Pty had standing, which they clearly do not, their motion fails for several other legal and factual misrepresentations made therein. One significant and provable subject of misrepresentations upon the Court are moving defendant's attempts to characterize Plaintiff's actions as covert or underhanded. Defendant pretends and misrepresents, under oath, that it was unaware of this lawsuit until November – that is an untruth. Defendant pretends and misrepresents, under oath, that the entity served is a Wartburg entity and not an affiliate of the Bumbo-Pty company – this too is an "untruth". Defendant misrepresents in an effort to characterize itself as a hapless victim of an unscrupulous Plaintiff.   This, however, is a fabrication designed to invoke sympathy where none should lie (no pun intended). It is interesting that for all its protestations of victimization and after paying counsel thousands of dollars to monitor the Court docket, Bumbo-Pty, could simply have made its arguments about jurisdiction without the protestations of impropriety.  Counsel for

1  Bumbo-Pty crying wolf is a distraction from the relevant facts and law governing the jurisdictional
2  issues in this case.  It is also worth noting that service of the summons and complaint upon Bumbo-
3  Pty in South Africa has now recently occurred and, hopefully, Bumbo-Pty will make a general
4  appearance shortly.

## II.    BUMBO (PTY) LTD  HAS NO STANDING TO
## QUASH SERVICE OF BUMBO LIMITED

7       Bumbo-Pty glosses over the fact that the service papers they seek to quash deals with the
8  claimed service of Bumbo Limited.  They ignore the fact that the Affidavit of Service in issue does
9  not claim service of Bumbo-Pty (a separately named and sued defendant).  Bumbo-Pty claims to be
10 the only legal entity among the variously named Bumbo defendants.   What then is their standing to
11 complaint about the service issues in this case?  Rather than address this standing issue, they pretend
12 that the Affidavit of Service claims service of Bumbo-Pty.  The rest of their papers are then written
13 as if the service and default papers involved Bumbo-Pty.  The defendant has set their entire argument
14 on a false premise – that Plaintiff's have claimed service of Bumbo-Pty in Texas.  The false premise
15 relied upon by defendant's motion is belied by the court pleadings themselves.  The affidavit of
16 service refers to service of defendant "Bumbo Limited" not defendant Bumbo (Pty) Ltd..  Plaintiffs
17 have only recently effected  service of Bumbo-Pty and have never claimed otherwise.  Plaintiffs have
18 never claimed that service of the Texas entity constitutes service of Bumbo-Pty.[1]

19       Given these self-evident truths, why does Bumbo-Pty bring the within motion?  Review of
20 the motion reveals that the allegations of impropriety in service of process is merely an attempt to
21 prejudice the Court into granting the  ill-fated attempt at dismissal from the litigation with claims
22 of lack of jurisdiction.  Before addressing the clearly more important jurisdictional issues, Plaintiff
23 will briefly highlight some of the factual misrepresentations made by defendant.
24  /
25  /
26
27      [1] As this litigation progresses it may become apparent that this Texas company is merely an
extension of Bumbo-Pty, however, that is not the issue in the within motion because the service
28 papers in issue here do not claim service of Bumbo-Pty.

### III.    BUMBO-PTY'S FACTUAL MISREPRESENTATIONS

**A.    Bumbo-Pty Misrepresents Their Awareness Of This Litigation**

Bumbo-Pty paints a picture of Plaintiffs sneaking around, serving unrelated entities and claiming service in some bad faith attempt to do unspecified evil. Bumbo-Pty pretends that it is the unwitting victim of bad faith litigation practices and that it was not aware of the lawsuit until months after its filing, and only then, because Target notified them. Particularly misrepresentative is Bumbo-Pty's statement that "in November 2007, Bumbo-Pty learned through Target that a lawsuit had been filed against Target and Bumbo-Pty (*Johnston Decl.P2).*"[2]

The irrefutable reality is that Bumbo-Pty knew of the lawsuit before it claims because Plaintiffs' counsel was in contact with Bumbo-Pty and provided copies of court filings, in the *Lamm* case as well as the *Whitson* case, to Bumbo-Pty representative, Johnny Klopper.[3]

Bumbo-Pty's claims of ignorance of the litigation (and that Plaintiffs were somehow sneaking around behind their back) are amazing for their boldness and untruth. Plaintiffs would love it if Bumbo-Pty would just stop playing games and deal with this litigation.[4]

**B.    Bumbo-Pty Is Playing Games and Misrepresenting The Role Of The Texas Entity**

The relationship of the Texas entity to Bumbo-Pty is not what Bumbo represents it to be. Among the most shocking of Defendant's misrepresentations are the following:

> "Plaintiff purportedly attempted to serve 'Bumbo Limited' by serving Mark Buchanan, ostensibly as 'owner' of 'Bumbo Limited' at 12248 Fm 1485, Conroe, TX 77306. ... "Bumbo-Pty is informed and believes that one of its U.S. distributors, Wartburg, maintains a facility at the address where service was purportedly effected. Wartburg Enterprises, Inc. is not a "Bumbo" entity...."[5]

---

[2] See Defendant's moving papers at page 6.

[3] Copies of the email transmissions are attached to the Declaration of Jeremy R. Fietz as Exhibit A.

[4] While it is irrelevant to any issue in this case, Bumbo-Pty's counsel also misrepresents the content of a telephone call with Plaintiffs' counsel Jeremy Fietz. While Bumbo's counsel attests, under oath, that Mr. Fietz disclaimed knowing anything about the case during a telephone inquiry that too is an untruth. Mr. Fietz merely stated that he was unaware of the status of service of process and that Mr. Edgar would know more about that. See Fietz Declaration.

[5] See Defendant's moving papers at page 5.

The characterization of the served Texas company as a mere unrelated distributor of the Bumbo Baby Sitter is belied by a simple review of the following website: www.bumbosafety.com. The website was apparently created after the Consumer Product Safety Commission issued its nationwide recall of the device to improve the warnings and package labeling.  This CPSC recall came after the *Lamm v. Bumbo* suit was filed and after Bumbo-Pty became aware of the *Lamm* suit. In contrast to Bumbo-Pty's claims that the address where service was effected is "not a Bumbo entity" every page of the website lists the following:

> **Bumbo International**
> **12248 FM 1485**
> **Conroe, TX 77306**
> **(877)WeBumbo**[6]

The website also clearly **claims that the Texas entity is the designer and manufacturer of the Bumbo Baby Sitter**:

> Introduced in 2002 and used by more than one million families around the world, the Bumbo™™ Baby Seat is a snug and cozy environment for your baby. **Designed and manufactured by Bumbo International**, the seat was designed with a baby's posture in mind.[7]

The Texas company website also has the same artwork, look, and feel as the website located at www.bumbobabysitter.com (which is the official gateway to the website of the South African Bumbo-Pty).  For Bumbo-Pty to claim that the Texas entity is "not a Bumbo entity" is clearly a blatant misrepresentation to the Court.

Even a cursory review of the Texas company's website reveals that the Texas company acts as if it is the manufacturer.  In the Q&A section of the Texas entity's website, the website states:

> **I have seen instructions that say to use the Bumbo on "any level surface," is that misleading to parents?**
>
> We have reviewed all the wording we use to clear up any inconsistency or confusion. ....We realize that some parents may not have understood the

---

[6] An example page from the www.bumbosafety.com website is attached to the Declaration of Jeremy R. Fietz as Exhibit B.

[7] See page from the www.bumbosafety.com website is attached to the Declaration of Jeremy R. Fietz as Exhibit B.

importance of this warning, which is why we are working with the U.S. Consumer Product Safety Commission to update our warning label and instruction leaflet. To prevent falls, the Bumbo Baby Seat should NEVER be used on any elevated surface. Period.

**What is your reaction to the cases where children have fallen from high places while in the bumbo seat?**

These are heartbreaking stories and we care deeply about those families — and all families that use the Bumbo Baby Seat. We approached this entire process with the mindset that even one injury is unacceptable and we committed ourselves to finding a solution to the problem of some parents using the Bumbo Baby Seat on elevated surfaces. So when the CPSC decided that we should make the warning stronger, we jumped to make it happen. We want to get the word out that to prevent falls, the Bumbo Baby Seat should only be used on flat, ground-level surfaces.[8]

These, and the other statements made throughout the entire website are clearly written to give the impression as though the entity, whose listed address is the Texas address served, is a Bumbo entity.

The statements by Bumbo-Pty to the effect that Plaintiffs were doing something underhanded by serving some Wartburg company that is a mere distributor, are a sham. Worse, they are clearly misrepresenting the true relationship, whatever it is exactly, between the Texas entity served and Bumbo-Pty. It is also worth noting that **the name "Bumbo International" is not just used on this Texas company's website, it is also used on the official South African Bumbo-Pty website!**[9]

To claim that Plaintiffs committed bad faith sanctionable misconduct in light of these facts is disturbing and should be offensive to this Court. The exact relationship between this Texas company and the South African company (assuming they are different) is not clear because Bumbo-Pty is committing clear misrepresentations to this Court concerning the relationship.

---

[8] Excerpts from the Texas company's website are attached to the Declaration of Jeremy R. Fietz as Exhibit C.

[9] Excerpt from the official Bumbo website stating that "Bumbo International has conformed to the requirements of different countries..." is attached to the Declaration of Jeremy R. Fietz as Exhibit D.

## IV.  BUMBO-PTY IS SUBJECT TO PERSONAL JURISDICTION

Bumbo-Pty completely misses the mark in its analysis of personal jurisdiction.  The moving papers contain almost no discussion of the specific jurisdiction analysis that has been the cornerstone of determining jurisdiction in cases such as these.  Instead, defendant pretends that the biggest factors at play in this case are the lack of Bumbo-Pty offices or personnel within California.

The parties need look no further than the opinion of this very Court in *Seltzer Sister Bottling Co., Inc., v. Source Perrier, S.A.* 1991 WL 279273 (N.D. Cal.), for a thorough analysis of the factors to be considered by the Court.  (Somehow, defendant missed the "all fours" opinion of this Court in its legal research.)   As discussed below, for many of the same reasons this Court denied the defendant's motion in the *Seltzer* case, Bumbo-Pty's motion ought also be denied.

As discussed by the Court:

> California's long arm has a broad reach; jurisdiction can be asserted 'on any basis not inconsistent with the Constitution of this state or of the United States.' Cal.Civ.P.Code§410.10 (West 1973) Courts have uniformly interpreted this statute to provide for the assertion of jurisdiction up to the limits of federal constitutional due process. (citations omitted). Id at 2.

One basis of long-arm jurisdiction that has developed from good judicial sense over the past 100 years is the "stream of commerce" theory:

> Under a stream of commerce analysis, where a foreign manufacturer injects its product in to the stream of commerce, that manufacturer may be subject to jurisdiction in states where its product is sold. Id at 3-4.

As noted by this Court, the Ninth Circuit has developed a three-prong test to determine when the assertion of specific jurisdiction comports with the requirements of due process:

> (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; (3) the exercise of jurisdiction must be reasonable. *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991 WL 279273, *5 (N.D.Cal.) (N.D.Cal.,1991); citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990).

We shall examine each factor in turn.

A.      **First Prong:  Purposeful Availment**

As discussed by the Court:  Plaintiff must prove that the defendant:

> has engaged in some affirmative conduct allowing or promoting the
> transaction of business within California. *Id.* at 381.[FN7] The defendant need
> not be physically present in the forum to have purposely availed itself of the
> privilege of transacting business there. *Id.* at 382. Instead the policy reasons
> behind this requirement should always be kept in mind. ""This focus upon
> the affirmative conduct of the defendant is designed to ensure that the
> defendant is not haled into court as the result of random, fortuitous or
> attenuated contacts ..."" *Id.* at 381. *Seltzer Sister Bottling Co., Inc. v. Source
> Perrier, S.A.* 1991 WL 279273, *5 (N.D.Cal.) (N.D.Cal.,1991) citing *Shute
> v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990).

The *Seltzer* opinion goes on to describe the distinction between the concurring opinions in

*Shute*.  This Court pointed out that Justice O'Connor required some additional conduct by the

defendant demonstrating an intent to serve the forum state's market before a court could find

purposeful availment. *Id.* Additional conduct included:

> designing the product for the market in the forum State, advertising in the
> forum State, establishing channels for providing regular advice to customers
> in the forum State, **or marketing the product through a distributor who
> has agreed to serve as the sales agent in the forum State**. Id at 5-6.

On the other hand, according to the concurring opinion of Justice Brennan ""mere awareness"

that a product is being marketed in a particular state is a sufficient basis for the constitutional

assertion of personal jurisdiction." Id. at 5-6.  As was noted by the Court in *Seltzer*, while we can

recognize the distinction between these two opinions, the result in this case is the same under both

standards.

It is plain to see that even under Justice O'Connor's higher standards, Bumbo-Pty purposefully

availed itself of the California marketplace for its product.  In fact, Bumbo-Pty has purposefully

availed itself of the market throughout the United States. Like *Seltzer*, this case is no *Asahi*.[10] There

was no fluke or coincidence that brought Bumbo-Pty's product into California.

---

[10] *Asahi Metal Industries Co. v. Superior Court of California*, 480 U.S. 102 (1987). In *Asahi*
the Court found against specific personal jurisdiction because of highly coincidental nature of how
the product came to be used within the Court's geographic boundaries.

1    The following are exact quotes from the official, South African, Bumbo-Pty website:

2    "Major Customers

3    USA

4    ...

Target Corporation

5    Wartburg Enterprises Inc."[11]

6

7    "The Bumbo Seat is being used extensively by therapists and in Early Childhood Intervention (ECI) programs around the USA."[12]

8

9    "Memberships: JPMA accredited Member USA"[13]

10    "UNITED STATES OF AMERICA – Granted Patent Application Number 6626487"[14]

11

12    "Since the introduction of the product in 2003 in the US market the warnings and packaging was acceptable. Due to the investigation of the CPSC it has only now become evident that changes are necessary.....

13

14    For this reason **we have voluntarily removed all Bumbo Baby Seats from the shelves of retailers in the USA and placed it back into inventory**. We are currently busy changing the party photo, add an additional warning on the product and reprinting the instruction leaflet to include changes as recommended by the CPSC before it will be returned to the retailers' shelves. In addition to this, owners of the Bumbo Baby Seat can **visit our website, www.bumbosafety.com,** to download copies of the warning and the altered instruction leaflets."[15]

15

16

17

18

19    It could not be more clear than that it is Bumbo-Pty's explicit intent to capture the market

20    throughout the United States (which obviously includes its largest single market of California). It is

21    _____

22    [11] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

23    [12] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

24

25    [13] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

26    [14] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

27

28    [15] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

noteworthy that the distributer defendant in this case, Target, "operates approximately 1,500 stores in 47 states… ".[16] Obviously, Bumbo-Pty enjoys the benefits of having such a prolific distributor and retail operator within California and the rest of the United States.

The United States government, Consumer Product Safety Commission reports that there are "About 1 million" Bumbo seats that have been sold in the U.S.. (Interestingly they report "Bumbo International, of South Africa" as the manufacturer.) The government also reports the following as sellers of the Bumbo seat: "Target, Wal-Mart, Sears, Toys R Us, Babies R. Us, USA Babies and various other toy and children's stores nationwide, and various online sellers, from August 2003 through October 2007 for about $40."[17]

As this Court noted, in quoting the Supreme Court:

> "Hence if the sale of a product of a manufacturer ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer ... to serve the market for its product ... it is not unreasonable to subject it to suits in one of those states...." *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991 WL 279273, *7 (N.D.Cal.) (N.D.Cal.,1991); citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

There can be no credible argument to oppose the clear fact that Bumbo-Pty has purposefully availed itself of the enormous consumer buying power in the California market.

**B.    Second Prong:  Arising Out Of**

The second prong of the *Shute* analysis requires that the plaintiff's claim arise out of defendant's forum-related activities. As discussed by the Court in *Seltzer,* the Ninth Circuit has adopted a "but for" test for analysis under this prong. See *Seltzer, supra,* at page 7.   Under the 9th Circuits "but for" analysis it is clear that plaintiff's cause of action would not exist "but for" Bumbo-Pty's contacts with the forum. See *Seltzer, supra,* at page 7.

/

---

[16] See official Target Website at:
http://sites.target.com/site/en/corporate/page.jsp?contentId=PRD03-001085

[17]  Excerpts from the CPSC website are attached to the Declaration of Jeremy R. Fietz as Exhibit E.

C.    **Third Prong: Reasonableness**

The final prong of the analysis is a determination of whether it is "reasonable" for the Court to assume jurisdiction over the defendant. The *Shute* court provides a seven factor balancing test for the purpose of determining reasonableness. The *Seltzer* opinion, again, provides helpful guidance. In similar fashion, the factors will be analyzed in turn:

1) **Purposeful Interjection**: This factor is closely related to purposeful availment. (See *Seltzer*, *supra* at 8.)   As it is clear that Bumbo-Pty has purposefly directed its activities towards the California (and indeed the entire US) market.  This factor weighs heavily in favor of jurisdiction.

2) **Burden on Defendant:** This factor takes into account any special burden that might be placed on a foreign defendant.  In this case, it is already shown that Bumbo-Pty is a sophisticated company that has conducted legal business with US companies.  Litigating in this forum should provide no overarching burden.  It is also worth noting that one need only type "Bumbo lawsuit" in Google to see many attorneys advertising lawsuits against Bumbo here in the United States.

3) **Conflict with sovereignty of South Africa**: This factor considers whether any existing law in South Africa would conflict with the laws governing liability in this case?  Bumbo-Pty has made no such showing.

4) **Forum State's Interest in Adjudication:** Here, as in *Seltzer*, it is clear that California has a strong interest in adjudicating disputes involving its citizens: "It is well settled that states have a strong interest in protecting their citizens from the 'tortious acts of others." *Seltzer*, *supra* at 8, citing *Shute supra.*

5) **Efficient Judicial Resolution:** Lamm is a PI case arising out of an injury to a California resident occurring here in California.  The related *Whitson* case is a class action case.  As was discussed in *Seltzer*:

> The physical and financial burdens placed upon plaintiffs if they are forced to prosecute their suit in [South Africa] would be substantial, if not insurmountable. Furthermore, [Defendant] has not established that an equivalent class action mechanism exists under [South African] law, nor that there are fora that could interpret and apply law that is idiosyncratic to the

United States. *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991
WL 279273, *9 (N.D.Cal.) (N.D.Cal.,1991)

6) **Convenience and Effectiveness of Relief**: In this case, the presence of Target as a defendant does not lessen the import of having Bumbo-Pty answer for its own liability. While Target is a major distributor of Bumbo-Pty's product, it is, by far, not the only one. This case seeks relief that cannot be accomplished by Target's liability alone.

7) **Existence of Alternative Forum**: This factor considers whether the foreign jurisdiction would provide a forum for the plaintiffs case and the relief sought. In this case, there is no showing by Bumbo-Pty that the legal system of South Africa would provide a forum for California residents to obtain relief.

Upon balancing these factors it is clear that assertion of personal jurisdiction over Bumbo-Pty is reasonable. (Nor should it shock Bumbo-Pty to be sued in California – one of the largest world markets they clearly and purposefully put themselves in.)

## V.   BUMBO-PTY OUGHT BE SANCTIONED FOR THE PROVEN MISREPRESENTATIONS MADE TO THE COURT AND FOR THEIR UNJUSTIFIED ATTACKS UPON PLAINTIFFS AND THEIR COUNSEL

Incredibly, Bumbo-Pty requests sanctions against Plaintiffs and their counsel for unspecified frauds and bad faith. Bumbo-Pty tries to dirty the Plaintiff's case through incendiary accusations of fraud upon the Court, etc.. Plaintiff and her counsel committed no fraud and Plaintiffs and their counsel did nothing to force Bumbo-Pty to bring its inflammatory motion. In addition, the within Opposition makes clear that it is the defendant that has made misrepresentations to the Court. Defendant's hyper-aggressive positions in this matter step beyond vigorous advocacy into a realm of obfuscation and attempted scare tactics.

For its own misrepresentations to the Court, and its unjustified and unprofessional accusations of fraud against Plaintiff and her counsel, defendant Bumbo-Pty ought be sanctioned. Plaintiffs' counsel has spent more than 20 hours preparing this, and the related, opposition.[18] At a reasonable

---

[18] See Declaration of Jeremy R. Fietz, Esq.

hourly rate of $300 per hour,  it seems appropriate that Plaintiff be awarded sanctions in the amount of $6000.

## VI.  CONCLUSION

Plaintiff respectfully submits that Bumbo-Pty has not even the standing to complain about service of "Bumbo Limited" and the *Seltzer/Shute* analysis makes clear that the Court has jurisdiction over Bumbo-Pty.  Moreover, Defendant's inexcusable, inaccurate, and unnecessarily incendiary accusations against Plaintiff and her counsel should not be condoned.  Plaintiff requests an order denying defendant's motion and granting sanctions to Plaintiff.

February 8, 2008                    **EDGAR LAW FIRM**

                                   By: _____
                                        Jeremy R. Fietz, Esq.