Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem, MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>    Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.;TARGET CORPORATION; and DOES 1 to 20,<br><br>    Defendants. | Case No. CV07-4807 MHP<br><br>**NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    March 24, 2008<br>Time:    2:00 p.m.<br>Place:   Courtroom of the Hon.<br>             Marilyn Hall Patel |

PLEASE TAKE NOTICE that on March 24, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 15, before the Hon. Marilyn Hall Patel, defendant Bumbo (Pty) Ltd. shall and hereby does respectfully move this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). Bumbo (Pty) Ltd.'s motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, Declarations of Jennifer J. Johnston and Antoinette Wagenaar, the Complaint, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the

NOTICE OF *AMENDED*  MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

1    hearing on this matter.

3    Dated: February 21, 2008          CONDON & FORSYTH LLP

5                                       By: s/Jennifer J. Johnston
                                           ROD D. MARGO
                                           JENNIFER J. JOHNSTON

                                           Attorneys for *Specially Appearing* Defendant
                                           BUMBO (PTY) LTD.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

2

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ i-iii

MEMORANDUM OF POINTS AND AUTHORITIES........................................... 1

INTRODUCTION .................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .............................................. 2

ISSUES TO BE DECIDED ...................................................................................... 4

STANDARD.............................................................................................................. 4

ARGUMENT............................................................................................................. 5

    I.    BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFFS HAVE FAILED TO EFFECT SERVICE OF PROCESS ON BUMBO-PTY ............................................................................... 4

    II.   THIS COURT CANNOT EXERCISE *IN PERSONAM* JURISDICTION OVER BUMBO-PTY. ....................... 8

        A.  PLAINTIFFS CANNOT SHOW THAT BUMBO-PTY HAS THE REQUISITE MINIMUM CONTACTS WITH CALIFORNIA TO JUSTIFY GENERAL JURISDICTION ........ 10

        B.  THIS COURT CANNOT ASSERT SPECIFIC JURISDICTION OVER BUMBO-PTY ......................................... 11

CONCLUSION........................................................................................................ 13

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

i

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784, 787 (9th Cir. 1977) ................................................................................ 9

*Asahi Metal Indust. Co. v. Superior Court of California*,
    480 U.S. 102, 114 (1987) ....................................................................................... 9, 12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 475 (1985) ............................................................................................ 9

*Core-Vent Corp. v. Nobel Industries AB*,
    11 F.3d 1482, 1484 (9th Cir. 1993) ............................................................................ 8

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.*,
    557 F.2d 1280, 1287 (9th Cir. 1977) ........................................................................ 12

*Dean v. Motel 6 Operating L.P.*,
    134 F.3d 1269, 1275-76 (6th Cir. 1998) ..................................................................... 9

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834, 838 (9th Cir. 1986) .............................................................................. 9

*Felix v. Bomoro Kommanditgesellschaft*,
    196 Cal. App. 3d 106 (1987) .................................................................................... 12

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408, 416 (1984) .......................................................................................... 11

*Jackson v. Hayakawa*,
    682 F.2d 1344, 1347 (9th Cir. 1982) .......................................................................... 8

*Marshall v. Warwick*,
    155 F.3d 1027, 1030 (8th Cir. 1998) .......................................................................... 5

*Montalbano v. Easco Hand Tools, Inc.*,
    766 F.2d 737, 740 (2d Cir. 1985) ............................................................................... 4

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ii
NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

*Norlock v. City of Garland*,
    768 F.2d 654, 656 (5th Cir. 1985) .................................................................................. 4

*Omeluck v. Langsten Slip & Batbygerri A/S*,
    52 F.3d 267, 270 (9th Cir. 1995) .................................................................................. 10

*Rano v. Sipa Press, Inc.*,
    987 F.2d 299, 301 (9th Cir. 1993) ................................................................................ 11

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007, 1019 (9th Cir. 2002) .............................................................................. 4

*Sher v. Johnson*,
    911 F.2d 1357, 1360 (9th Cir. 1990) ......................................................................... 8, 9

*VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.*,
    83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998) ................................................................ 12

*Wood v. Santa Barbara Chamber of Commerce*,
    705 F.2d 1515, 1522 (9th Cir. 1983) ............................................................................ 12

*Ziegler v. Indian River County*,
    64 F.3d 470, 473 (9th Cir. 1995) ............................................................................ 10, 11

**Statutes**

Cal. Code Civ. Proc. 410.10 ....................................................................................................... 8

Fed. R. Civ. Proc. 4(f) ........................................................................................................ 5, 6, 7

Fed. R. Civ. Proc. 4(f)(1) ............................................................................................................ 6

Fed. R. Civ. Proc. 4(f)(2)(A) ...................................................................................................... 6

Fed. R. Civ. Proc. 4(f)(2)(B) .................................................................................................. 5, 6

Fed. R. Civ. Proc. 4(f)(2)(C)(i) ................................................................................................... 6

Fed. R. Civ. Proc. 4(f)(2)(C)(ii) .................................................................................................. 6

Fed. R. Civ. Proc. 4(h)(2) ....................................................................................................... 5, 6

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

iii

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 11, 2008, an Affidavit of Service ("Affidavit") was filed by plaintiffs' counsel in this action. This Affidavit purports service of process on defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") by personal service in South Africa. Just like the other affidavits filed by plaintiffs' counsel in this action, as well as the related case of *Whitson v. Bumbo, et al.*, Case No. CV 07-05597, the subject Affidavit, once again, reflects plaintiffs' ineffective attempt at service on Bumbo-Pty. Bumbo-Pty brings this motion to quash service and to dismiss for insufficient service of process and lack of personal jurisdiction.

After previously claiming to have served "Bumbo Limited" in this action, plaintiffs now claim that they have successfully served Bumbo-Pty in South Africa via personal service. However, plaintiffs are *still* not in compliance with rules for service on a foreign corporation and thus, service is invalid. Plaintiffs have failed to effectively serve Bumbo-Pty, and this Court lacks personal jurisdiction over Bumbo-Pty.[1]

Due to the fact that neither personal service is *not* the proper way to serve a South African corporation under the Federal Rules of Civil Procedure, as well as the fact that Bumbo-Pty has been forced to continuously spend time and money filing motions to quash and dismiss due to the inability of plaintiffs and their counsel to follow the Federal Rules of Civil Procedure, Bumbo-Pty's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) should be granted.

---

[1] Previously in this action, plaintiffs purportedly served Mark Buchanan, an officer of Wartburg Enterprises, Inc. ("Wartburg"), a Florida corporation with its principal place of business in Texas, as "owner" for "Bumbo Limited." After Bumbo-Pty filed a motion to quash/dismiss, plaintiffs attempted service again and filed the subject Affidavit. They still have yet to withdraw the previous affidavit. It appears that plaintiffs are willing to try any number of tactics to effect service. The only tactic they have yet to try is the proper technique for actually serving a South African corporation.

1

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP                                                                                 2329_1

Further, Bumbo-Pty seeks dismissal of the action based on the absence of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Bumbo-Pty is not subject to general or specific personal jurisdiction in California.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Dylan Lamm, Mary Catherine Doherty, and Kevin Lamm, allege that on May 23, 2007, Kevin Lamm placed then six month old Dylan, into the Bumbo Baby Sitter on a table top. Plaintiffs further allege that while seated in the Bumbo Baby Sitter, Dylan fell out of the Bumbo Baby Sitter and was injured. Plaintiffs contend that the Bumbo Baby Sitter was received as a gift in May 2007, from a friend who purchased the item at a Target Store.

The Bumbo Baby Sitter is manufactured by Bumbo-Pty. Plaintiffs have named Bumbo, Bumbo Limited, Bumbo (Pty) Ltd. and Target Corporation as defendants. Plaintiffs seek to recover damages for the personal injuries Dylan allegedly sustained. ("Bumbo" and "Bumbo Limited" are non-existent entities.)

Target has appeared in this action and has not contested the Court's jurisdiction as to the claims against it and is defending the action on its merits.

As set forth in detail in an earlier motion to quash and to dismiss for insufficient service and lack of personal jurisdiction, plaintiffs made an ineffective attempt to serve Bumbo-Pty by serving the summons and complaint on Wartburg Enterprises, Inc., a corporation which is separate and distinct from Bumbo-Pty and which is not authorized to accept service of process on behalf of Bumbo-Pty. (See Amended Motion to Quash Service, Dismiss for Improper Service, scheduled for hearing on March 10, 2008, before this Court.)

Apparently recognizing that the service of the summons and complaint on Wartburg Enterprises, Inc. was ineffective, plaintiffs (while a motion to quash/dismiss is pending) have made a further improper attempt at service and improperly filed another Affidavit of Service with the Court representing that

2

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

1 service was effected on Bumbo-Pty.

2     On February 11, 2008, plaintiffs filed the subject Affidavit in this action.
3 (See Exhibit "A", attached to Declaration of Jennifer J. Johnston). The Affidavit
4 alleges that "Neil Thuynsma," an individual located at 65 Park Lane, 1 Sandton
5 Close, Block B, 2nd Floor, Sandown, South Africa, personally served Bumbo-Pty
6 with the summons and complaint in this action.[2] (*Ibid.*) Although moving party
7 does not know Mr. Thuynsma or recognize the name, Bumbo-Pty believes that the
8 address listed is that of SABMiller, a brewery located near Bumbo-Pty's corporate
9 office. (See Exhibit "B" to Johnston Decl.) In addition, it appears that
10 Mr. Thuynsma works for SABMiller, according to his Facebook profile publicly
11 displayed on the Internet. (See Exhibit "C" to Johnston Decl.)

12     Mr. Thuynsma's Affidavit of Service states that he personally delivered the
13 summons and complaint to Antoinette Wagenaar, as agent for Bumbo-Pty, at
14 Bumbo-Pty's headquarters in South Africa on January 25, 2008. On January 25,
15 2008, Ms. Wagenaar, who is employed at Bumbo-Pty's corporate headquarters in
16 Pretoria, South Africa, was informed that an unknown person was in Bumbo-Pty's
17 reception area attempting to deliver a package. Ms. Wagenaar was handed the
18 package but did not sign any documentation. Ms. Wagenaar does not believe that
19 the person delivering the package identified himself or explained the nature and
20 contents of the package. (See Declaration of Antoinette Wagenaar ("Wagenaar
21 Decl.") ¶¶ 6-14.) The person delivering the package allowed Bumbo-Pty to copy a
22 letter accompanying the package from plaintiffs' counsel containing instructions
23 relating to service. The letter states "[p]lease go to the location described above,
24 find an office setting and provide the enclosed documents to someone there.
25 Please ask for the individual's name and title/position at the company. It is fine if
26 it is simply the receptionist." (See Exhibit "A" to Wagenaar Decl.)

---

[2] An Affidavit alleging the exact same facts regarding service was filed in the *Whitson* action.

3
NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP      2329_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## ISSUES TO BE DECIDED

1. Did plaintiffs properly serve process on Bumbo-Pty, a foreign corporation, under the Federal Rules of Civil Procedure by delivering the summons and complaint to Bumbo-Pty via personal service?

2. Are there sufficient contacts between Bumbo-Pty, a South African corporation with no offices, property or employees in the United States and the state of California, to satisfy the Constitutional requirements for the exercise of personal jurisdiction over Bumbo-Pty in this venue?

## STANDARD

Federal Rule 12(b)(5) permits a challenge to the method of service attempted by plaintiffs. If a Rule 12(b)(5) motion is granted, the court may dismiss the action. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2$^d$ Cir. 1985). Where the validity of service is contested by a Rule 12 motion, the burden is on plaintiff (the party claiming proper service has been effected) to establish the validity of service. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

Under Rule 12(b)(2), a defendant may be dismissed from an action if the court determines that it does not have personal jurisdiction over the defendant. Again, although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of "minimum contacts" between defendant and the forum state. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

/ /
/ /
/ /
/ /
/ /

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

# ARGUMENT

## I

### BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFFS HAVE FAILED TO EFFECT SERVICE OF PROCESS ON BUMBO-PTY

Plaintiffs' attempted service of the summons and complaint on Bumbo-Pty was defective, and Bumbo-Pty should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

An individual defendant, or in some cases, an entire action, may be dismissed when a plaintiff fails to properly serve the summons and complaint. *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

The Federal Rules of Civil Procedure pertaining to service upon corporations provide that service made upon a foreign corporation at a place not within any judicial district of the United States must be made in any manner prescribed by Rule 4(f) for serving an individual in a foreign country, *except personal delivery under (f)(2)(C)(i)*. Fed. R. Civ. Proc. 4(h)(2) (emphasis added).

Rule 4(f) provides that:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

5

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

     (C) unless prohibited by the foreign country's law, by:

      (i) delivering a copy of the summons and of the complaint to the individual personally; or

      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3) by other means not prohibited by international agreement, as the court orders.

*Federal Rule of Civil Procedure* 4(f).

  South Africa is not a party to any international convention on service. Thus, service cannot be effected on Bumbo-Pty under Rule 4(f)(1). Therefore, it appears that plaintiffs are claiming they effected service by Rule 4(f)(2)(C)(i) (personal delivery). However, Rule 4(h)(2) specifically prohibits service on foreign corporations by personal delivery. Plaintiffs are required to serve Bumbo-Pty either under Rule 4(f)(2)(A) [method prescribed by foreign country's law for service] or (B) [as foreign authority directs in response to letter rogatory] or (C)(ii) [service by mail by clerk in manner not prohibited by the foreign country's law].

  Plaintiffs' attempted service has not complied with Rule 4(f)(2)(A) or (B) or Rule 4(f)(2)(C)(ii). First, plaintiffs have not made any attempt to obtain service by a letter rogatory. Second, plaintiffs have made no effort to serve Bumbo-Pty under the laws of South Africa. Lastly, plaintiffs have made no attempt to obtain service with the clerk's assistance in a manner not

6
NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 prohibited by the laws of South Africa. In addition, the letter from
2 plaintiffs' counsel to Mr. Thuynsma (the individual who claims to have
3 served Bumbo-Pty) provides instructions concerning service which shows
4 that plaintiffs have made no effort, whatsoever, to comply with Rule 4(f) or
5 (h). Plaintiffs' counsel merely instructs Mr. Thuynsma to "find an office"
6 and "provide the enclosed documents to someone there." Counsel further
7 states that "[i]t is fine if it is simply the receptionist." See Exhibit "A" to
8 Wagenaar Decl. Leaving a summons and complaint with "someone there"
9 falls far short of the stringent requirements of Rule 4 for service of process
10 on a foreign corporation outside of the United States.

11 Although it is defendant's contention that a letter rogatory is the only
12 legal and appropriate manner in which to serve Bumbo-Pty, plaintiffs have
13 certainly not even attempted to meet South Africa's very specific personal
14 service requirements as required by 4(f)(2)(B). See *South Africa Uniform*
15 *Rules of Court,* attached as Exhibit "D" to Johnston Decl. The rules of
16 South Africa provide that any documentation initiating proceedings shall be
17 effected by the Sheriff. Rule 4(1)(a) states:

> Service of any process of the court directed to the sheriff and subject to the provisions of paragraph (a) any document initiating application proceedings *shall be effected by the sheriff* in one or other of the following manners:
>
> (v)   in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law.

*South Africa Uniform Rules of Court,* Rule 4 (emphasis added.)

Rule 4(1)(d) further states:

> It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

7
NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

2329_1

*Ibid.*

Based upon the information contained in the Affidavit, as well as Mr. Thuynsma's Internet information, it does not appear that Mr. Thuynsma is a South African sheriff. Mr. Thuynsma failed to explain the "nature and contents" of the documents being served upon Bumbo-Pty, as required by South African law. See Wagenaar Decl., ¶10. Unless a plaintiff properly serves a defendant with a summons and complaint, the court lacks personal jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice of the complaint, nor simply naming the defendant in the caption, subjects a defendant to personal jurisdiction absent service that complies with Rule 4. *Ibid.*

Service of process should be quashed and Bumbo-Pty should be dismissed from this action due to plaintiffs' failure to properly serve the summons and complaint.

## II

## THIS COURT CANNOT EXERCISE *IN PERSONAM* JURISDICTION OVER BUMBO-PTY

There are two limitations on the court's power to exercise personal jurisdiction over a nonresident defendant: (1) the applicable state or federal personal jurisdiction statute and (2) constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). Where, as is the situation here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district sits applies. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). Because California's long-arm statute allows courts to exercise personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution, this Court need only determine whether personal jurisdiction in this case would meet the requirements of due process. *Id.;* see *Cal. Code Civ. Proc.* § 410.10.

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

The Due Process Clause mandates that a nonresident defendant must have sufficient minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986). The defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sher, supra,* 911 F.2d at 1361, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Defendant is entitled to protection from suits based on "random, fortuitous, or attenuated" contacts with the chosen forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The constitutional standard may be satisfied in one of two ways: through general jurisdiction or specific jurisdiction. The burden of showing the existence of personal jurisdiction is on the party seeking to invoke the court's jurisdiction. *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). To establish a prima facie face, plaintiff must produce admissible documentary evidence containing facts sufficient to support a finding of personal jurisdiction. *Sher v. Johnson, supra*, 911 F.2d at 1361.

A foreign defendant receives deference when determining whether the acts of the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable due to its status as a foreign company. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275-76 (6th Cir. 1998). "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indust. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

*//*

*//*

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

**A.   Plaintiffs Cannot Show That Bumbo-Pty Has the Requisite Minimum Contacts with California to Justify General Jurisdiction**

General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic and the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). If general jurisdiction exists, the court has jurisdiction over the defendant even if the cause of action is unrelated to the defendant's forum activities. *Omeluck v. Langsten Slip & Batbygerri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

Plaintiffs cannot establish sufficient minimum contacts for general jurisdiction. Bumbo-Pty is a private company which is organized under the laws of South Africa and has its principal place of business in Pretoria, South Africa. (Declaration of Johan Buitendach ("Buitendach Decl.", ¶4., attached as Exhibit "E" to Johnston Decl.) A number of facts indicate this lack of jurisdiction. For example:

- Bumbo-Pty does not now have and never has had any office, warehouse or manufacturing facility in California;
- Bumbo-Pty does not now have and never has any employees in the state of California;
- Bumbo-Pty does not now and never has had a business license in California;
- Bumbo-Pty does not now own and never has owned any real or personal property in California;
- Bumbo-Pty does not now maintain and never has maintained a bank account in California;
- Bumbo-Pty does not now have and never has had a California telephone number;
- Bumbo-Pty does not now have and never has had a mailing address in California;
- Bumbo-Pty has never paid any taxes in California;
- Bumbo-Pty has never conducted any meetings of its board of directors

10

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

- in California;
- Bumbo does not maintain a sales force in California;
- Bumbo-Pty does not now advertise and has never advertised in California;
- Bumbo-Pty does not now have and never has had any agents for service of process in California;
- Bumbo-Pty does not now and never has had any distributors in California authorized to accept service of process on behalf of Bumbo.

(*Buitendach Decl.*)

Based on the above facts, Bumbo-Pty does not have the continuous and systemic contacts courts require when determining whether the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Ziegler, supra*, 64 F.3d at 473. The absence of substantial contacts with California is sufficient for Bumbo-Pty to successfully challenge the exercise of general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

**B.     This Court Cannot Assert Specific Jurisdiction Over Bumbo-Pty**

The Ninth Circuit applies a three-part test in determining whether it may assert specific jurisdiction over a defendant:

- the defendant must perform an act or consummate a transaction within the forum, purposefully availing itself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
- the claim must arise out of or result from the defendant's forum-related activities; *and*
- the exercise of jurisdiction must be reasonable.

*Rano v. Sipa Press, Inc.*, 987 F.2d 299, 301 (9th Cir. 1993).

The determination of specific jurisdiction is a conjunctive test which "turns

11

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

on an evaluation of the nature and quality of defendant's contacts in relation to the cause of action." *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). The party asserting jurisdiction has the burden of proof once the issue is raised. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1522 (9th Cir. 1983).

"With respect to goods and services in the international marketplace, the mere placement of a product into the stream of commerce is not necessarily sufficient to establish jurisdiction." *VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.*, 83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998), citing *World-Wide Volkswagen Corp., supra,* 444 U.S. at 297-298. "Defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi Metal Ind. v. Sup. Ct.*, 480 U.S. 102, 112 (1987). "Moreover, indirect or attenuated contacts or the unilateral activity of a third party will not support the exercise of specific jurisdiction since it cannot be said that defendant purposely availed himself of the benefits of the forum." *VCS Samoa Packing Co., supra,* 83 F. Supp. 2d at 1154, citing, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

In the case of *Felix v. Bomoro Kommanditgesellschaft*, 196 Cal. App. 3d 106 (1987), the court found that "the degree to which a foreign corporation interjects itself into the forum state directly affects the fairness of subjecting it to jurisdiction. The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 115. "Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum state, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State ….." *Id*. at 116, quoting, *Asahi*

12

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1

*Metal Ind., supra,* 480 U.S. at 112.

Applying these principles to the instant case, it would be manifestly unjust to require Bumbo-Pty to defend against plaintiffs' suit in California. Bumbo-Pty is incorporated in South Africa and is not licensed to do business in California. Bumbo-Pty has no office, affiliate, subsidiary, employee, agent, bank accounts or business operations in the state. The only possible contacts that Bumbo-Pty could be said to have with California are by way of the fact that Target, a Minnesota corporation, has retail stores in California that sold the Baby Sitter. The product itself, however, is manufactured in South Africa. It was not designed specifically for the California market. In this case, the finished product was sold and distributed by Target, not Bumbo-Pty. Target is a corporation that has stores located nationwide, not just in California. Bumbo-Pty has not advertised, solicited any business, or otherwise sought to serve any particular market in this state. The extent to which Bumbo-Pty could reasonably anticipate being involved in litigation in California was minimal at best.

## CONCLUSION

By this motion, Bumbo-Pty seeks two forms of relief:

- that the ineffective attempt at service of process be quashed; and
- that any claim against Bumbo-Pty be dismissed as this Court cannot exercise personal jurisdiction over defendant.

The facts are clear: in spite of a clearly stated statute, plaintiffs' counsel insists on improperly attempting service on Bumbo-Pty and then forcing defense counsel to repeatedly file and serve motions to quash/dismiss . Bumbo-Pty has not been served in this action, has not appeared in this action and does not have <u>any</u> contacts, let alone constitutionally required minimum contacts, with this forum state.

13

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

2329_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

| | |
|---|---|
| Dated: February 21, 2008 | CONDON & FORSYTH LLP |
| | By: s/Jennifer J. Johnston |
| | ROD D. MARGO |
| | JENNIFER J. JOHNSTON |
| | Attorneys for *Specially Appearing* Defendant |
| | BUMBO (PTY) LTD. |

14

NOTICE OF *AMENDED* MOTION AND MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP

2329_1