# EXHIBIT A

## AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
Northern District of California

Case Number CV 07-04807 MHP

Plaintiff:
**Dylan Lamm, a minor by and through his guardian ad litem Mary Catherine Doherty; and Kevin Lamm**

vs.

Defendant:
**Bumbo, Bumbo Limited, Bumbo (PTY) Ltd, and Target Corporation**

For:
Jeremy R. Fietz
Edgar Law Firm
408 College Avenue
Santa Rosa, CA 95401

Received by Neil Thuynsma on the 21st day of January, 2008, to be served on BUMBO (PTY) LTD, 212 Hardy Muller Street, Rosslyn, P.O. Box 2081, Rosslyn 0200, Gauteng, South Africa.

I, Neil Thuynsma, whose business address is 65 Park Lane, 1 Sandton Close, Block B, 2nd Floor, Sandown (South Africa), being duly sworn depose and say that:

On the 25th day of January, 2008, at 11:23 am,

I served, by personally delivering a true copy of, the **Summons, Complaint, and Reassignment Order** in this matter to:

Antoinette Wagenaar, as agent for BUMBO (PTY) LTD., at:

**BUMBO (PTY) LTD, 212 Hardy Muller Street, Rosslyn, Gauteng, South Africa.**

I am competent to make this oath; I am not a party to the above-referenced cause; am not less than 18 years of age; am not interested in the outcome of the above-referenced cause; and have never been convicted of a felony or crime of moral turpitude. I hereby swear under the laws of South Africa and the United States of America that the foregoing is true and correct.

Dated: February 7, 2008

Neil Thuynsma
65 Park Lane
1 Sandton Close
Block B, 2nd Floor
Sandown (South Africa)

# EXHIBIT B

# SABMiller South Africa

65 Park Lane
Sandown
South Africa

Postal address:
PO Box 782178
Sandton 2146
South Africa
Telephone: +27-11-881-8111
Telefax: +27-11-881-8030

| | |
|---|---|
| The South African Breweries Limited | |
| | SAB Ltd Communications Manager: **Janine van Stolk** Janine.VanStolk@za.sabmiller.com |
| Communications contact | |
| | Brand sponsorships sport@castlelager.com |
| Sponsorship contact | |
| | Cape Region Corporate Affairs Manager: **Jacki Lange** jacki.lange@za.sabmiller.com Telephone: +27-21-658-7345 |
| Communications contact | |
| | East Coast Region Corporate Affairs Manager: **Shobna Persadh** shobna.persadh@za.sabmiller.co.za Telephone: +27-31-910-1111 |
| Communications contact | |
| | People Resourcing Visit www.sabcareers.co.za **Sharon du Plessis** sharon.duplessis@za.sabmiller.com Telephone: +27 11 881 8181 |
| Human Resources Contact | |

http://www.sabmiller.com/sabmiller.com/en_gb/Global+Tools/Contacts/SABMiller+South...   2/13/2008

# EXHIBIT C

Facebook | Search                                                                 Page 1 of 1

Profile edit    Friends    Networks    Inbox                    home  account  privacy  logout

Found one match.

**Search**

**Applications**  edit
   Groups
   Photos
   Events
   Marketplace
   Which country are you?
more

Name: **Neil Thuynsma**
Networks: SABMiller
South Africa

Send Message
Poke Him!
View Friends
Add to Friends

Facebook © 2008        Advertisers  Businesses  Developers  About Facebook  Terms  Privacy  Help

ttp://www.facebook.com/s.php?k=100000080&id=585249133                      2/13/2008

-5-

# EXHIBIT D

**UNIFORM RULES OF COURT**

RULES REGULATING THE CONDUCT OF THE PROCEEDINGS OF THE SEVERAL PROVINCIAL AND LOCAL DIVISIONS OF THE HIGH COURT OF SOUTH AFRICA

**4      Service**

(1)(a) Service of any process of the court directed to the sheriff and subject to the provisions of paragraph (aA) any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:

(i)      By delivering a copy thereof to the said person personally: Provided that where such person is a minor or a person under legal disability, service shall be effected upon the guardian, tutor, curator or the like of such minor or person under disability;

(ii)     by leaving a copy thereof at the place of residence or business of the said person, guardian, tutor, curator or the like with the person apparently in charge of the premises at the time of delivery, being a person apparently not less than sixteen years of age. For the purposes of this paragraph when a building, other than an hotel, boarding-house, hostel or similar residential building, is occupied by more than one person or family, 'residence' or 'place of business' means that portion of the building occupied by the person upon whom service is to be effected;

(iii)    by delivering a copy thereof at the place of employment of the said person, guardian, tutor, curator or the like to some person apparently not less than sixteen years of age and apparently in authority over him;

(iv)    if the person so to be served has chosen a domicilium citandi, by delivering or leaving a copy thereof at the domicilium so chosen;

(v)     in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law;

(vi)    by delivering a copy thereof to any agent who is duly authorized in writing to accept service on behalf of the person upon whom service is to be effected;

(vii)   where any partnership, firm or voluntary association is to be served, service shall be effected in the manner referred to in paragraph (ii) at the place of business of such partnership, firm or voluntary association and if such partnership, firm or voluntary association has no place of business, service shall be effected on a partner, the proprietor or the chairman or secretary of the committee or other managing

body of such association, as the case may be, in one of the manners set forth in this rule;

(viii)   where a local authority or statutory body is to be served, service shall be effected by delivering a copy to the town clerk or assistant town clerk or mayor of such local authority or to the secretary or similar officer or member of the board or committee of such body, or in any manner provided by law; or

(ix)   if two or more persons are sued in their joint capacity as trustees, liquidators, executors, administrators, curators or guardians, or in any other joint representative capacity, service shall be effected upon each of them in any manner set forth in this rule.

[Rule 4 (1) (a) amended by GN R2410 of 30 September 1991]

(aA) Where the person to be served with any document initiating application proceedings is already represented by an attorney of record, such document may be served upon such attorney by the party initiating such proceedings.

[Para. (aA), previously para. (a)bis, renumbered by GN R2410 of 30 September 1991]

(b) Service shall be effected as near as possible between the hours of 7:00 and 19:00.

[Para. (b) amended by GN R2410 of 30 September 1991]

(c) No service of any civil summons, order or notice and no proceedings or act required in any civil action, except the issue or execution of a warrant of arrest, shall be validly effected on a Sunday unless the court or a judge otherwise directs.

(d) It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

[Subrule (1) substituted by GN R235 of 18 February 1966 and by GN R2004 of 15 December 1967]

(2) If it is not possible to effect service in any manner aforesaid, the court may, upon the application of the person wishing to cause service to be effected, give directions in regard thereto. Where such directions are sought in regard to service upon a person known or believed to be within the Republic, but whose whereabouts therein cannot be ascertained, the provisions of subrule (2) of rule 5 shall, mutatis mutandis, apply.

(3) Service of any process of the court or of any document in a foreign country shall be effected-

(a)   by any person who is, according to a certificate of-

(i) the head of any South African diplomatic or consular mission, any person in the administrative or professional division of the public service serving at a South African diplomatic or consular mission or trade office abroad;

[Sub-para. (i) substituted by GN R2004 of 15 December 1967 and by GN R2047 of 13 December 1996]

(ii) any foreign diplomatic or consular officer attending to the service of process or documents on behalf of the Republic in such country;

(iii) any diplomatic or consular officer of such country serving in the Republic; or

[Sub-para. (iii) amended by GN R2410 of 30 September 1991]

(iv) any official signing as or on behalf of the head of the department dealing with the administration of justice in that country, authorized under the law of such country to serve such process or document; or

(b) by any person referred to in sub-paragraph (i) or (ii) of paragraph (a), if the law of such country permits him to serve such process or document or if there is no law in such country prohibiting such service and the authorities of that country have not interposed any objection thereto.

(4) Service of any process of the court or of any document in Australia, Botswana, Finland, France, Hong Kong, Lesotho, Malawi, New Zealand, Spain, Swaziland, the United Kingdom of Great Britain and Northern Ireland and Zimbabwe may, notwithstanding the provisions of subrule (3), also be effected by an attorney, solicitor, notary public or other legal practitioner in the country concerned who is under the law of that country authorized to serve process of court or documents and in the state concerned who is under the law of that state authorized to serve process of court or documents.

[Subrule (4) substituted by GN R1535 of 25 July 1980]

(5) (a) Any process of court or document to be served in a foreign country shall be accompanied by a sworn translation thereof into an official language of that country or part of that country in which the process or document is to be served, together with a certified copy of the process or document and such translation.

(b) Any process of court or document to be served as provided in subrule (3), shall be delivered to the registrar together with revenue stamps to the value of R150,00 fixed thereto: Provided that no revenue stamps shall be required where service is to be effected on behalf of the Government of the Republic.

[Para. (b) substituted by GN R2021 of 5 November 1971 and amended by GN R185 of 2 February 1990, by GN R2410 of 30 September 1991 and by GN R491 of 27 March 1997]

(c) Any process of court or document delivered to the registrar in terms of paragraph (b) shall, after defacement of the revenue stamps affixed thereto, be transmitted by him together with the translation referred to in paragraph (a), to the Director-

General of Foreign Affairs or to a destination indicated by the Director-General of Foreign Affairs, for service in the foreign country concerned. The registrar shall satisfy himself that the process of court or document allows a sufficient period for service to be effected in good time.

[Para. (c) amended by GN R2410 of 30 September 1991]

(6) Service shall be proved in one of the following manners:

(a)   Where service has been effected by the sheriff; by the return of service of such sheriff;

(b)   where service has not been effected by the sheriff, nor in terms of subrule (3) or (4), by an affidavit of the person who effected service, or in the case of service on an attorney or a member of his staff, the Government of the Republic, the Administration of any Province or on any Minister, Administrator, or any other officer of such Government or Administration, in his capacity as such, by the production of a signed receipt therefor.

[Para. (b) substituted by GN R235 of 18 February 1966 and amended by GN R2410 of 30 September 1991]

(6A)(a) The document which serves as proof of service shall, together with the served process of court or document, without delay be furnished to the person at whose request service was effected.

(b) The said person shall file each such document on behalf of the person who effected service with the registrar when-

(i)     he sets the matter in question down for any purpose;

(ii)    it comes to his knowledge in any manner that the matter is being defended;

(iii)   the registrar requests filing;

(iv)   his mandate to act on behalf of a party, if he is a legal practitioner, is terminated in any manner.

[Subrule (6A) inserted by GN R1356 of 30 July 1993]

(7) Service of any process of court or document in a foreign country shall be proved-

(a)   by a certificate of the person effecting service in terms of paragraph (a) of subrule (3) or subrule (4) in which he identifies himself, states that he is authorized under the law of that country to serve process of court or documents therein and that the process of court or document in question has been served as required by the law of that country and sets forth the manner and the date of such service: Provided that the certificate of a person referred to in subrule (4) shall be duly authenticated; or

(b)   by a certificate of the person effecting service in terms of paragraph (b) of subrule (3) in which he states that the process of court or document in question has been served by him, setting forth the manner and date of such service and affirming that the law of the country concerned permits him to serve process of court or documents or that there is no law in such country prohibiting such service and that the authorities of that country have not interposed any objection thereto.

(8) Whenever any process has been served within the Republic by a sheriff outside the jurisdiction of the court from which it was issued, the signature of such sheriff upon the return of service shall not require authentication by the sheriff.

[Subrule (8) amended by GN R2410 of 30 September 1991]

(9) In every proceeding in which the State, the administration of a province or a Minister, Deputy Minister or Administrator in his official capacity is the defendant or respondent, the summons or notice instituting such proceeding may be served at the Office of the State Attorney situated in the area of jurisdiction of the court from which such summons or notice has been issued: Provided that such summons or notice issued in the Transvaal Provincial Division shall be served at the Office of the State Attorney, Pretoria, and such summons or notice issued in the Northern Cape Division shall be served at the Bloemfontein Branch Office of the State Attorney.

[Subrule (9) substituted by GN R1873 of 3 September 1982 and by GN R608 of 31 March 1989 and amended by GN R2410 of 30 September 1991]

(10) Whenever the court is not satisfied as to the effectiveness of the service, it may order such further steps to be taken as to it seems meet.

(11) Whenever a request for the service on a person in the Republic of any civil process or citation is received from a State, territory or court outside the Republic and is transmitted to the registrar of a provincial or local division in terms of subsection (2) of section thirty-three of the Act, the registrar shall transmit to the sheriff or a sheriff or any person appointed by a judge of the division concerned for service of such process or citation-

(a)   two copies of the process or citation to be served; and

(b)   two copies of a translation in English or Afrikaans of such process or citation if the original is in any other language.

[Subrule (11) amended by GN R2410 of 30 September 1991]

(12) Service shall be effected by delivering to the person to be served one copy of the process or citation to be served and one copy of the translation (if any) thereof in accordance with the provisions of this rule.

(13) After service has been effected the sheriff or the sheriff or the person appointed for the service of such process or citation shall return to the registrar of the division concerned one copy of the process or citation together with-

(a)     proof of service, which shall be by affidavit made before a magistrate, justice of the peace or commissioner of oaths by the person by whom service has been effected and verified, in the case of service by the sheriff or a sheriff, by the certificate and seal of office of such sheriff or, in the case of service by a person appointed by a judge of the division concerned, by the certificate and seal of office of the registrar of the division concerned; and

(b)     particulars of charges for the cost of effecting such service.

[Subrule (13) amended by GN R2410 of 30 September 1991]

(14) The particulars of charges for the cost of effecting service under subrule (11) shall be submitted to the taxing officer of the division concerned, who shall certify the correctness of such charges or other amount payable for the cost of effecting service.

[Subrule (14) substituted by GN R235 of 18 February 1966]

(15) The registrar concerned shall, after effect has been given to any request for service of civil process or citation, return to the Director-General of Justice-

(a)     the request for service referred to in subrule (11);

(b)     the proof of service together with a certificate in accordance with Form 'J' of the Second Schedule duly sealed with the seal of the division concerned for use out of the jurisdiction; and

(c)     the particulars of charges for the cost of effecting service and the certificate, or copy thereof, certifying the correctness of such charges.

[Subrule (15) amended by GN R2410 of 30 September 1991]

# EXHIBIT E

1  Rod D. Margo (State Bar No.: 097706)
   Jennifer J. Johnston (State Bar No.: 125737)
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
3  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
4  Facsimile:  (310) 557-1299
   Email: rmargo@condonlaw.com
5  Email: jjohnston@condonlaw.com

6  Attorneys for Defendant
   BUMBO (PTY) LTD.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 DYLAN LAMM, a minor by and            ) Case No. C 07-04807 MHP
11 through his guardian ad litem MARY    )
   CATHERINE DOHERTY; and KEVIN          ) DECLARATION OF JOHAN
12 LAMM,                                 ) NICHOLAS BUITENDACH IN
                                         ) SUPPORT OF BUMBO (PTY)
13         Plaintiffs,                   ) LIMITED'S AMENDED MOTION
                                         ) TO QUASH SERVICE, DISMISS
14     vs.                               ) FOR IMPROPER SERVICE,
                                         ) LACK OF PERSONAL
15 BUMBO, BUMBO LIMITED, BUMBO           ) JURISDICTION AND FAILURE
   (PTY) LTD; TARGET                     ) TO SERVE, AND FOR
16 CORPORATION; and Does 1 to 20,        ) SANCTIONS
                                         )
17         Defendants.                   ) Date:  March 10, 2008
                                         ) Time:  2:00 p.m.
18 _____) Place: Courtroom of the Hon.
                                                  Marilyn Hall Patel
19
       I, Johan Nicholas Buitendach, declare:
20
       1.     I am the Owner of Bumbo (Pty) Ltd. This declaration is submitted
21
   in support of Bumbo (Pty) Ltd.'s motion to dismiss for insufficient service of
22
   process and lack of personal jurisdiction. I have personal knowledge of the
23
   facts attested to in this declaration, except for those facts stated upon
24
   information and belief, and, as to those facts, I believe them to be true. If called
25
   upon to do so, I could and would competently testify to all matters contained
26
   herein.
27
       2.     Bumbo (Pty) Ltd. is a manufacturing company located in South
28
   Africa which manufactures the Bumbo Baby Sitter, an infant seat.
       3.     Bumbo (Pty) Ltd. manufacturers the Bumbo Baby Sitter pursuant

DECLARATION OF JOHAN NICHOLAS BUITENDACH
IN SUPPORT OF BUMBO (PTY) LTD.'S AMENDED
MOTION TO DISMISS

to a manufacturing agreement with a separate legal entity, which trades as Bumbo International. Bumbo International markets and distributes the Bumbo Baby Sitter to various markets world-wide.

4. Bumbo (Pty) Ltd. is a private company which has been organized under the laws of South Africa and has its principal place of business in Pretoria, South Africa.

5. Bumbo (Pty) Ltd.'s one and only manufacturing plant and its corporate headquarters are located in Pretoria, South Africa.

6. The Bumbo Baby Sitter is manufactured and assembled entirely in South Africa by Bumbo (Pty) Ltd.

7. All employees of Bumbo (Pty) Ltd. are employed at its manufacturing plant or corporate headquarters in Pretoria, South Africa.

8. All officers and directors of Bumbo (Pty) Ltd. also work and reside in South Africa.

9. Bumbo (Pty) Ltd. does not now have and never has had any office, warehouse or manufacturing facility in the states of California or Texas, or any place else in the United States.

10. Bumbo (Pty) Ltd. does not now have and never has had any employees in the states of California or Texas, or any place else in the United States.

11. Bumbo (Pty) Ltd. does not now have and never has had a business license in the states of California or Texas, or any place else in the United States, and has never been registered to do business in any place in the United States.

12. Bumbo (Pty) Ltd. does not now own and never has owned any real or personal property in the states of California or Texas, or any place else in the United States.

13. Bumbo (Pty) Ltd. does not now maintain and never has maintained a bank account in the states of California or Texas, or any place else in the

DECLARATION OF JOHAN NICHOLAS RUITENBACH IN SUPPORT OF BUMBO (PTY) LTD.'S MOTION TO DISMISS

-2-

1  United States.
2      14.    Bumbo (Pty) Ltd. does not now have and never has had a
3  California or Texas telephone number, or a telephone number in any other place
4  in the United States.
5      15.    Bumbo (Pty) Ltd. does not now have and never has had a mailing
6  address in the states of California or Texas, or any place else in the United
7  States.
8      16.    Bumbo (Pty) Ltd. has never paid any taxes in the states of
9  California or Texas, or any place else in the United States.
10     17.    Bumbo (Pty) Ltd. has never conducted any meetings of its board of
11 directors in the states of California or Texas, or any place else in the United
12 States.
13     18.    Bumbo (Pty) Ltd. does not maintain a sales force in the states of
14 California or Texas, or any other place in the United States.
15     19.    Bumbo (Pty) Ltd. does not now advertise and never has advertised
16 in the states of California or Texas, or any place else in the United States.
17     20.    Bumbo (Pty) Ltd. does not now have and never has had any agents
18 for service of process in the states of California or Texas, or any place else in
19 the United States.
20     21.    Bumbo (Pty) Ltd. does not now have and never has had any
21 distributors in the states of California or Texas, or any place else in the United
22 States, who are authorized to accept service of process on behalf of Bumbo.
23     22.    I am informed and believe that a company called Wartburg
24 Enterprises, Inc., located in Conroe, Texas, is a distributor of the Bumbo Baby
25 Sitter in Texas. Wartburg Enterprises, Inc. is not the sole distributor of the
26 Bumbo Baby Sitter in the United States.
27     23.    Bumbo (Pty) Ltd. and Wartburg Enterprises, Inc. are separate
28 companies and do not share common shareholders, officers, directors,
employees or offices.



-3-

DECLARATION OF JOHAN NICHOLAS BUITENDACH
IN SUPPORT OF BUMBO (PTY) LTD.'S MOTION TO
DISMISS

24. Wartburg Enterprises, Inc. is not authorized by Bumbo (Pty) Ltd. to accept service of process on behalf of Bumbo (Pty) Ltd.

25. I am informed and believe that Mark Buchanan, Vice President of Wartburg Enterprises, Inc., received a copy of the summons and complaint in this matter at Wartburg Enterprises, Inc.'s facility located at 12248 FM 1485, Conroe, Texas 77306.

26. Mark Buchanan is not an owner, officer, director or employee of Bumbo (Pty) Ltd.

27. Mark Buchanan is not authorized by Bumbo (Pty) Ltd. to accept service of process on behalf of Bumbo (Pty) Ltd.

28. Bumbo (Pty) Ltd. does not maintain any offices or employees at 12248 FM 1485, Conroe, Texas 77306.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16 day of January, 2008 at PRETORIA SOUTH AFRICA

_____
Johan Nicholas Buitendach

DECLARATION OF JOHAN NICHOLAS BUITENDACH IN SUPPORT OF BUMBO (PTY) LTD.'S MOTION TO DISMISS

-15-