Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem, MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>       Defendants. | Case No. CV07-4807 MHP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS**<br><br>Date:    March 10, 2008<br>Time:    2:00 p.m.<br>Place:   Courtroom of the Hon. Marilyn Hall Patel |

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1

# **TABLE OF CONTENTS**

2

Page

3

TABLE OF AUTHORITIES ................................................................. i-ii

4

INTRODUCTION ......................................................................... 1

5

ARGUMENT ............................................................................ 2

6      I.    PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH
7            THAT PLAINTIFFS HAVE PROPERLY SERVED
           "BUMBO," "BUMBO LIMITED," OR BUMBO (PTY) LTD. ........... 2

8      II.   PLAINTIFFS HAVE FAILED TO COMPLY WITH
9            RULE 4 OF THE FEDERAL RULES OF CIVIL
           PROCEDURE TO EFFECT SERVICE OF PROCESS
10          ON BUMBO (PTY) LTD.. ................................................. 4

11     III.  PLAINTIFFS HAVE FAILED TO ESTABLISH A
           LEGAL JUSTIFICATION FOR FILING PROOFS OF
12          SERVICE AND SEEKING DEFAULTS AGAINST
           NON-EXISTENT ENTITIES.. ............................................. 7

13     IV.  PLAINTIFFS HAVE FAILED TO ESTABLISH FACTS
14          SUFFICIENT TO SUPPORT AN ASSERTION OF
           PERSONAL JURISDICTION OVER BUMBO( PTY) LTD... .......... 8

15     V.   PLAINTIFFS SANCTIONABLE CONDUCT RELATES
           NOT TO HER CONFUSION ABOUT THE "BUMBO"
16          ENTITIES BUT TO HER COUNSEL'S ATTEMPT TO
           OBTAIN DEFAULT JUDGMENT AGAINST NON-
17          RESIDENT ENTITIES WHOM THEY KNOW TO BE
           REPRESENTED BY COUNSEL.. ......................................... 10

18

CONCLUSION .......................................................................... 11

19

20

21

22

23

24

25

26

27

28

i

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

# TABLE OF AUTHORITIES

2 **Cases**                                                                      **Page(s)**

3  *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.*
4       1991 WL 2729273 ...................................................................7, 8, 9

5  **Statutes**

6  Fed. R. Civ. Proc. 4(f).................................................................................5

7  Fed. R. Civ. Proc. 4(f)(1).............................................................................6

8  Fed. R. Civ. Proc. 4(f)(2)(A) .......................................................................6

9  Fed. R. Civ. Proc. 4(f)(2)(B) ........................................................................6

10 Fed. R. Civ. Proc. 4(f)(2)(C)(i).....................................................................5

11 Fed. R. Civ. Proc. 4(h)(2) ........................................................................5, 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ii

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# INTRODUCTION

Defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") hereby files its reply to plaintiffs' opposition to defendant's motion to quash service and dismiss on various jurisdictional grounds.  Instead of addressing the substantive issues in Bumbo-Pty's motion, including the open and obvious service issues, plaintiffs attempt to pull a "bait and switch" by arguing meaningless claims that are not at issue in order to distract the court's attention from the problem at hand.  First, plaintiffs claim that Bumbo-Pty has somehow "misrepresented" its relationship with one of its distributors via representations made on a website which led to "confusion" in service.  This argument does not ring true when one considers that the party purportedly served at the address of this distributor does not exist. Next, plaintiffs fail to address any of the current and factually similar case law cited in defendant's moving papers to support its argument that the court lacks personal jurisdiction over Bumbo-Pty.  Instead, plaintiffs cites only *one* case with a completely inapposite fact pattern in an attempt to discredit defendant's argument. Finally, in spite of the fact that plaintiffs and their counsel have completely disregarded not only the rules of civil procedure, but any rules of professional courtesy by *knowingly* and *continuously* filing improper proofs of service, plaintiffs seek sanctions against moving party.  Apparently seeking to quash service of process against a non-existent party who was never served constitutes taking a "hyper-aggressive" position in the matter.  See *Plaintiffs' Opposition to Motion to Set Aside Default ("Opposition"),* p. 14, line 22.

Plaintiffs are trying their best to "back door" Bumbo-Pty into this lawsuit by attempting ineffective, sloppy and improper service on non-existent entities on multiple occasions and then forcing defendant to spend time and money filing motions to quash/dismiss.  Not once has plaintiffs' counsel ever attempted to contact counsel for Bumbo-Pty to discuss the service issues and, in fact, has

1

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

refused to respond to defense counsel's attempts to do so.  It appears that plaintiffs'
counsel would instead prefer to attempt to "wear down" counsel to the point where
Bumbo-Pty tires of insisting that rules of civil procedure be followed in this case.
Based upon statute and case law, the default taken in this case should be
overturned and the case should be dismissed as against Bumbo-Pty.  Further, due
to the unprofessional and vexatious tactics of plaintiffs and their counsel, sanctions
should be awarded in the amount of $10,716.

**ARGUMENT**

**I**

**PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH**

**THAT PLAINTIFFS HAVE PROPERLY SERVED "BUMBO,"**

**"BUMBO LIMITED," OR BUMBO (PTY) LTD**

Plaintiffs attempt to put up a "smoke screen" by alleging that
their "confusion" over statements made on a website led them to believe that
Wartburg Enterprises, Inc. ("Wartburg") was some sort of "Bumbo-related entity",
which, in turn, led to service on a non-existent entity at Wartburg's address in
Conroe, Texas.  However "confusing" the plaintiff may have found the various
alleged "representations" cited in her opposition, the irrefutable facts regarding
service in this action remain as follows:

- Summons and complaint were served on Wartburg in Conroe, Texas.
- Wartburg is not "Bumbo," "Bumbo Limited," or "Bumbo (Pty) Ltd.";
- Wartburg is also not "Bumbo International" which has not been named as a defendant in this action;
- Wartburg is an entirely separate company, incorporated under the laws of Florida, with its principal place of business located in Conroe, Texas;
- Wartburg is not now, nor has it ever been, authorized to accept service

2

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

of process on behalf of any Bumbo entity;

- The Bumbo Baby Sitter is manufactured by Bumbo-Pty in South Africa;

- Bumbo International markets and sells the Bumbo Baby Sitter;

- Wartburg is merely an on-line distributor of the Bumbo Baby Sitter in the U.S.

- Wartburg purchases the Bumbo Baby Seats and then distributes them via an on-line business Wartburg conducts in the U.S. from its facility in Conroe, Texas.

- For a brief time, Wartburg was given authority to communicate with the Consumer Product Safety Commission (CPSC) on behalf of Bumbo-Pty concerning the recall by the CPSC.

- Wartburg set up a website, http://www.bumbosafety.com to respond to inquiries regarding the recall. In addition, consumers were also directed to download new warning labels for the Baby Sitter.

- Wartburg incorrectly stated on their website that the Bumbo Baby Sitter was manufactured by Bumbo International.

- Wartburg also listed the name "Bumbo International" next to Wartburg's address in Conroe, Texas on the website in spite of the fact that Bumbo International does not now and never has had an office or address in Conroe, Texas.

See *Declarations of Johan Nicholas Buitendach in Support of Motion to Set Aside Default and in Support of Reply* ("*Buitendach Decls.*")

Plaintiffs have not presented any evidence to support their allegation that Wartburg is the same company as Bumbo-Pty or an agent for service of process. However, in contrast, Bumbo-Pty has presented two sworn affidavits from Johan

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1  Nicholas Buitendach, the owner of Bumbo-Pty which unequivocally state that

2  Wartburg is a separate entity from Bumbo-Pty and is not an agent for service of

3  process. *Ibid.*

4      Further, plaintiffs' "confusion" concerning the Bumbo entities does not

5  justify improper service. Plaintiffs appear to argue that they were confused about

6  the "Bumbo entities" due to certain statements made on the website set up by

7  Wartburg and that their confusion validates their improper service. Confusion,

8  justified or not, does not validate improper service. Even if plaintiffs were

9  confused and believed that Bumbo International had an office in Conroe, Texas,

10  she does not explain why they have claimed to have served an entirely different

11  defendant "Bumbo Limited", at the address in Conroe, Texas.[1]

12      Service of process requirements must be strictly enforced and plaintiffs have

13  the burden of ensuring that a defendant is properly named and served in a lawsuit.

14  Plaintiffs' attempts at service have failed to comply with the rules and have been

15  sloppy and ineffective, at best.

16  **II**

17  **PLAINTIFFS HAVE FAILED TO COMPLY**

18  **WITH RULE 4 OF THE FEDERAL RULES OF CIVIL**

19  **PROCEDURE TO EFFECT SERVICE OF PROCESS**

20  **ON BUMBO (PTY) LTD**

21      Bumbo-Pty is a corporation organized under the laws of South Africa with

22  its principal and *only* place of business in South Africa.[2]  Since Bumbo-Pty is

23  located in South Africa, service of process can *only* be effected by following Rule

24

---

25  [1] Similarly, in the related case of *Whitson v. Bumbo*, Case No. C 07-5597 MHP, plaintiff claims service at this same address in Conroe, Texas for "Bumbo," another non-existent entity.

26  [2] Interestingly, plaintiff now claims in her opposition that she has effected service on Bumbo

27  (Pty) Ltd. in South Africa. Plaintiffs, however, have, once again, failed to effect proper service and their recent attempt at service is the subject of yet another motion to dismiss set for hearing on March 24, 2008.

28  4

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1    4 of the Federal Rules of Civil Procedure.

2    Plaintiffs have unequivocally failed to comply with Rule 4. The

3    Federal Rules of Civil Procedure pertaining to service upon foreign

4    corporations provide that service shall be made upon a domestic or foreign

5    corporation at a place not within any judicial district of the United States, in

6    any manner prescribed by Rule 4(f) for serving an individual, **except**

7    **personal delivery under (f)(2)(C)(i).** *Fed. R. Civ. Proc.* 4(h)(2). Rule 4(f)

8    provides that:

9

10          Unless federal law provides otherwise, an individual -
             other than a minor, an incompetent person, or a person

11          whose waiver has been filed - may be served at a place

12          not within any judicial district of the United States:

13          (1) by any internationally agreed means of service that is
             reasonably calculated to give notice, such as those

14          authorized by the Hague Convention on the Service

15          Abroad of Judicial and Extrajudicial Documents;

16          (2) if there is no internationally agreed means, or if an
             international agreement allows but does not specify other

17          means, by a method that is reasonably calculated to give

18          notice:

19              (A) as prescribed by the foreign country's law for
                 service in that country in an action in its courts of

20              general jurisdiction;

21              (B) as the foreign authority directs in response to a

22              letter rogatory or letter of request; or

23              (C) unless prohibited by the foreign country's law, by:

24                  (i) delivering a copy of the summons and of the

25                  complaint to the individual personally; or

26

27

28

                                        5

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

*Federal Rule of Civil Procedure 4(f)*

As South Africa is not a party to any international convention on service, service under Rule 4(f)(1) cannot be effected. Further, Rule 4(h)(2) clearly states that personal service on a foreign corporation is not considered good service. Thus, plaintiffs are required to serve Bumbo-Pty either under Rule 4(h)(2)(A) or (B).

Although it is defendant's contention that a letter rogatory under Federal Rule 4(h)(2)(A) is the only legal and appropriate manner in which to serve Bumbo-Pty, plaintiffs have certainly not even attempted to comply with South Africa's very specific personal service requirements as required by Federal Rule of Civil Procedure 4(h)(2)(B). See *South Africa Uniform Rules of Court,* attached as Exhibit "A" to *Declaration of Jennifer J. Johnston in Support of Reply ("Johnston Decl.")* Rule 4(1)(a) states:

> Service of any process of the court directed to the sheriff and subject to the provisions of paragraph (aA) any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:
>
> (v)     in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law.

*South Africa Uniform Rules of Court,* Rule 4.

Rule 4(1)(d) further states:

6

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1

> It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

*Ibid.*

Plaintiffs and their counsel have failed to offer any explanation of their blatant disregard of Rule 4 of the Federal Rules of Civil Procedure. This especially holds true in light of their knowledge that other attorneys with lawsuits against Bumbo-Pty were following Rule 4. See *Johnston Decl.*, ¶ 4. Plaintiffs must not be rewarded for their continuous and blatant disregard of the basic rules of civil procedure.

### III

### PLAINTIFFS HAVE FAILED TO ESTABLISH A LEGAL JUSTIFICATION FOR FILING PROOFS OF SERVICE AND SEEKING DEFAULTS AGAINST NON-EXISTENT ENTITIES

Plaintiffs have named three alleged Bumbo entities as defendants: "Bumbo," "Bumbo Limited," and Bumbo (Pty) Ltd. Of these, only Bumbo (Pty) Ltd. is a viable entity. "Bumbo" and "Bumbo Limited" do not exist.

Plaintiffs argue that Bumbo-Pty has no standing to contest service on "Bumbo Limited" because Bumbo-Pty was not served. Plaintiffs assert that they served "Bumbo Limited," which they admit, "may not even exist." See *Opposition*, p. 1, line 9.

Under these circumstances, it is unclear why plaintiffs filed a proof of service on a non-existent entity. At best, it would appear to be a sloppy and ineffective attempt at service. In any case, Bumbo-Pty would be remiss in simply ignoring the proof of service and subsequent default taken against "Bumbo" as plaintiffs argue is the proper course of conduct.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV

## PLAINTIFFS HAVE FAILED TO ESTABLISH FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL JURISDICTION OVER BUMBO (PTY) LTD

Plaintiffs argue that Bumbo-Pty "completely misses the mark in its analysis of personal jurisdiction." *Id.* at p. 9, line 4. Plaintiffs then quote extensively from this court's decision in *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.*, 1991 WL 2729273 (N.D. Cal.)  Counsel remarks that somehow Bumbo-Pty missed the "all fours" opinion of the court in its legal research. *Opposition* at p. 9, lines 10-11.

*Seltzer* deals with an action pursuant to section 43(a) of the Lanham Act, alleging unfair competition by means of false or deceptive advertising.  In *Seltzer*, defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) was denied.  However, the facts in *Seltzer* vary greatly from the case at hand.

The *Seltzer* action stemmed from a voluntary recall of Perrier bottled water in the United States after certain bottles were found to obtain trace amounts of benzene.  Plaintiff alleged that since Perrier was marketed as "naturally sparkling," this advertising was false and misleading in violation of the Lanham Act.  In this case, the court found that Great Waters of France ("GWF"), a Connecticut corporation, was created to serve as defendant's exclusive exporter and distributor of Perrier in the United States.  This was found to be part of an American initiative by defendant concentrating on certain geographical areas, including the state of California, since these areas represented nearly two-thirds of American consumption.  Further, it was found that California was a key segment of defendant's mineral water market.  Moreover, "out of the total dollar volume of $118 million for Perrier water sold in the United States in 1989, five hundred

8

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1    thousand dollars ($500,000) of those sales were generated by San Francisco

2    County alone." The court found that "[t]hese facts do not evidence simply a 'mere

3    awareness' on the part of Source Perrier that certain bottles of Perrier water were

4    swept into California by the stream of commerce. Instead, they evidence an intent

5    to channel that stream, and to shape it and ensure its growth." *Seltzer Sister*

6    *Bottling Co., Inc.*, 1991 WL 279273 at *6.

7        Unlike the *Seltzer* case, there has been no showing that Bumbo-Pty

8    focused on the California market. Bumbo-Pty did not create a company to serve as

9    its distributor in California, or anywhere else in the United States. Wartburg is an

10   entirely separate entity from Bumbo-Pty. In fact, Wartburg is not even

11   Bumbo-Pty's sole distributor in the United States. As plaintiffs themselves point

12   out in their Opposition, Bumbo (Pty) Ltd. has numerous distributors world-wide.

13   See *Exhibit "D" to Declaration of Jeremy R. Fietz in Support of Opposition.*

14       Without repeating the same arguments from defendant's original motion to

15   set aside the default, the pertinent facts have not changed: Bumbo (Pty) Ltd. has

16   taken no action to purposely avail itself of the California market; Bumbo (Pty) Ltd.

17   has no offices, agents, or distributors in California; Bumbo (Pty) Ltd. has no

18   address or telephone number in California; Bumbo (Pty) Ltd. has no real property

19   in California. Further, unlike the finding in *Seltzer*, there is not a shred of evidence

20   that Bumbo (Pty) Ltd. intended to focus its marketing and sales in California.

21   There has been no representation made that there was a higher percentage of sales

22   in California than in any other state. Further, plaintiffs have not shown that

23   Bumbo-Pty had *any* role in marketing and distribution in California.

24       Plaintiffs' representation that the *Seltzer* case is analogous to the case

25   at hand is not enough to make it so; the facts are inapposite and the holding is not

26   relevant to the case at hand.

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

9

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## V.

**PLAINTIFFS' SANCTIONABLE CONDUCT RELATES NOT TO HER CONFUSION ABOUT THE "BUMBO" ENTITIES BUT TO HER COUNSEL'S ATTEMPT TO OBTAIN DEFAULT JUDGMENT AGAINST NON-RESIDENT ENTITIES WHOM THEY KNOW TO BE REPRESENTED BY COUNSEL**

Plaintiffs' counsel's arguments about when Bumbo-Pty knew about the lawsuit, as well as their "confusion" regarding the location of Bumbo-Pty for service purposes are red herrings designed to distract the court's attention from their unprofessional conduct.

First, plaintiffs' opposition does not address why they refused to provide, and continue to refuse to provide, counsel for Bumbo-Pty with information concerning when and how they purportedly attempted service, despite numerous requests.

More disturbing is the fact that plaintiffs' opposition also does not address why they took a default in this action without giving any notice to Bumbo-Pty's counsel. As discussed in defendant's moving papers, counsel for Bumbo-Pty repeatedly requested information from plaintiffs' counsel regarding their purported service. Plaintiffs' counsel refused to provide any information whatsoever. See *Declaration of Jennifer J. Johnston in Support of Amended Motion to Set Aside Default*, ¶¶ 6-14. Instead, counsel chose to surreptitiously pursue a default against "Bumbo" rather than properly effect service, or, at the very least, warn counsel before pursuing default.

Bumbo-Pty's counsel made similar requests for information to attorneys representing plaintiffs in other actions against Bumbo (Pty) Ltd. and Bumbo International. These attorneys, unlike plaintiffs' counsel in the case at hand, have cooperated, provided the information requested and have refrained

10

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1  from seeking any improper defaults.  These attorneys acknowledge that there are

2  service requirements they must follow.  These attorneys have *not*

3  attempted to bring Bumbo (Pty) Ltd. or Bumbo International into their lawsuits by

4  making improper attempts of service on non-existent entities and then seeking

5  defaults against these same improper entities.  See *Johnston Decl.*, ¶3.

6        The actions of plaintiffs and their counsel cannot and should not be

7  condoned.  As discussed in defendant's moving papers, these actions amount to

8  precisely the type of sanctionable conduct contemplated by Section 1927 of the

9  United States Code.  Plaintiffs and their counsel have unreasonably and

10  Vexatiously multiplied the proceedings and Bumbo-Pty should be awarded

11  sanctions of $10,716.

## CONCLUSION

13        Plaintiffs have served an unrelated entity on behalf of an entity which does

14  not exist.  Bumbo-Pty has not been served in this action, has not appeared in this

15  action and does not have <u>any</u> contacts, let alone constitutionally required minimum

16  contacts, with the forum state of California.  Further, plaintiffs and their counsel

17  are solely responsible for the costs, expenses and attorneys' fees reasonably

18  incurred due to their unreasonable and unnecessary conduct.  Bumbo-Pty hereby

19  requests that the summons issued to "Bumbo Limited" be quashed, and Bumbo-Pty

20  be dismissed from this action.  Defendant further seeks $10,716 in sanctions from

21  plaintiffs and their counsel for their unprofessional and bad faith conduct.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1

1

Dated: February 25, 2008                    CONDON & FORSYTH LLP

2

3                                           By: _____

4                                                ROD D. MARGO
                                                 JENNIFER J. JOHNSTON
5
                                            Attorneys for *Specially Appearing*
6                                           Defendant
                                            BUMBO (PTY) LTD.
7

8

9

10

11

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
QUASH SERVICE, DISMISS FOR IMPROPER SERVICE,
LACK OF PERSONAL JURISDICTION AND FAILURE TO
SERVE AND FOR SANCTIONS
CASE NO.: CV07-4807 MHP

2410_1