Donald S. Edgar, Esq. (State Bar No. 139324)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
Rex Grady, Esq. (State Bar No. 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA  95401
Telephone: (707) 545-3200
Facsimile:   (707) 578-3040

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | CASE NO.:CV 07-04807 MHP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S MOTION TO QUASH AND MOTION TO DISMISS**<br><br>Date:         **March 24, 2008**<br>Time:        **2:00 p.m.**<br>Place:       **Courtroom of the Honorable Marilyn Hall Patel** |

## I. BUMBO-PTY HAS BEEN SERVED

Plaintiffs retained a South African citizen to serve the summons and complaint upon Bumbo (Pty) Ltd. (hereafter Bumbo-Pty) at its corporate office in South Africa. After effecting personal service upon the company, Plaintiff filed an Affidavit of Service executed by the process server, Neil Thuynsma. Bumbo-Pty then filed a motion to quash service alleging that "Contrary to plaintiff's Affidavit, Byumbo-Pty appears to have received the summons and complaint by DHL International and not by personal service as alleged". Bumbo-Pty has now withdrawn that argument and filed an Amended Motion to Quash in which Bumbo-Pty acknowledges that the documents were personally served upon their representative. In fact, Bumbo-Pty has filed a Declaration in which Bumbo-Pty's representative admits that she was personally served with the documents. Now, Defendant's argues that the personal service of their corporate representative at the company's one and only place of business is still not good enough. Their arguments are neither consistent with either the letter of Federal Rule of Civil Procedure, Rule 4, nor the spirit of Rule 4 (f). Finally, defendant argues, again, that it ought be dismissed and that this Court holds no jurisdiction over it. While these issues have been fully briefed before the Court pursuant to earlier motions to quash, Plaintiff repeats and reiterates herein, the basis for the Court's jurisdiction in this case.

## II. BUMBO-PTY HAS BEEN SERVED CONSISTENT WITH THE LETTER AND INTENT OF F.R.C.P. RULE 4(f)

Defendant correctly quotes the Federal Rule of Civil Procedure Rule 4(f):

> Unless federal law provides otherwise, an individual... may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notices, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>     (B) as the foreign authority directs in respons to a letter rogatory or letter of request; or
>     (C) unless prohibited by the foreign country's law, by;
>         (i) delivering a copy of the summons and of the complaint to the individual personally....
> (3) by other means not prohibited by international agreement, as the court orders.

Defendant acknowledges that South Africa is not a party to an international treaty. Defendant also correctly points out that service may be effected by either a manner consistent with South African law; or some other manner not prohibited by international treaty. Plaintiff herein contends service consistent with South African law. Apparently Defendant's defense to this contention is based upon the fact that the process was served by someone other than a Sheriff. Interestingly, the defendant cites no case law or other judicial opinion of the Court's of South Africa to support their allegation that service must be accomplished by a sheriff. Indeed, the photocopy of the "Uniform Rules of Court" apparently used by South Africa explicitly recognize that service could be effected by someone other than a Sheriff. "It shall be the duty of the sheriff **or other person serving the process or documents**...." Rule 4 (1)(d) attached to the Declaration of Jennifer Johnston as Exhibit D. It seems reasonable, then, to assume that others may effect service. In this case it appears that South African law is very similar to US law in that it requires delivery of "a copy to a responsible employee thereof at its registered office or its principal place of business...." Rule 4 (1)(a)(v) attached to the Declaration of Jennifer Johnston as Exhibit D. Defendant has already acknowledged that the process was personally delivered and received in such a manner.[1]

The clear intent of Rule 4 (f) is that in the absence of an international treaty, that process be served in a reasonable manner to effect actual and meaningful notice. Service beyond that which has been already effected is naught more than a wasteful exercise.

### III. THIS COURT MAY FASHION AN ORDER REGARDING SERVICE IN THE MANNER THAT HAS ALREADY BEEN EFFECTED

In the alternative, Plaintiff respectfully requests that the Court fashion its own manner of effective service pursuant to F.R.C.P. Rule 4(f)(3). Plaintiff respectfully submits that there are not international agreements that would prohibit the service of Bumbo-Pty in the manner that has been effected. As a result, the Court could order that service be effected by personal service at the defendant's primary place of business. It is respectfully requested that the Court enter such order

---

[1] Defendant complains that the process server did not explain the nature of the documents, but does not cite any legal authority that such failure is enough to quash the service.

and then find that service has indeed been effected so that the Court and the parties hereto can move forward with this litigation.

## IV. BUMBO-PTY IS SUBJECT TO PERSONAL JURISDICTION

As discussed in previous motions before this Court, Bumbo-Pty completely misses the mark in its analysis of personal jurisdiction. The moving papers contain almost no discussion of the specific jurisdiction analysis that has been the cornerstone of determining jurisdiction in cases such as these. Instead, defendant pretends that the biggest factors at play in this case are the lack of Bumbo-Pty offices or personnel within California.

The parties need look no further than the opinion of this very Court in *Seltzer Sister Bottling Co., Inc., v. Source Perrier, S.A.* 1991 WL 279273 (N.D. Cal.), for a thorough analysis of the factors to be considered by the Court. (Somehow, defendant missed the "all fours" opinion of this Court in its legal research.) As discussed below, for many of the same reasons this Court denied the defendant's motion in the *Seltzer* case, Bumbo-Pty's motion ought also be denied.

As discussed by the Court:

> California's long arm has a broad reach; jurisdiction can be asserted 'on any basis not inconsistent with the Constitution of this state or of the United States.' Cal.Civ.P.Code§410.10 (West 1973) Courts have uniformly interpreted this statute to provide for the assertion of jurisdiction up to the limits of federal constitutional due process. (citations omitted). Id at 2.

One basis of long-arm jurisdiction that has developed from good judicial sense over the past 100 years is the "stream of commerce" theory:

> Under a stream of commerce analysis, where a foreign manufacturer injects its product in to the stream of commerce, that manufacturer may be subject to jurisdiction in states where its product is sold. Id at 3-4.

As noted by this Court, the Ninth Circuit has developed a three-prong test to determine when the assertion of specific jurisdiction comports with the requirements of due process:

> (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; (3) the exercise of jurisdiction must be reasonable. *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.*

1991 WL 279273, *5 (N.D.Cal.) (N.D.Cal.,1991); citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990).

We shall examine each factor in turn.

**A.    First Prong:  Purposeful Availment**

As discussed by the Court:  Plaintiff must prove that the defendant:

> has engaged in some affirmative conduct allowing or promoting the transaction of business within California. *Id.* at 381.[FN7] The defendant need not be physically present in the forum to have purposely availed itself of the privilege of transacting business there. *Id.* at 382. Instead the policy reasons behind this requirement should always be kept in mind. ""This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts ..."" *Id.* at 381. *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991 WL 279273, *5 (N.D.Cal.) (N.D.Cal.,1991) citing *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990).

The *Seltzer* opinion goes on to describe the distinction between the concurring opinions in *Shute*. This Court pointed out that Justice O'Connor required some additional conduct by the defendant demonstrating an intent to serve the forum state's market before a court could find purposeful availment. *Id.* Additional conduct included:

> designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, **or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State**. Id at 5-6.

On the other hand, according to the concurring opinion of Justice Brennan ""mere awareness" that a product is being marketed in a particular state is a sufficient basis for the constitutional assertion of personal jurisdiction." Id. at 5-6. As was noted by the Court in *Seltzer*, while we can recognize the distinction between these two opinions, the result in this case is the same under both standards.

It is plain to see that even under Justice O'Connor's higher standards, Bumbo-Pty purposefully availed itself of the California marketplace for its product. In fact, Bumbo-Pty has

purposefully availed itself of the market throughout the United States. Like *Seltzer*, this case is no *Asahi*.[2] There was no fluke or coincidence that brought Bumbo-Pty's product into California.

The following are exact quotes from the official, South African, Bumbo-Pty website:

"Major Customers
USA
...
Target Corporation
Wartburg Enterprises Inc."[3]

"The Bumbo Seat is being used extensively by therapists and in Early Childhood Intervention (ECI) programs around the USA."[4]

"Memberships: JPMA accredited Member USA"[5]

"UNITED STATES OF AMERICA – Granted Patent Application Number 6626487"[6]

"Since the introduction of the product in 2003 in the US market the warnings and packaging was acceptable. Due to the investigation of the CPSC it has only now become evident that changes are necessary.....
For this reason **we have voluntarily removed all Bumbo Baby Seats from the shelves of retailers in the USA and placed it back into inventory**. We are currently busy changing the party photo, add an additional warning on the product and reprinting the instruction leaflet to include changes as recommended by the CPSC before it will be returned to the retailers' shelves. In addition to this, owners of the Bumbo Baby Seat can **visit our website,**

---

[2] *Asahi Metal Industries Co. v. Superior Court of California*, 480 U.S. 102 (1987). In *Asahi* the Court found against specific personal jurisdiction because of highly coincidental nature of how the product came to be used within the Court's geographic boundaries.

[3] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

[4] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

[5] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

[6] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

5    OPPOSITION TO MOTION TO QUASH/DISMISS    CASE NO. 07-04807 MHP

**www.bumbosafety.com,** to download copies of the warning and the altered instruction leaflets."[7]

It could not be more clear than that it is Bumbo-Pty's explicit intent to capture the market throughout the United States (which obviously includes its largest single market of California). It is noteworthy that the distributer defendant in this case, Target, "operates approximately 1,500 stores in 47 states… ".[8] Obviously, Bumbo-Pty enjoys the benefits of having such a prolific distributor and retail operator within California and the rest of the United States.

The United States government, Consumer Product Safety Commission reports that there are "About 1 million" Bumbo seats that have been sold in the U.S.. (Interestingly they report "Bumbo International, of South Africa" as the manufacturer.) The government also reports the following as sellers of the Bumbo seat: "Target, Wal-Mart, Sears, Toys R Us, Babies R. Us, USA Babies and various other toy and children's stores nationwide, and various online sellers, from August 2003 through October 2007 for about $40."[9]

As this Court noted, in quoting the Supreme Court:

"Hence if the sale of a product of a manufacturer ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer ... to serve the market for its product ... it is not unreasonable to subject it to suits in one of those states...." *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991 WL 279273, *7 (N.D.Cal.) (N.D.Cal.,1991); citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

There can be no credible argument to oppose the clear fact that Bumbo-Pty has purposefully availed itself of the enormous consumer buying power in the California market.

---

[7] Excerpts from the official Bumbo website are attached to the Declaration of Jeremy R. Fietz as Exhibit D.

[8] See official Target Website at: http://sites.target.com/site/en/corporate/page.jsp?contentId=PRD03-001085

[9] Excerpts from the CPSC website are attached to the Declaration of Jeremy R. Fietz as Exhibit E.

### B. Second Prong: Arising Out Of

The second prong of the *Shute* analysis requires that the plaintiff's claim arise out of defendant's forum-related activities. As discussed by the Court in *Seltzer*, the Ninth Circuit has adopted a "but for" test for analysis under this prong. See *Seltzer, supra,* at page 7. Under the 9th Circuits "but for" analysis it is clear that plaintiff's cause of action would not exist "but for" Bumbo-Pty's contacts with the forum. See *Seltzer, supra,* at page 7.

### C. Third Prong: Reasonableness

The final prong of the analysis is a determination of whether it is "reasonable" for the Court to assume jurisdiction over the defendant. The *Shute* court provides a seven factor balancing test for the purpose of determining reasonableness. The *Seltzer* opinion, again, provides helpful guidance. In similar fashion, the factors will be analyzed in turn:

1) **Purposeful Interjection**: This factor is closely related to purposeful availment. (See *Seltzer, supra* at 8.) As it is clear that Bumbo-Pty has purposefly directed its activities towards the California (and indeed the entire US) market. This factor weighs heavily in favor of jurisdiction.

2) **Burden on Defendant:** This factor takes into account any special burden that might be placed on a foreign defendant. In this case, it is already shown that Bumbo-Pty is a sophisticated company that has conducted legal business with US companies. Litigating in this forum should provide no overarching burden. It is also worth noting that one need only type "Bumbo lawsuit" in Google to see many attorneys advertising lawsuits against Bumbo here in the United States.

3) **Conflict with sovereignty of South Africa**: This factor considers whether any existing law in South Africa would conflict with the laws governing liability in this case? Bumbo-Pty has made no such showing.

4) **Forum State's Interest in Adjudication:** Here, as in *Seltzer*, it is clear that California has a strong interest in adjudicating disputes involving its citizens: "It is well settled that states have a strong interest in protecting their citizens from the 'tortious acts of others." *Seltzer, supra* at 8, citing *Shute supra.*

5) **Efficient Judicial Resolution**: Lamm is a PI case arising out of an injury to a California resident occurring here in California. The related *Whitson* case is a class action case. As was discussed in *Seltzer*:

> The physical and financial burdens placed upon plaintiffs if they are forced to prosecute their suit in [South Africa] would be substantial, if not insurmountable. Furthermore, [Defendant] has not established that an equivalent class action mechanism exists under [South African] law, nor that there are fora that could interpret and apply law that is idiosyncratic to the United States. *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.* 1991 WL 279273, *9 (N.D.Cal.) (N.D.Cal.,1991)

6) **Convenience and Effectiveness of Relief**: In this case, the presence of Target as a defendant does not lessen the import of having Bumbo-Pty answer for its own liability. While Target is a major distributor of Bumbo-Pty's product, it is, by far, not the only one. This case seeks relief that cannot be accomplished by Target's liability alone.

7) **Existence of Alternative Forum**: This factor considers whether the foreign jurisdiction would provide a forum for the plaintiffs case and the relief sought. In this case, there is no showing by Bumbo-Pty that the legal system of South Africa would provide a forum for California residents to obtain relief.

Upon balancing these factors it is clear that assertion of personal jurisdiction over Bumbo-Pty is reasonable. (Nor should it shock Bumbo-Pty to be sued in California – one of the largest world markets they clearly and purposefully put themselves in.)

## VI. CONCLUSION

Plaintiff respectfully submits that Bumbo-Pty has been served and the *Seltzer/Shute* analysis makes clear that the Court has jurisdiction over Bumbo-Pty. Plaintiff requests an order denying defendant's motion.

Dated: March 3, 2008

                                           **EDGAR LAW FIRM**

                                           By: _/s/ Jeremy R. Fietz_
                                                    Jeremy R. Fietz, Esq.