1  Rod D. Margo (State Bar No.: 097706)
   Jennifer J. Johnston (State Bar No.: 125737)
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
3  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
4  Facsimile: (310) 557-1299
   Email: rmargo@condonlaw.com
5  Email: jjohnston@condonlaw.com

6  Attorneys for *Specially Appearing* Defendant
   BUMBO (PTY) LTD.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  DYLAN LAMM, a minor by and            )  Case No. CV07-4807 MHP
    through his guardian ad litem, MARY   )
12  CATHERINE DOHERTY; and KEVIN          )  **REPLY TO PLAINTIFFS'**
    LAMM,                                 )  **OPPOSITION TO DEFENDANT**
13                                        )  **BUMBO (PTY) LTD'S *AMENDED***
           Plaintiffs,                    )  **MOTION TO QUASH SERVICE**
14                                        )  **AND DISMISS FOR**
        vs.                               )  **INSUFFICIENT SERVICE OF**
15                                        )  **PROCESS AND LACK OF**
    BUMBO, BUMBO LIMITED, BUMBO           )  **PERSONAL JURISDICTION**
16  (PTY) LTD.; TARGET                    )
    CORPORATION; and DOES 1 to 20,        )
17                                        )
           Defendants.                    )  Date:   March 24, 2008
18                                        )  Time:   2:00 p.m.
                                          )  Place:  Courtroom of the Hon.
19                                        )          Marilyn Hall Patel
                                          )
20  _____ )

21

22

23

24

25

26

27

28
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561V.2                                              Doc. #2561v2

1

# TABLE OF CONTENTS

2
<u>Page</u>

3    TABLE OF AUTHORITIES ............................................................................ii

4    INTRODUCTION ........................................................................................ 1

5    ARGUMENT................................................................................................ 2

6    I.    PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT
           PLAINTIFFS HAVE PROPERLY SERVED BUMBO (PTY) LTD. . 2
7
8    II.   PLAINTIFFS HAVE FAILED TO COMPLY WITH RULE 4 OF THE
           FEDERAL RULES OF CIVIL PROCEDURE TO EFFECT SERVICE
           OF PROCESS ON BUMBO (PTY) LTD...........................................4
9
10   III.  THE DOCTRINE OF INTERNATIONAL COMITY PROVIDES
           THAT THE INTEREST OF SOUTH AFRICA IN SERVICE OF
           PROCESS INSIDE ITS BORDERS SHOULD BE PARAMOUNT..7
11
12   IV.   PLAINTIFFS HAVE FAILED TO ESTABLISH FACTS
           SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL
           JURISDICTION OVER BUMBO (PTY) LTD...................................9
13

14   CONCLUSION............................................................................................ 10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C<small>ONDON</small> & F<small>ORSYTH</small> LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

i

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

1

# TABLE OF AUTHORITIES

2

**Cases**            **Page(s)**

3

*Hartford Fire Ins. Co. v. California,*
    509 U.S. 764, 798 (1993) ............................................................... 8

4

5

*Seltzer Sister Bottling Co., Inc. v. SourcePerrier, S.A.,*
    1991 WL 2729273 (N.D. Cal.) ................................................. 9, 10

6

7

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. Of Iowa,*
    482 U.S. 522, 539-40 (1987) ......................................................... 8

8

9

10

*Volkswagenwerk Akiengesellschaft v. Schlunk,*
    486 U.S. 694, 700 (1988) ............................................................... 8

11

12

13

**United States Statutes and Rules**

14

Fed. R. Civ. Proc. 4(f) ................................................................... 4, 5

15

Fed. R. Civ. Proc. 4(f)(1) .................................................................. 5

16

Fed. R. Civ. Proc. 4(f)(2)(A) ............................................................ 6

17

Fed. R. Civ. Proc. 4(f)(2)(B) ............................................................ 6

18

Fed. R. Civ. Proc. 4(f)(2)(C)(i) ........................................................ 4

19

Fed. R. Civ. Proc. 4(f)(3) ................................................................. 6

20

Fed. R. Civ. Proc. 4(h)(2) ................................................................ 6

21

22

23

**South African Statutes and Rules**

24

United African Uniform Rules, Rule 4(1)(a) ....................................... 7

25

26

27

28

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

ii

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# INTRODUCTION

Defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") hereby files its reply to plaintiffs' opposition to defendant Bumbo (Pty) Ltd's amended motion to quash and motion to dismiss (the latter hereinafter "Opposition"). Instead of addressing the open and obvious service issues in Bumbo-Pty's amended motion, plaintiffs are attempting to "back door" Bumbo-Pty into this lawsuit by claiming effective service on Bumbo-Pty or, failing that, asking the Court to override and negate the applicable rules of service.

Plaintiffs have the burden of proof to establish that they have effected service of the summons and complaint on Bumbo-Pty and have failed to meet it. Plaintiffs quite simply have failed to serve Bumbo-Pty, a South African company, in a way that is consistent with U.S. and South African law and are now asking the Court to ratify plaintiffs' deficient service by saying, "Gosh, it ought to be okay." Accordingly, the Court should not accept plaintiffs' invitation because plaintiffs made absolutely no effort to effect service properly on Bumbo-Pty, a foreign company with its headquarters and manufacturing site outside the U.S. The Court should reject such an invitation to mischief at the expense of basic procedural law with which all litigants are expected to comply.

Based also on the plaintiffs' irregularly attempted service on a non-existent entity that is the subject of the hearing scheduled on March 10, 2008, and taken under submission, it appears that plaintiffs' counsel would instead prefer to attempt to "wear down" Bumbo-Pty to the point where Bumbo-Pty tires of insisting that all applicable rules of civil procedure be scrupulously followed. Based upon plaintiffs' repeated unwillingness to follow the most fundamental rules in service of process against a non-U.S. company and plaintiffs' repeated failure to establish personal jurisdiction of Bumbo-Pty in this matter, this action should be dismissed

1

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

in its entirety as against Bumbo-Pty.

## ARGUMENT

## I

## PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH
## THAT PLAINTIFFS HAVE PROPERLY SERVED BUMBO (PTY) LTD.

Service of process requirements must be strictly enforced so that all litigants are on an equal playing field.  In objecting to a motion to quash service, plaintiffs have the burden of assuring the Court that a defendant has been properly served in a lawsuit.  Plaintiffs' attempt at service here has failed to comply with the most fundamental rules and is fatally ineffective.  Realizing this, their opposition misstates both U.S. and South African law, and plaintiffs provide no support for their erroneous interpretation that it is "reasonable, then, to assume that others [rather than just the sheriff under South African law]" may effect service.  (*See* Opposition, at pg. 2, line 11.)

Curiously, plaintiffs try to shift the burden back onto Bumbo-Pty by arguing that Bambo-Pty's motion did not cite case law in support its allegation that service in South Africa must be accomplished by a sheriff, *see id.*, pg. 2, lines 5-7, although they seem to admit the South African Uniform Rules of Court (hereinafter "South African Uniform Rules") provide exactly that.  (*See* South African Uniform Rules attached as Exhibit "A" to Declaration of Jeffrey M. Bortz in Support of Reply to Plaintiff's Opposition to Defendant Bumbo (Pty) Ltd's Amended Motion to Quash and Motion to Dismiss (hereinafter "Bortz Declaration"), referenced at para. 3 therein; and Exhibit "B" to Declaration of Jennifer J. Johnston in Support of Reply to Plaintiffs' Opposition to Defendant Bumbo (Pty) Ltd's Amended Motion to Quash Service and Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (hereinafter "Johnston

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

2

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

1  Decl."), referenced at para. 3 therein.)

2      At the outset it may be observed that lack of case law addressing a specific

3  rule promulgated by the Chief Justice of South Africa and expressly made

4  applicable to all proceedings in South Africa does not demonstrate that the rule is

5  so variable that anything goes but shows, rather, that no reasonable person would

6  dispute the plain meaning of such a clearly articulated rule.

7      Even though Bumbo-Pty does not have the burden of proving service was

8  not made, Bumbo-Pty nonetheless has obtained a declaration from a South African

9  practitioner with forty-years' experience practicing before South African courts.

10  This declarant is not counsel to any party in this action and was not made familiar

11  with the factual background of the claims made in this case or with how plaintiffs

12  attempted to serve Bumbo-Pty.  (*See* Bortz Decl., para. 1.)

13      As this declarant makes clear, the South African Uniform Rules provide that

14  only the sheriff or a specifically designated representative from his office may

15  effect personal service of any process on a company defendant.  (*See* Bortz Decl.,

16  para. 5.)  The sheriff cannot accept judicial documents for service from a private

17  litigant but must be expressly directed to effect service only by the court with

18  jurisdiction in the geographical district in which the South African company is

19  registered or has its principal office, and thus a plaintiff has the obligation to make

20  a formal request of the responsible court to so direct the sheriff.  (*See* Bortz Decl.,

21  paras. 6 and 9)  The sheriff must not only personally deliver the copy of the

22  process but must also inform the "responsible employee" of the company to be

23  served of the "nature and contents" of the document(s) to be served, as evidenced

24  by an affidavit returned by the sheriff.  (*See* Bortz Decl., paras. 7 and 8.)

25  Absolutely none of this was done by plaintiffs here; rather, they merely asked an

26  employee (who was neither a sheriff nor specifically designated by the local

27

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

28

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

sheriff) of a company nearby to walk over a copy of the summons and complaint and merely left it with the first person he saw.

In a further desperate act to mislead the Court, the Declaration of Jeremy R. Fietz, in Support of Plaintiff's Opposition to Defendant Bumbo (Pty) Ltd's Motion to Quash and Motion to Dismiss, attached copies of e-mail messages from plaintiffs' counsel to Bumbo-Pty but can point to no reply from any Bumbo-Pty representative, despite Mr. Fietz's claim that there are "emails between" plaintiffs' counsel and Bumbo-Pty.  Plaintiffs' latest representation to this Court, even if it were based on fact as it is not, is unavailing, because service by electronic means such as by e-mail or facsimile or letter under these circumstances is simply not valid service under South African law.  (*See* Bortz Decl., para. 4.)

## II

## PLAINTIFFS HAVE FAILED TO COMPLY
## WITH RULE 4 OF THE FEDERAL RULES OF CIVIL
## PROCEDURE TO EFFECT SERVICE OF PROCESS
## ON BUMBO (PTY) LTD.

Bumbo-Pty is a company organized under the laws of South Africa with its principal and *only* place of business in South Africa.   Since Bumbo-Pty is located in South Africa, service of process can *only* be effected by following Rule 4, which is captioned "Service," of the South African Uniform Rules.  (*See* Bortz Decl., para. 3.)

In claiming they have effected service, plaintiffs have further and unequivocally failed to comply with Rule 4 of the Federal Rules of Civil Procedure (hereinafter "FRCP" or "Fed. R. Civ. P.").  The FRCP pertaining to service upon foreign corporations provide that service shall be made upon a domestic or foreign

4

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2                                                                    Doc. #2561v2

corporation at a place not within any judicial district of the United States, in any manner prescribed by FRCP 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i). (*See* Fed. R. Civ. Proc. 4(h)(2).) In relevant part, FRCP Rule 4 specifically provides as follows:

> Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) *as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction*;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) *unless prohibited by the foreign country's law*, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

5

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Fed. R. Civ. P. 4(f).  (Emphasis added.)

2        South Africa is not a party to the only relevant international convention on

3    service, the Hague Service Convention.  (*See* the Status Table of the Hague Service

4    Convention attached as Exhibit "A" to Johnston Decl., referenced at para. 2

5    therein; Bortz Decl., para. 2.)  Thus, service under FRCP Rule 4(f)(1) cannot be

6    effected.  Further, FRCP Rule 4(h)(2) clearly states that personal service on a

7    foreign corporation is not considered good service.  Plaintiffs are required to serve

8    Bumbo-Pty either under FRCP Rule 4(f)(2)(A) or (B).

9        Although it is defendant's contention that a letter rogatory under FRCP Rule

10   4(f)(2)(A) is the only legal and appropriate manner in which to serve Bumbo-Pty,

11   plaintiffs have certainly not even attempted to comply with South Africa's very

12   specific personal service requirements as required by FRCP Rule 4(f)(2)(A).

13   Indeed, plaintiffs realize this and do not even cite to the FRCP in defending their

14   attempted service.  Rather, their Opposition cites only to FRCP Rule 4(f)(3), which

15   permits the Court to craft some other means of effective service and attempts to

16   use this residual clause as authority for the Court's ignoring the clear meaning of

17   the FRCP and the South African Uniform Rules.

18       Plaintiffs also have not served the summons and complaint in compliance

19   with any order of this Court.  Instead, they seek to coopt the Court into ratifying

20   their improper service after the fact.  Plaintiffs further have made no showing of

21   any effort to comply with FRCP Rule 4(2)(A) or (B).  Instead, they blatantly

22   ignore the rules and want to invite the Court to use its plenary power to subvert and

23   negate the plain directives of the FRCP applicable to all other litigants in federal

24   court and allow plaintiffs here to proceed.  FRCP Rule 4(f)(3) clearly was not

25   intended to be so abused or absurdly interpreted, as plaintiffs will have it.

26       Simply put, plaintiffs are required to serve Bumbo-Pty, a South African

27

28

6

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2                                                    Doc. #2561v2

company, either under subsection FRCP Rule 4(f)(2)(A) [method prescribed by foreign country's law of service] or FRCP Rule 4(f)(2)(B) [as foreign authority directs in response to letter rogatory].  Plaintiffs have not attempted the letter rogatory process, despite the fact that plaintiffs' counsel in other related cases have done so and have so informed counsel for plaintiffs here.  (*See* Johnston Decl., para. 5.)  The South African Uniform Rules specifically state that service of process in South Africa on a company is effected only as follows:

> Service of any process of the court directed to the sheriff . . . any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:
>
> . . .
>
> (v) in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law.

South African Uniform Rules, Rule 4(1)(a), attached as Exhibit "A" to Bortz Decl. and as Exhibit "B" to Johnston Decl.

The law of South Africa simply does not recognize any other form of service in these circumstances on a company in South Africa to be legitimate.  (*See* Bortz Decl., para. 3.)

Plaintiffs and their counsel have failed to offer any explanation of their blatant disregard of FRCP Rule 4 and have ignored advice of plaintiffs' counsel in related cases.  Plaintiffs here should not be rewarded for their continuous and

7

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   blatant disregard of the basic rules of civil procedure, as here.

2

3                                     **III**

4   **THE DOCTRINE OF INTERNATIONAL COMITY PROVIDES THAT**

5   **THE INTERESTS OF SOUTH AFRICA IN SERVICE OF PROCESS**

6   **INSIDE ITS BORDERS SHOULD BE PARAMOUNT.**

7          The U.S. Supreme Court has invoked comity as a central rationale, the

8   justification and the model, for its decisions involving foreigners in U.S. litigation.

9   *See, e.g.*, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.

10  Ct. 2104, 2108, 100 L. Ed. 2d 722, 731 (1988) ("we almost necessarily must refer

11  to the internal law of the forum state" to find a service of process standard if a

12  treaty "does not prescribe" it); *Societe Nationale Industrielle Aerospatiale v.*

13  *United States Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 539-40, and n.

14  25, 107 S. Ct. 2542, 2553, and n. 25, 96 L. Ed. 2d 461, 481 and n. 25 (1987)

15  (holding that compliance with the Hague Evidence Convention is mandatory not

16  optional because of comity).  In *Aerospatiale*, the Supreme Court observed that the

17  substantial question in that case was whether "there is in fact a true conflict

18  between domestic and foreign law."  *Société Nationale Industrielle Aérospatiale,*

19  *supra*, 482 U.S. at 555, 107 S. Ct. at 2562, 96 L. Ed. 2d at 491 (1987); *see also*

20  *Hartford Fire Ins. Co. v. California*,  509 U.S. 764, 798, 113 S. Ct. 2891, 2910,

21  125 L. Ed. 2d 612, 640 (1993) (citing *Aerospatiale* for same).

22          Even assuming *arguendo* that plaintiff's form of service could be excused

23  under the FRCP if attempted on a domestic entity, the refusal of South Africa to

24  countenance less than sufficient service under the South African Uniform Rules

25  means that this Court should defer to the South African law under the doctrine of

26  international comity.  A U.S. court should not reward plaintiffs for their continuous

27                                                        8

28  REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
    BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
    SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
    PROCESS AND LACK OF PERSONAL JURISDICTION
    CASE NO.: CV07-4807 MHP                                          Doc. #2561v2
    2561v.2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  and blatant disregard of the law of the country wherein Bumbo-Pty is located, as

2  here, because such disregard of another sovereign's law would unnecessarily and

3  adversely affect the foreign relations between the two national governments.

4  / /

5  / /

6  / /

7  / /

8  / /

9                                              **IV**

10       **PLAINTIFFS HAVE FAILED TO ESTABLISH FACTS**

11    **SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL**

12            **JURISDICTION OVER BUMBO (PTY) LTD.**

13            Plaintiffs argue that Bumbo-Pty "completely misses the mark in its

14  analysis of personal jurisdiction." (Opposition, at pg. 3, lines 4-5.) Plaintiffs then

15  quote extensively from this court's decision in *Seltzer Sister Bottling Co., Inc. v.*

16  *SourcePerrier, S.A.*. 1991 WL 2729273 (N.D. Cal.) Counsel remarks that

17  somehow Bumbo-Pty missed the "all fours" opinion of the court in its legal

18  research. (Opposition, at pg. 9, lines 11-12.)

19            The court in *Seltzer* addressed an action pursuant to section 43(a) of the

20  Lanham Act, alleging unfair competition by means of false or deceptive

21  advertising. In *Seltzer*, defendant's motion to dismiss for lack of personal

22  jurisdiction under FRCP Rule 12(b)(2) was denied. However, the facts in *Seltzer*

23  vary greatly from the case at hand.

24            The *Seltzer* action stemmed from a voluntary recall of Perrier bottled water

25  in the United States after certain bottles were found to obtain trace amounts of

26  benzene. The plaintiff there alleged that since Perrier was marketed as "naturally

27

28

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP                                    Doc. #2561v2
2561v.2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 sparkling," this advertising was false and misleading in violation of the Lanham

2 Act. The *Seltzer* court found that Great Waters of France, a Connecticut

3 corporation, was created to serve as defendant's exclusive exporter and distributor

4 of Perrier in the United States. This was found to be part of an American initiative

5 by defendant concentrating on certain geographical areas, including the state of

6 California, since these areas represented nearly two-thirds of American

7 consumption. Further, it was found that California was a key segment of

8 defendant's mineral water market. Moreover, "out of the total dollar volume of

9 $118 million for Perrier water sold in the United States in 1989, five hundred

10 thousand dollars ($500,000) of those sales were generated by San Francisco

11 County alone." The *Seltzer* court found that "[t]hese facts do not evidence simply

12 a 'mere awareness' on the part of Source Perrier that certain bottles of Perrier

13 water were swept into California by the stream of commerce. Instead, they

14 evidence an intent to channel that stream, and to shape it and ensure its growth."

15 *Seltzer Sister Bottling Co., Inc.,* 1991 WL 279273 at *6.

16 Unlike the *Seltzer* case, there has been no showing here that Bumbo-Pty

17 focused on the California market. Bumbo-Pty did not create a company to serve as

18 its distributor in California, or anywhere else in the United States.

19 Without repeating the same arguments from defendant's original motion to

20 set aside the default originally scheduled to be heard on March 10, 2008, and now

21 taken under submission, the pertinent facts have not changed: Bumbo (Pty) Ltd.

22 has taken no action purposely to avail itself of the California market; Bumbo (Pty)

23 Ltd. has no offices, agents, or distributors in California; Bumbo (Pty) Ltd. has no

24 address or telephone number in California; Bumbo (Pty) Ltd. has no real property

25 in California. Further, unlike the finding in *Seltzer*, there is not a shred of evidence

26 that Bumbo (Pty) Ltd. intended to focus its marketing and sales in California.

27

28

10

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2

1    There has been no representation made that there was a higher percentage of sales

2    in California than in any other state.  Further, plaintiffs have not shown that

3    Bumbo-Pty had *any* role in marketing and distribution in California.

4         Plaintiffs' representation that the *Seltzer* case is analogous to the case

5    at hand is not enough to make it so; the facts are inapposite and the holding is not

6    relevant here.

7                                    **CONCLUSION**

8         Plaintiffs argue that even if they did not follow either U.S. or South African

9    law of service, it should make no difference.  They invite the Court to collude with

10   them in nullifying the law governing service that all other litigants in federal court

11   must follow, as set forth in the FRCP.

12        The Court should reject plaintiffs' self-serving invitation.  Bumbo-Pty has

13   not been served in this action, has not appeared in this action and does not have

14   any contacts, let alone constitutionally required minimum contacts, with the forum

15   state of California.

16        Bumbo-Pty accordingly hereby requests that the summons and complaint

17   hand-delivered by an individual not designated by the local sheriff, and thus

18   insufficient under South African law, be quashed, and Bumbo-Pty be dismissed

19   from this action.

20

21   Dated:  March 10, 2008          CONDON & FORSYTH LLP

22

23                                   By: s/Jennifer J. Johnston
                                         ROD D. MARGO
24                                       JENNIFER J. JOHNSTON

25                                       Attorneys for *Specially Appearing*
                                         Defendant
26                                       BUMBO (PTY) LTD.

27                                                           11

28   ─────────────────────────────
     REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
     BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
     SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
     PROCESS AND LACK OF PERSONAL JURISDICTION
     CASE NO.: CV07-4807 MHP
     2561v.2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Doc. #2561v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

12

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-4807 MHP
2561v.2

Doc. #2561v2