1  DONALD S. EDGAR (State Bar No. 139324)
   JEREMY R. FIETZ (State Bar No. 200396)
2  Email: jeremy@classattorneys.com
   EDGAR LAW FIRM
3  408 College Avenue
   Santa Rosa, California 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiffs
6

7  GAIL C. TRABISH, ESQ. (#103482)
   BOORNAZIAN, JENSEN & GARTHE
8  A Professional Corporation
   555 12th Street, Suite 1800
9  P. O. Box 12925
   Oakland, CA 94604-2925
10 Telephone: (510) 834-4350
   Facsimile: (510) 839-1897
11
   Attorneys for Defendant
12 TARGET STORES, a division
   of Target Corporation
13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18

19 DYLAN LAMM, a minor by and through his      CASE NO.  07-04807 MHP
   guardian ad litem MARY CATHERINE
20 DOHERTY; and KEVIN LAMM,                     **JOINT CASE MANAGEMENT**
                                                **CONFERENCE STATEMENT**
21              Plaintiffs,
                                                **DATE:**  May 5, 2008
22 vs.                                          **TIME:**  3:00 p.m.
                                                **DEPT:**  Ctrm. 15, 18th Floor
23 BUMBO, BUMBO LIMITED, BUMBO (PTY)            **JUDGE:** Hon. Marilyn Hall Patel
   LTD.; TARGET CORPORATION; and DOES
24 1 to 20,

25              Defendants.

26

27

28

(1)    <u>Jurisdiction and Service</u>:

Plaintiff has attempted to serve Bumbo Pty in South Africa and Texas. Bumbo PTY Limited has specially appeared to file a Motion to Quash Service and Dismiss for Improper Service, Lack of Personal Jurisdiction and Failure to Serve. An Opposition to the Motion by plaintiff and a Reply brief by Bumbo Pty has been submitted and the court has taken the matter under consideration.

(2)    A Brief Description Of The Events Underlying The Action:

The case is essentially one of product liability surrounding the safety of the Bumbo Baby Sitter – a foam seat designed to hold infants before they are strong enough to sit up on their own.

(3)    Motions:

While the Parties are not in a position to anticipate every possible pre-trial motion as they are still in a very preliminary stage in the litigation, they anticipate motions relating to discovery issues, especially as they relate to documents maintained by the unanswered Bumbo defendants.

(4)    <u>Amendment of Pleadings</u>:

Plaintiffs may amend the complaint to name Bumbo International.

(5)    <u>Evidence Preservation</u>:

Plaintiffs requested that Defendant Target preserve their data regarding their gift registry, as the Bumbo product in question was purchased at a Target store as a result of the Plaintiffs' participation in the Target gift registry. This has been done.

(6)    <u>Disclosures</u>:

The Parties have exchanged initial disclosures under Rule 26, Fed. R. Civ. Pro..

(7)    <u>Discovery</u>:

Defendant Target has propounded interrogatories and request for

-1-

1   production of documents to Plaintiffs regarding the nature and extent of injuries.

2   Defendants are also attempting to arrange for a service to copy interviews given by

3   plaintiff to the press saved on their home TIVO system.

4        (8)   <u>Related Cases</u>:

5        This case has been related to *Wendy Whitson v. Bumbo, et al.*, a class

6   action lawsuit relating to the purchase of the product.  Defendant Target has filed a

7   Motion to Dismiss certain claims in Plaintiff's complaint as failing to articulate cognizable

8   claims that are sustainable as a nationwide class action.  The court has taken this

9   motion under consideration.

10       Plaintiff has served Bumbo in Texas and thereafter filed a Notice of

11  Default.  Bumbo (Pty) Limited has specially appeared and filed a Motion to Set Aside the

12  Default, Quash Service, Dismiss for Improper Service, Lack of Personal Jurisdiction and

13  Failure to Serve, and for Sanctions. Plaintiff also served Bumbo Pty Limied in South

14  Africal.  Bumbo (Pty) Limited filed a motion to quash that service.  These motions were

15  also taken under consideration.

16       (9)   <u>Relief</u>:

17       Plaintiffs seek personal injury damages (economic and non-economic) as

18  well as injunctive relief.

19       Defendant seeks dismissal of the action and its costs of suit.

20       (10)   <u>Settlement and ADR</u>:

21       Plaintiffs and Target have agreed to mediation.

22       (11)   <u>Consent To Magistrate Judge For All Purposes</u>:

23       Plaintiff does not so consent.

24       (12)   <u>Other References</u>:

25       The Parties propose no other references at this time.

26       (13)   <u>Narrowing of Issues</u>:

27       The Parties are committed to narrowing the issues as much as possible,

28  and will meet and confer regarding same.

1        (14)    <u>Expedited Schedule</u>:

2        Given the difficulty with service of the Bumbo defendants the parties do not

3    believe expedited scheduling is appropriate.

4        (15)    <u>Scheduling</u>:

5        The parties request that scheduling of discovery and pretrial deadlines

6    should be postponed until service of the Bumbo defendants is completed and

7    appearances have been made.

8        (16)    <u>Trial</u>:

9        Plaintiffs and Target have requested a jury trial.   The Parties estimate a

10    12-15 day jury trial.

11        (18)    Disclosure Of Non-Party Interested Entities Or Persons:

12        **There are no non-party interested persons known to the Plaintiffs or**

13    **Target.**

14    DATED:  April 25, 2008                    Respectfully submitted,

15        EDGAR LAW FIRM

16

17        By: _____/s/_____

18            DONALD S. EDGAR
              JEREMY R. FIETZ

19        Attorneys for Plaintiffs

20

21    DATED:  April 25, 2008                    Respectfully submitted,

22

23

24        By: _____

25           GAIL C. TRABISH

26        Attorneys for Defendant Target

27

28

-3-

1

**CERTIFICATE OF SERVICE**
(28 U.S.C. §1746)

2

3        I am employed in the County of Alameda, State of California.  I am over the age

4    of 18 years and not a party to the within action.  My business address is 555 12th

Street, Suite 1800,     P. O. Box 12925, Oakland, California 94604-2925.

5        I am readily familiar with the business practice for collection and processing of

6    correspondence for mailing with the United States Postal Service.   On the date

7    indicated below, at the above-referenced business location, I sealed envelopes,

8    enclosing a copy of the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**,

9    addressed as shown below, and placed them for collection and mailing following

10   ordinary business practices to be deposited with the United States Postal Service on

11   the date indicated below:

12

13       Donald S. Edgar, Esq.                    **Attorneys for Plaintiffs**
         Jeremy R. Fietz, Esq.
14       Rex Grady, Esq.
         Edgar LawFirm
15       408 College Avenue
         Santa Rosa, CA  95401
16       (707) 545-3200  Phone
         (707) 578-3040  Fax
17       jeremy@classattorneys.com
         Jennifer J. Johnston, Esq.              **Attorneys for Defendant**
18       Rod S. Margo, Esq.                       **Bumbo (PTY) Ltd**
         Condon & Forsyth LLP
19       1901 Avenue of the Stars
         Suite 850
20       Los Angeles, CA 90067-6010
         310-557-2030
21       310-557-1299 (fax)
         jjohnston@condonlaw.com

22

23       I declare under penalty of perjury that the foregoing is true and correct.  Executed

24   at Oakland, California on *April 25*                , 2008.

25                                                _____

26   25131\431357                                 Alexine Braun

27

28

-4-