Donald S. Edgar, Esq. (SBN 139324)
Jeremy R. Fietz, Esq. (SBN 200396)
Rex Grady, Esq. (SBN 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, California, 95401
Tel:   (707) 545-3200
Fax:  (707) 578-3040

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | CASE NO.:CV 07-04807 MHP<br><br>**ADMINISTRATIVE MOTION REQUESTING AN ORDER DESIGNATING MANNER OF SERVICE; DECLARATION OF JEREMY R. FIETZ IN SUPPORT THEREOF; AND PROPOSED ORDER**<br><br>Complaint Filed: August 16, 2007 |

    Plaintiff respectfully requests that the Court issue an order declaring that the manner of service proposed herein will satisfy Rule 4(f)(2)(A)'s service requirements or, in the alternative, exercise its discretion pursuant to F.R.C.P. Rule 4(f)(3), and issue an order setting the manner of service of Bumbo (Pty) Ltd. in this case.

    Federal Rule of Civil Procedure Rule 4(f) states, in pertinent part, that a person may be served:

- 1 -

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
    (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(3) by other means not prohibited by international agreement, as the court orders.

Defendant, Bumbo (Pty) Ltd. has previously acknowledged that South Africa is not a party to an international treaty regarding service. As a result, the service may be effected by either service the way it would be done in South Africa or pursuant to the direction of this Court. The rules governing service of process under South African law have already been discussed by both the Defendant and the Plaintiff in this matter. (See Court's Order in this case of May 14, 2008). The general rule of service in South Africa appears to require service by a South African sheriff. In this case, however, Plaintiffs had their agent in South Africa contact several sheriffs offices to inquire about whether they would serve the papers in this matter. After some lengthy delay, their recent response was that they would not serve the papers of a foreign (U.S.) court unless directed to do so by South African legal authority. There is, however, another method of service permitted under South African law as set forth in the South African Uniform Rules of Court (and discussed by the Court in its May 14, 2008 order). In its recent Order, the Court recognized that:

paragraph (aA) states, '[w]here the person to be served with any document initiating application proceedings is already represented by an attorney of record, such document may be served upon such attorney *by the party* initiating such proceedings'.(citations omitted). Paragraph (aA), therefore, appears to create an exception to the general rule requiring service to be effected by a sheriff and allows service by a party upon an attorney of record.
-- *Court Order of May 14, 2008.*

In this matter, and the related case, Bumbo (Pty), Ltd. has been vigorously represented by the firm of Condon & Forsyth LLP (located in Los Angeles). They have filed almost innumerable motions on behalf of their client. They repeatedly and

strenuously argued that the Court did not have personal jurisdiction over their client as a South African entity. The Court, however, ultimately held that the evidence to date, when viewed through the lens of appellate jurisprudence and Federal law, supported the Court's exercise of jurisdiction over Bumbo (Pty) Ltd.. Condon & Forsyth are indeed "attorneys of record" for Bumbo (Pty) Ltd. in this matter. The provisions of the South African law regarding service do not differentiate between general and special appearances. There can be no reasonable argument that Condon & Forsyth LLP are not Bumbo's attorneys of record in this case. There is indeed a Court record in this case. According to that Court record, Condon & Forsyth LLP are Bumbo (Pty) Ltd.'s legal counsel in this matter. According to South African law, service may be performed upon the attorney of record by the party initiating the case.

In its Order, the Court recognized the ambiguity in the meaning of the phrase "by the party" – whether it means the individual person having brought the lawsuit or, as it is more commonly used, to mean the party's appointed representatives. Plaintiff respectfully submits that the phrase "by the party" should be given its common and reasonable meaning. Requiring service be effected by the plaintiffs personally seems an undue burden and not reasonably calculated to accomplish any of the goals of notice. It is worth noting that this "attorney of record" exception to the service by Sheriff, (that the Court recognized in its Order in this case) is clearly a recognition that when attorneys have gone on the record as representing a defendant in a legal proceeding, the party is obviously well aware of the lawsuit since they are already represented!!! The same is true in this case. Bumbo Pty, Ltd. has been well aware of this lawsuit for months. They have been informally provided the complaint by email, they have been personally served in South Africa at their place of business (though not by a Sheriff), and they have hired defense counsel to go on record as their counsel to file numerous motions to challenge the Court's exercise of jurisdiction.

Plaintiffs respectfully request that the Court declare that service by a professional process server upon the firm of Condon & Forsyth, attorneys of record for Bumbo (Pty), Ltd. will constitute adequate service under Rule 4(f)(2)(A). In the alternative, Plaintiff requests that the Court Order, pursuant to its power under Rule 4(f)(3), that service may be effected by a professional process server upon the firm of Condon & Forsyth, or in the alternative, service may be accomplished by any person hand delivering a copy of the Summons and Complaint to the office of Bumbo Pty, Ltd. in South Africa again.

Plaintiff has begun the more formal process of obtaining Letters Rogatory, which would likely result in the eventual service by a South African sheriff; however, Plaintiff is informed by the professional international service company that it will take several months to complete service by that method. Plaintiffs respectfully submit that no goal recognized by either U.S. or South African law will be met by requiring service by letters rogatory under the circumstances in this case. Indeed, South African law itself seems to suggest it is unnecessary in a case where a defendant has already obtained counsel and filed motions with the Court.

DATED: May 22, 2008                           Respectfully submitted,

                                              **EDGAR LAW FIRM**

                                              _____
                                              Jeremy R. Fietz, Esq

### DECLARATION OF JEREMY R. FIETZ, ESQ.

I, Jeremy R. Fietz, declare:

1. I am a partner with the Edgar Law Firm, attorneys of record for Plaintiffs in the matters of *Lamm v. Bumbo, et al.*, Case No. 07-04807 and in *Wendy Whitson v. Bumbo, et al.*, Case No. 07-05597 MHP. Unless stated upon information and belief, I

have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify thereto.

2. I am informed and believe that the offices for the Sheriffs of South Africa were contacted concerning their willingness to serve the Summons and Complaint in this matter upon Bumbo (Pty), Ltd.. I am informed and believe that the Sheriffs' offices recently responded that they would not serve the papers in this case unless directed to do so by South African legal authority. Plaintiffs have begun the process of obtaining Letters Rogatory through a professional international service of process business; however, I am informed that it will take several months to complete service by that method.

3. Pursuant to Local Rule 7-11, counsel for Plaintiffs requested that counsel for Bumbo (Pty), Ltd, in the *Lamm v. Bumbo* matter and the *Whitson v. Bumbo* matter stipulate to the relief sought in this motion. On May 21, 2008, the undersigned had a detailed conversation with attorney Chris Queally of Condon & Forsyth LLP, concerning the service issues raised by this motion. Mr. Queally informed that he was an attorney involved in this case on behalf of Bumbo (Pty), Ltd., and that they would not stipulate to the relief sought. Mr. Queally did offer to accept this administrative motion via facsimile on the same day it is to be filed.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 22st day of May, 2008 at Santa Rosa, California.

JEREMY R. FIETZ, ESQ.

**PROPOSED ORDER**

**UPON CONSIDERATION OF THE MOVING PAPERS AND ANY OPPOSITION FILED, THE COURT HEREBY ORDERS THAT:**

Service of the Summons and Complaint in this matter by personal service, by a professional process server, upon the law firm of Condon & Forsyth LLP, attorneys of record for Bumbo (Pty), Ltd., shall constitute valid service pursuant to Rule 4(f)(2)(A).

or

[Pursuant to F.R.C.P. Rule 4(f)(3) the Court hereby directs that the service of the Summons and Complaint in this matter may be effected by personal service, by a professional process server, upon the law firm of Condon & Forsyth LLP.]

or

[Pursuant to F.R.C.P. Rule 4(f)(3) the Court hereby directs that the service of the Summons and Complaint in this matter may be effected by personal service of the papers at the corporate office of Bumbo (Pty), Ltd. in South Africa.]

**IT IS SO ORDERED:**

Dated:

                                                Hon. Marilyn Hall Patel
United States District Court Judge

## PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. I served the foregoing document(s) described as:

**ADMINISTRATIVE MOTION FOR ORDER SETTING MANNER OF SERVICE**

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| GAIL C. TRABISH, ESQ.<br>BOORNAZIAN, JENSEN & GARTHE<br>555 12th Street, Suite 1800<br>P. O. Box 12925<br>Oakland, CA 94604-2925<br>Telephone: (510) 834-4350<br>Facsimile: (510) 839-1897<br><br>**Attorneys for Target Corporation** | ROD D. MARGO, ESQ.<br>CONDON & FORSYTH LLP<br>1901 Avenue of the Stars, Suite 850<br>Los Angeles, CA 90067-60102925<br>Telephone: (310) 557-2030<br>Facsimile: (310) 557-1299<br><br>**Attorneys for Bumbo Defendants** |

[X] VIA FACSIMILE TRANSMISSION:

BY TRANSMITTING THE DOCUMENTS TO THE FACSIMILE NUMBERS LISTED ABOVE WITH CONFIRMATION OF COMPLETE TRANSMITTAL.

[X] FEDERAL:

I DECLARE THAT I AM EMPLOYED IN THE OFFICE OF A MEMBER OF THE BAR OF THIS COURT AT WHOSE DIRECTION THE SERVICE WAS MADE.

I declare under penalty of perjury under the laws of the state of California, and United States of America that the above is true and correct and was executed on May 22, 2008.

_____
JEREMY R. FIETZ, ESQ.