UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem, MARY CATHERINE DOHERTY, and KEVIN LAMM,<br><br>    Plaintiffs,<br>  v.<br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD., and TARGET CORPORATION,<br><br>    Defendants.<br>_____/<br>WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD., and TARGET CORPORATION,<br><br>    Defendants.<br>_____/ | No. C 07-04807 MHP<br>No. C 07-05597 MHP<br><br>**ORDER**<br><br>**Re: Plaintiffs' Motion for Order Setting Manner of Service** |

    In an order dated May 14, 2008 the court found that it had personal jurisdiction over defendant Bumbo (Pty) Ltd. and that plaintiffs' prior service attempt was ineffective. The court ordered plaintiffs in the above captioned <u>Whitson</u> and <u>Lamm</u> actions to perfect service upon defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") within thirty (30) days of the date of the court's order. Since the court's order, plaintiffs have filed a motion requesting the court to enter an order that personal service upon Bumbo-Pty's attorneys in the instant action shall constitute valid service in accordance with the Federal Rules of Civil Procedure ("FRCP").

Plaintiffs' motion is **DENIED** at this time, but the court underscores that under FRCP Rule 4(d), a corporation such as Bumbo-Pty that is subject to service under Rule 4(f) or (h) "has a duty to avoid unnecessary expenses of serving the summons." In discharging that duty the defendant corporation may waive service in accordance with subparagraph (d)(2). Therefore, unless plaintiffs have obtained a stipulation as already proffered to defendant, plaintiffs shall comply with the requirements of that subparagraph and provide the requisite "notice and request" for waiver. Defendant shall respond in accordance with that Rule.

The parties should be mindful that the court has already determined that Bumbo-Pty is subject to the court's jurisdiction. The only question is one of adequate notice to Bumbo-Pty. The parties should also be mindful of the purpose of Rule 4(d) and of the mandate of Rule 1 of the Federal Rules of Evidence which requires that the Rules should be "administered to secure the just, speedy, and inexpensive determination of every action."

To the extent that defendant fails in its duty to avoid unnecessary expenses of serving the summons—for example, by refusing a stipulation that service upon defendant's counsel constitutes valid and effective service upon defendant, a stipulation which plaintiffs have already sought, or waiving service as provided by Rule 4(d)—the court advises defendant that the court may in its discretion, impose on the defendant expenses plaintiffs incur in accomplishing service, including attorney's fees.

Accordingly, within ten (10) days of the date of this order the parties shall submit a signed stipulation as discussed above or plaintiffs shall serve the "notice and request" as required by Rule 4(d).

IT IS SO ORDERED.

Dated: June 3, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2