1   DONALD S. EDGAR (State Bar No. 139324)
    JEREMY R. FIETZ (State Bar No. 200396)
2   Email: jeremy@classattorneys.com
    EDGAR LAW FIRM
3   408 College Avenue
    Santa Rosa, California 95401
4   Telephone: (707) 545-3200
    Facsimile: (707) 578-3040
5
    Attorneys for Plaintiffs
6

7   GAIL C. TRABISH, ESQ. (#103482)
    BOORNAZIAN, JENSEN & GARTHE
8   A Professional Corporation
    555 12th Street, Suite 1800
9   P. O. Box 12925
    Oakland, CA 94604-2925
10  Telephone: (510) 834-4350
    Facsimile: (510) 839-1897
11
    Attorneys for Defendant
12  TARGET STORES, a division
    of Target Corporation
13

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16

17

18
    DYLAN LAMM, a minor by and through his        CASE NO.   07-04807 MHP
19  guardian ad litem MARY CATHERINE
    DOHERTY; and KEVIN LAMM,                       **JOINT CASE MANAGEMENT
20                                                 CONFERENCE STATEMENT**
            Plaintiffs,
21                                                 **DATE:**    September 15, 2008
    vs.                                            **TIME:**    3:00 p.m.
22                                                 **DEPT:**    Ctrm. 15, 18th Floor
    BUMBO, BUMBO LIMITED, BUMBO (PTY)              **JUDGE:**   Hon. Marilyn Hall Patel
23  LTD.; TARGET CORPORATION; and DOES
    1 to 20,
24
            Defendants.
25

26

27

28

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO.  07-04807 MHP

(1)    <u>Jurisdiction and Service</u>:

Bumbo PTY Ltd. has not yet appeared in this action, though they have agreed to accept service of process.

(2)    <u>A Brief Description Of The Events Underlying The Action:</u>

The case is essentially one of product liability surrounding the safety of the Bumbo Baby Sitter – a foam seat designed to hold infants before they are strong enough to sit up on their own.

(3)    <u>Motions:</u>

While the Parties are not in a position to anticipate every possible pre-trial motion as they are still in a very preliminary stage in the litigation, they anticipate motions relating to discovery issues, especially as they relate to documents maintained by the unanswered Bumbo defendants.

(4)    <u>Amendment of Pleadings:</u>

Plaintiffs may amend the complaint to name Bumbo International.

(5)    <u>Evidence Preservation:</u>

Plaintiffs requested that Defendant Target preserve their data regarding their gift registry, as the Bumbo product in question was purchased at a Target store as a result of the Plaintiffs' participation in the Target gift registry. This has been done.

(6)    <u>Disclosures:</u>

The Parties have exchanged initial disclosures under Rule 26, Fed. R. Civ. Pro..

(7)    <u>Discovery:</u>

Defendant Target has propounded interrogatories and request for production of documents to Plaintiffs regarding the nature and extent of injuries. Defendant has also subpoenaed medical records from Kaiser for Dylan Lamm and Kevin Lamm. Plaintiffs are preparing discovery requests to obtain information from Target concerning the purchase of the Bumbo Sitter in question and Target's relationship with

-1-

1    Bumbo PTY Ltd.

2           (8)    Related Cases:

3           This case has been related to *Wendy Whitson v. Bumbo, et al.*, a class

4    action lawsuit relating to the purchase of the product.  Service issues in this related case

5    are identical to those here (see Number 1 above).

6           In addition, on October 30, 2007, a nationwide class action was filed

7    regarding the Bumbo Baby Sitter in Orange County Superior Court, captioned Mathison

8    et al. v. Bumbo, et al, and later removed to the Central District Court and assigned to

9    Judge David O. Carter in Santa Ana, and assigned Case Number SACV 08-00369 DOC

10   (ANx).

11          (9)    Relief:

12          Plaintiffs seek personal injury damages (economic and non-economic) as

13   well as injunctive relief.

14          Defendant seeks dismissal of the action and its costs of suit.

15          (10)   Settlement and ADR:

16          Plaintiffs and Target have agreed to mediation and Eric Danoff has been

17   assigned as mediator.   Target contends that settlement talks are premature at this time

18   given the absence of various potential defendants.

19          (11)   Consent To Magistrate Judge For All Purposes:

20          Plaintiff does not so consent.

21          (12)   Other References:

22          The Parties propose no other references at this time.

23          (13)   Narrowing of Issues:

24          The Parties are committed to narrowing the issues as much as possible,

25   and will meet and confer regarding same.

26          (14)   Expedited Schedule:

27          Given the difficulty with service of the Bumbo defendants the parties do not

28   believe expedited scheduling is appropriate.

-2-

1    (15)    <u>Scheduling</u>:

2    The parties request that scheduling of discovery and pretrial deadlines

3    should be postponed until service of the Bumbo defendants are completed and

4    appearance have been made which is expected shortly.

5    (16)    <u>Trial</u>:

6    Plaintiffs and Target have requested a jury trial.   The Parties estimate a

7    12-15 day jury trial.

8    (18)    Disclosure Of Non-Party Interested Entities Or Persons:

9    There are no non-party interested persons known to the Plaintiffs or Target

10    Respectfully submitted,

11    DATED:  September 8, 2008                    EDGAR LAW FIRM

12                                                    By:            /s/
13                                                    :    JEREMY R. FIETZ
                                                           Attorneys for Plaintiffs
14

15    DATED:  September 8, 2008              BOORNAZIAN, JENSEN & GARTHE

16                                                    By:            /s/
17                                                         GAIL C. TRABISH
                                                         Attorneys for Defendant Target
18

19

20

21

22

23

24

25

26

27

28

-3-

**CERTIFICATE OF SERVICE**
**(28 U.S.C. §1746)**

I am employed in the County of Alameda, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Donald S. Edgar, Esq.                    **Attorneys for Plaintiffs**
Jeremy R. Fietz, Esq.
Rex Grady, Esq.
Edgar LawFirm
408 College Avenue
Santa Rosa, CA  95401
(707) 545-3200  Phone
(707) 578-3040  Fax
jeremy@classattorneys.com

Jennifer J. Johnston, Esq.               **Attorneys for Defendant**
Rod S. Margo, Esq.                       **Bumbo (PTY) Ltd**
Condon & Forsyth LLP
1901 Avenue of the Stars
Suite 850
Los Angeles, CA 90067-6010
310-557-2030
310-557-1299 (fax)
jjohnston@condonlaw.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Oakland, California on September 8, 2008.

_____
Alexine Braun

25131\430811

-4-

JOINT CASE MANAGEMENT CONF. STMT. – Case No.:  C-07-04807 MHP