1 │ Frank A. Silane (State Bar No.: 90940)
  │ Jennifer J. Johnston (State Bar No.: 125737)
2 │ Christopher B. Queally (State Bar No.: 229154)
  │ CONDON & FORSYTH LLP
3 │ 1901 Avenue of the Stars, Suite 850
  │ Los Angeles, California 90067-6010
4 │ Telephone: (310) 557-2030
  │ Facsimile:  (310) 557-1299
5 │ fsilane@condonlaw.com
  │ jjohnston@condonlaw.com
6 │ cqueally@condonlaw.com

7 │ Attorneys for Defendant
  │ BUMBO (PTY) LTD.

8 │

                    UNITED STATES DISTRICT COURT

9 │

                  NORTHERN DISTRICT OF CALIFORNIA

10 │

11 │ DYLAN LAMM, a minor by and            ) Case No. CV07-4807 MHP
   │ through his guardian *ad litem*, MARY )
12 │ CATHERINE DOHERTY; and KEVIN          ) **STIPULATION AND**
   │ LAMM,                                 ) ~~*[PROPOSED]*~~ **ORDER RE**
13 │                                       ) **AMENDMENT OF COMPLAINT**
   │              Plaintiffs,              )
14 │                                       )
   │       vs.                             )
15 │                                       )
   │ BUMBO, BUMBO LIMITED, BUMBO           )
16 │ (PTY) LTD.;TARGET                     )
   │ CORPORATION; and DOES 1 to 20,        )
17 │                                       )
   │              Defendants.              )
18 │                                       )
   │ ─────────────────────────────────────

19 │
20 │       It is hereby stipulated and agreed between the parties that the plaintiff may

21 │ file an amended complaint, a copy of which is attached to this Stipulation and

22 │ Order.  The amendments to the complaint are being made for the purpose of

23 │ clarifying the pleading, and will not result in any additional discovery or delay.
24 │
25 │ The defendants will file answers to the amended complaint when it is filed.  The

26 │ / /

27 │

28 │

STIPULATION AND *[PROPOSED]* ORDER RE AMENDMENT
OF COMPLAINT
CASE NO.: CV07-4807 MHP
7180V.1

1   amendments to the answers will also not result in any additional discovery or

2   delays.

3

4        IT IS HEREBY STIPULATED BY THE PARTIES:

5   Dated:  September 21, 2009          CONDON & FORSYTH LLP

6

7                                       By: /s/Frank A. Silane
                                           FRANK A. SILANE
8                                          JENNIFER J. JOHNSTON
                                           CHRISTOPHER B. QUEALLY
9                                          Attorneys for Defendant
                                           BUMBO (PTY) LTD.
10

11  Dated: September 21, 2009           BOORNAZIAN, JENSEN & GARTHE,
                                        A.P.C.
12

13

14                                      By: /s/Gail C. Trabish
                                           GAIL C. TRABISH
15                                         Attorneys for Defendant
                                           TARGET CORPORATION
16

17  Dated:  September 21, 2009          EDGAR LAW FIRM

18

19                                      By: /s/Jeremy R. Fietz
                                           DONALD EDGAR
20                                         JEREMY R. FIETZ
                                           J. REX GRADY
21                                         Attorneys for Plaintiffs
                                           DYLAN LAMM, BY AND
22                                         THROUGH MARY CATHERINE
                                           DOHERTY: AND KEVIN LAMM
23

24  PURSUANT TO STIPULATION, IT IS SO ORDERED:

25

26  Dated:   9/23/2009

27                                      UNITED STATES
                                        HONORABLE M
28                                                            2

STIPULATION AND *[PROPOSED]* ORDER RE AMENDMENT
OF COMPLAINT
CASE NO.: CV07-4807 MHP
7180V.1

IT IS SO ORDERED
Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Donald S. Edgar, Esq. (State Bar No. 139234)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
Rex Grady, Esq. (State Bar No. 232236)
**THE EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LAMM, a minor by and through his guardian ad litem MARY CATHERINE DOHERTY; and KEVIN LAMM,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD, TARGET CORPORATION, and DOES 1 to 20,<br><br>Defendants. | **Case No.: CV 07-04807 MHP**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DYLAN LAMM (through his guardian ad litem MARY CATHERINE DOHERTY) and KEVIN LAMM, hereby submit their First Amended Complaint against Defendants, and allege as follows:

## PARTIES TO THE ACTION

1. Plaintiff DYLAN LAMM (hereinafter "Plaintiff" or collectively with other Plaintiffs as "Plaintiffs"), is a minor child, who resides now, and at all times relevant to this Complaint, in the County of Sonoma, State of California. For purposes of this action, he is represented by his mother,

MARY CATHERINE DOHERTY, who resides now, and at all times relevant to this Complaint, in the County of Sonoma, State of California.

2.    Plaintiff KEVIN LAMM (hereinafter "Plaintiff" or collectively with other Plaintiffs as "Plaintiffs") is an adult, who is also the father of Plaintiff DYLAN LAMM, and who resides now, and at all times relevant to this Complaint, in the County of Sonoma, State of California, with his wife MARY CATHERINE DOHERTY, and their son DYLAN LAMM.

3.    Plaintiffs are informed and believe, and upon such information and belief allege that Defendants BUMBO,  BUMBO LIMITED, and BUMBO (PTY) LTD. (hereinafter collectively referred to as "BUMBO") are now, and at all times herein mentioned were, companies existing under the laws of the nation of South Africa, and are domiciled in the nation of South Africa, though doing business in the State of California.

4.    Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant TARGET CORPORATION (hereinafter TARGET, or collectively with other Defendants as "Defendants") is now, and at all times herein mentioned, was a corporation existing under the laws of the State of Minnesota, and is domiciled in that State, though doing business in the State of California, including the operation of stores in Sonoma County.

5.    The true names and capacities of Defendants sued as DOES 1 through 20, inclusive, are presently unknown to Plaintiffs.  Plaintiffs are informed and believe and thereon allege that each such Defendant is in some way responsible and liable for the events or happenings alleged in this Complaint.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

6.    Plaintiffs are informed and believe and thereon allege that at all times material herein each fictitiously named Defendant, was either the true defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and

purpose of such employment and/or agency and with the permission and consent of, and their

actions were ratified by, the other Defendants.

## JURISDICTION AND VENUE

7.    Venue in and jurisdiction by the Superior Court of Sonoma County over all causes

of action asserted in this Complaint is appropriate because Plaintiffs became injured within this

County and the product causing injury was sold within this County.

8.    This Court has jurisdiction over each Defendant named in this Complaint because

each Defendant is an individual having sufficient minimum contacts with California and the County

of Sonoma so as to render the exercise of jurisdiction by this Court permissible under traditional

notions of fair play and substantial justice.  Each one of the Defendants does business within the

State of California, including in the County of Sonoma.

## GENERAL ALLEGATIONS

9.    The Defendant BUMBO, and DOES 1 through 10, are the manufacturer of a product

called the Bumbo Baby Sitter.  The Bumbo Baby Sitter is a product designed for use by infants.

Defendant BUMBO describes the product as "a revolutionary new concept...uniquely designed

according to the baby's posture to seat babies independently in an upright sitting position, from as

young as 3 months up to an age of approximately 14 months...thereby providing a snug and cozy

environment for your baby."

10.    In order to market its product, the South African based BUMBO entered into an

agency or licensing agreement with Defendant TARGET and DOES 11 through 10.  Pursuant to its

agreement with BUMBO, TARGET, and DOES 11 through 20, distribute the Bumbo Baby Sitter to

its retail stores throughout California and the United States.  The individual stores owned and

operated by TARGET then sell the Bumbo Baby Sitter to consumers through these retail stores.

11.    In May of 2007, Plaintiff KEVIN LAMM and his wife, Mary Catherine Doherty

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                                    Page 3

1  received the Bumbo Baby Sitter as a gift.  This particular Bumbo Baby Sitter had been purchased

2  by a friend at a TARGET Store in Sonoma County.

3      12.     On May 23, 2007, Plaintiff KEVIN LAMM placed his six month old infant son,

4

5  DYLAN LAM, into the Bumbo Baby Sitter.  While seated in the Bumbo Baby Sitter, DYLAN

6  LAMM fell over and out of the Bumbo Baby Sitter, striking his head and other parts of his body on

7  the ground, and thereby sustaining severe, permanent, and nearly life-terminating injuries.

8                  **FIRST CAUSE OF ACTION**

9                  **FOR STRICT PRODUCT LIABILITY**

10     13.     Plaintiffs incorporate the allegations asserted in paragraphs 1 through 12 of this

11 Complaint as though fully set forth in this First Cause of Action.

12
        14.     At all times relevant to this complaint, Defendants BUMBO, TARGET, and DOES 1
13
   through 20, inclusive, were in the business of designing, manufacturing, fabricating, marketing,
14
15 distributing, and selling the Bumbo Baby Sitter.

16     15.     Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, intended that

17 the Bumbo Baby Sitter would be used by members of the public, including Plaintiffs DYLAN

18 LAMM and KEVIN LAMM, and knew, or should have known, that members of the public,

19
   including said Plaintiffs, would use the Bumbo Baby Sitter with the expectation and belief that it
20
21 was safe for its intended use and purpose and without inspecting it for defects.

22     16.     At the time that it was used by Plaintiff DYLAN LAMM, the Bumbo Baby Sitter

23 and/or its component parts were defective, unsafe and unreasonably dangerous for their intended

24 use and purpose in that, *inter alia*:

25     (i)     the Bumbo Baby Sitter and/or its component parts, as designed, manufactured,

26             fabricated, marketed, and/or sold, failed to incorporate material or other

27             devices to make the product more stable;

28

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    Page 4

(ii)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured, fabricated, marketed, and sold, did not incorporate or permanently attach a devise or extension to make the product less prone to tipping, and less likely to permit an infant such as Plaintiff DYLAN LAMM from falling out of it, including but not limited to a seatbelt, strap, or restraint mechanism of some kind;

(iii)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured, fabricated, marketed, and sold, did not provide adequate warnings of the dangers associated with their use;

(iv)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured, fabricated, marketed, and/or sold, was defective in its warnings;

(v)    the Bumbo Baby Sitter and/or its component parts, as designed, manufactured, fabricated, marketed, and/or sold, not only failed to include adequate warnings that it could tip or cause a baby to fall from it, but actually promoted its use in ways that increased the dangers of injuries to babies caused by falling;

17.    As a direct and proximate result of the defects alleged herein, Plaintiff DYLAN LAMM was hurt in his health, strength and activity, suffered severe injury to his body, including significant brain trauma and cognitive impairment, all of which have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges these injures will result in significant future and permanent disability.

18.    As a direct and proximate result of the defects alleged herein, Plaintiff KEVIN LAMM suffered severe emotional distress. More specifically, KEVIN LAMM suffered severe emotional distress upon witnessing his son, DYLAN LAMM, fall out of the Bumbo Baby Sitter and

strike, head first, on the ground.  His emotional distress was compounded afterward upon learning of the severity of his son's injuries, and caring for his son in his efforts to assist him in overcoming the immediate effects of the injury his son sustained.

19.     By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, and each of them, are liable for, and Plaintiffs DYLAN LAMM and KEVIN LAMM are entitled to recover of them, their general, special, actual and compensatory damages, including, but not limited to, his necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial.  The total amount of Plaintiffs' damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

**SECOND CAUSE OF ACTION**

**FOR NEGLIGENCE**

20.     Plaintiffs incorporate the allegations asserted in paragraphs 1 through 19 of this Complaint as though fully set forth in this Second Cause of Action.

21.     The Legislature of this State first declared in 1871 that "everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." Ordinary care, in this State, is synonymous with reasonable care.  This standard, found in *Civil Code* § 1714, continues to be the standard of care applicable to all persons living and doing business in California.

22.     Defendants BUMBO, TARGET, and DOES 1 through 20, were each bound to uphold this duty of ordinary care in the design, manufacture, fabrication, marketing, and selling of the Bumbo Baby Sitter.

23.     Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, failed to

exercise reasonable care in its design, manufacture, fabrication, marketing, and selling of the Bumbo Baby Sitter, such that they were dangerous and defective as alleged herein.

24.     As a direct and proximate result of the defects alleged herein, Plaintiff DYLAN LAMM suffered severe injury to his body, including significant brain trauma and cognitive impairment, which has caused, and continues to cause, Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges these injures will result in significant future and permanent disability.

25.     As a direct and proximate result of the defects alleged herein, Plaintiff KEVIN LAMM suffered severe emotional distress. More specifically, KEVIN LAMM suffered severe emotional distress upon witnessing his son, DYLAN LAMM, fall out of the Bumbo Baby Sitter and strick, head first, on the ground. His emotional distress was compounded afterward upon learning of the severity of his son's injuries, and caring for his son in his efforts to assist him in overcoming the immediate effects of the injury his son sustained.

26.     By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through 20, inclusive, and each of them individually, are liable for, and Plaintiff DYLAN LAMM and KEVIN LAMM are entitled to recover from them, Plaintiffs' general, special, actual and compensatory damages, including, but not limited to, their necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs' damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

### FOR WRONGFUL INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiffs incorporate the allegations asserted in paragraphs 1 through 26 of this

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                                    Page 7

1  Complaint as though fully set forth in this Third Cause of Action.

2  28.   At the time of the incident, Plaintiff KEVIN LAMM (the father of Plaintiff DYLAN

3  LAMM) was in close proximity to the injury-producing event at the time it occurred, and in fact

4  witnessed that event, and was then aware that the event caused injury to his son DYLAN LAMM.

5

6  29.   As a direct and proximate result thereof, and of Defendants BUMBO, TARGET, and

7  DOES 1 through 20, inclusive's acts and omissions, as previously alleged, Plaintiff KEVIN LAMM

8  has suffered, and continue to suffer, great emotional disturbance and shock which caused him

9  substantial physical and mental pain and suffering.

10  30.   The injury sustained by Plaintiff KEVIN LAMM was of such a nature as to be

11  entirely foreseeable to the Defendants BUMBO, TARGET, and DOES 1 through 20, should the

12  Bumbo Baby Sitter be designed, manufactured, marketed and/or sold in a defective manner (which,

13  Plaintiffs allege, it was).

14

15  31.   By reason of the foregoing, Defendants BUMBO, TARGET, and DOES 1 through

16  20, inclusive, and each of them, are liable for, and Plaintiff KEVIN LAMM is entitled to recover

17  from them, Plaintiff's general, special, actual and compensatory damages, including, but not limited

18  to, his necessary medical and related expenses, past, present and future lost earnings, loss of future

19  earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of

20  trial.   The total amount of Plaintiff KEVIN LAMM's damages are presently unknown but is

21  reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

22

23  **FOURTH CAUSE OF ACTION FOR**

24  **INJUNCTIVE RELIEF UNDER BUSINESS & PROFESSIONS**

25  **CODE SEC. 17200**

26  32.   Plaintiffs incorporate the allegations asserted in paragraphs 1 through 31 of this

27  Complaint as though fully set forth in this Fourth Cause of Action.

28

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                           Page 8

33.     The Legislature of California has prohibited any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertizing.

34.     Unlawful acts or practices include those acts or practices that violate express statutes or regulations or common law principals.

35.     Unfair acts or practices are those the utility of which is outweighed by the harm to the alleged victim.

36.     When an unlawful or an unfair act or practice is established, the Legislature of California permits the issuing by a Court of competent jurisdiction of an injunction, to prohibit the further commission of such act or practice.

37.     As alleged in the Plaintiffs First, Second and Third Causes of Action, the Defendants have, through their various acts and omissions in connection with the design, manufacture, assembly, marketing and sale of the Bumbo Baby Sitter, breached a standard of care that exists in the law of this State, and which is affirmed in *Civil Code* § 1714, which is that all persons in this state owe a duty of ordinary care to all other persons in this State not to cause them injury. Violation of this legal duty, with resultant injury, constitutes an unlawful act.

38.     As alleged in the Plaintiffs' First, Second and Third Causes of Action, the Defendants, have through their various acts and omissions in connection with the design, manufacture, marketing and sale of the Bumbo Baby Sitter, enriched themselves unfairly.   They have sought the money of consumers in California in exchange for a product the use of which gives rise, forseeably, to injury.  Any utility to such a product is far outweighed by the harm it poses, both potential and real, to those in this State who would use it.

39.     Plaintiff DYLAN LAMM and KEVIN LAMM both suffered injuries that proximately resulted from the acts and omissions of the Defendants in violation of *Business & Professions Code* § 17200 et seq.

40.     Plaintiff seeks the issuance of an injunction to prohibit the Defendants from continuing to distribute, market and sell the Bumbo Baby Sitter within the bounds of the State of California, as permitted by *Business and Profession Code* § 17203.

41.     In the alternative, Plaintiff seeks the issuance of an injunction to prohibit the Defendants from continuing to distribute, market and sell the Bumbo Baby Sitter within the bounds of the State of California, as permitted by *Business and Profession Code* § 17203, without the placement of greater, and explicit warnings concerning its use.

42.     Furthermore, because the enjoining of this unlawful and unfair business practice of distributing, marketing and selling the Bumbo Baby Sitter would serve the best interests of the public, and thus would represent the conferring of a public benefit, and the establishing of a policy of protecting the public from a dangerous product, the Plaintiff is entitled to, and does seek, the award of reasonable attorney fees, as permitted by the common law of California, and *California Code of Civil Procedure* § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DYLAN LAMM demands judgment against Defendants as follows:

1.     For an award of his general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;

2.     For lost earnings and earning capacity, past and future, according to proof;

3.     For permanent injunctive relief prohibiting the Defendants from manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter (or in the alternative permanent injunctive relief prohibiting the

---

Defendants from manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter without greater and more explicit warnings concerning its appropriate use;

4.    For an award of attorneys' fees and costs incurred by him in maintaining this action;

5.    For such other and further relief which this Court deems just and proper.

**WHEREFORE**, Plaintiff KEVIN LAMM demands judgment against Defendants as follows:

6.    For an award of his general, special, actual and compensatory damages as proven at time of trial, with interest thereon according to law;

7.    For permanent injunctive relief prohibiting the Defendants from manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter (or in the alternative permanent injunctive relief prohibiting the Defendants from manufacturing, marketing and selling the defective and dangerous Bumbo Baby Sitter without greater and more explicit warnings concerning its appropriate use;

8.    For an award of attorneys' fees and costs incurred by him in maintaining this action;

9.    For such other and further relief which this Court deems just and proper.

Dated: September 21, 2009                **EDGAR LAW FIRM**

By:           /s/
                  Jeremy Fietz, Esq.,
                  Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2

3
Plaintiffs hereby demand trial by jury on all causes of action triable so by jury.

4

Dated: September 21, 2009                                    *EDGAR LAW FIRM*

5

6                                    By:      _____/s/_____
                                                  Jeremy Fietz, Esq.,
7                                                 Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                    Page 12